**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VICTOR NTAM,<br><br>*On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.*<br><br>Plaintiff,<br><br>v.<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**,<br><br>Defendant. | Civil Case: 1:21-cv-01583-JEB |

**DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED & SUPPLEMENTAL CLASS ACTION COMPLAINT**

Defendant Paramount Residential Mortgage Group, Inc. ("PRMG"), pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and LCvR 7, moves for a three-week extension of time to September 21, 2021 to respond to plaintiff Victor Ntam's amended & supplemental class action complaint. ECF No. 9. In support of its motion, PRMG states as follows:

### I.   BACKGROUND

Plaintiff filed his class action complaint on June 10, 2021. ECF No. 1. PRMG moved to dismiss the complaint on August 16, 2021 (ECF No. 8) and Plaintiff filed an amended & supplemental class action complaint ("Amended Complaint") on August 24, 2021. ECF No. 9. Pursuant to Fed. R. Civ. P. 15(a)(3), PRMG's response deadline is September 7, 2021. PRMG requests a three-week extension of time up to and including September 21, 2021 to file and serve its response to the Amended Complaint. The plaintiff does not take any position on the request or otherwise object to the extension request.

## II. STATEMENT OF POINTS AND AUTHORITIES

This is a putative class action lawsuit brought by a mortgage loan borrower. Plaintiff's original class action complaint alleged that PRMG violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and its implementing regulations because PRMG failed to suppress its consumer reporting on Plaintiff's residential mortgage loan in the 60 days after receiving Plaintiff's notice of error and request for information regarding PRMG's servicing of his loan. Plaintiff also claimed that PRMG failed to conduct a reasonable investigation or provide a response to his notice of error and request for information.

After PRMG moved to dismiss Plaintiff's class action complaint, Plaintiff filed his Amended Complaint on August 24, 2021. The Amended Complaint, among other things, adds a new class action claim against PRMG alleging violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* and its regulations ("TILA") because it failed to promptly credit payments from Ntam and other mortgage borrowers. *See* ECF No. 9, ¶ 4. In addition, the Amended Complaint seeks certification of a class of defendants pursuant to LCvR 23.1(A)(1) that allegedly engaged Cenlar FSB ("Cenlar") as their "private label" authorized servicing vendor and agent for the collection of their borrowers' mortgage payments and the administration and accounting of those payments on the theory that the class action defendants operate under the same policies, practices, procedures, and control and Cenlar allegedly failed to promptly credit the accounts of mortgage borrowers in violation of TILA. *Id.*, ¶¶ 71, 75. PRMG requests an extension of time so that it may investigate Plaintiff's new allegations and claims, review its files and applicable law, evaluate its potential defenses, and respond to the Amended Complaint. In addition, the undersigned will be out of the office from September 1, 2021 through September 3, 2021 for travel scheduled prior to Plaintiff's Amended Complaint.

Rule 6(b) of the Federal Rules of Civil Procedure provides that a court may extend deadlines for good cause upon motion made before the original deadline expires. Fed. R. Civ. P. 6(b). The undersigned counsel respectfully submits that the foregoing constitutes good cause for an extension of time until September 21, 2021 to file PRMG's response to the Amended Complaint. This is PRMG's first motion for extension of the deadline to respond to the Amended Complaint. Plaintiff will not be adversely affected because a scheduling order is not yet in place in this case and trial has not yet been set.

### III. CERTIFICATE OF COMPLIANCE WITH LCvR 7(m)

The undersigned certifies that he discussed this motion with counsel for Plaintiff on September 2, 2021 in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. The plaintiff does not take any position on the request or otherwise object to the extension request.

Dated: September 2, 2021

Respectfully submitted,

/s/ *Dale A. Evans Jr.*
Thomas J. Cunningham
Bar No. FL0090
tcunningham@lockelord.com
Dale A. Evans Jr.
Bar No. FL0091
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33458
Phone: (561) 833-7700

Regina J. McClendon
Bar No. CA00112
rmcclendon@lockelord.com
Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Phone: (415) 318-8810

97041686