

777 South Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
Telephone:  561-833-7700
Fax:  561-655-8719
www.lockelord.com

Dale A. Evans Jr.
Direct Telephone:  561-820-0248
Direct Fax:  561-828-7994
dale.evans@lockelord.com

February 7, 2022

The Honorable Jia M. Cobb
United States District Court, District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

**Letter Filed in Case Docket**

**Re:**   *Victor Ntam v. Paramount Residential Mortgage Group, Inc.*, **Case 1:21-cv-01583-JMC – Joint Letter Requesting Teleconference for Discovery Dispute**

Dear Judge Cobb:

Through this letter the parties jointly request court intervention to resolve a discovery dispute pertaining to the subpoena seeking documents and testimony that Plaintiff Victor Ntam ("Plaintiff") served to non-party Regulus Group, LLC ("Regulus") on or about November 30, 2021.  Defendant Paramount Residential Mortgage Group, Inc., ("PRMG") and non-party Cenlar FSB ("Cenlar"), the entity that provided sub-servicing activities on behalf of PRMG for plaintiff's loan, request a protective order excusing Regulus from having to respond to this Subpoena at this stage of the proceedings.  Plaintiff requests an order compelling Regulus to comply with the subpoena as narrowed by its counsel and Plaintiff's counsel in response to Regulus' objections now that a confidentiality order has been entered by the Court.

**I.   Parties' Good Faith Statement and Scheduling Availability (written by all counsel)**

Counsel for PRMG and Plaintiff exchanged correspondence and held a meet and confer conference call.  Despite these efforts, the parties were not able to reach an agreement and require court intervention.  The parties are available on February 8, 9, and 10 to participate in a call with the Court pertaining to this discovery dispute.

**II.   PRMG's Position (written by the undersigned Counsel for the Defendant and Cenlar FSB)**

Plaintiff, a mortgage borrower, filed an Amended and Supplemental Complaint (the "Complaint") on behalf of a putative plaintiff class.  Plaintiff sued his lender PRMG individually and on behalf of a putative defendant class.  Plaintiff brings claims under the Real Estate Settlement Procedures Act ("RESPA") and under the Truth in Lending Act ("TILA").  Plaintiff's

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

103299234v.5

central allegations are that PRMG violates RESPA by failing to suppress credit reporting in the 60 days following receipt of borrower disputes and PRMG and the putative defendant class violated TILA by failing to promptly and accurately credit mortgage payments made by Plaintiff and other borrowers. (*See* generally, ECF No. 9). Thus, the processing of payments is at the center of this case. Plaintiff also claims that PRMG improperly delegated its duties under RESPA and TILA to Cenlar. (*Id.* ¶ 4). Further, Plaintiff claims, "upon information and belief," that "Cenlar uses a sub-vendor, i.e. Regulus," to provide "outsourced billing and payment services." (*Id.* ¶ 16.c.) In other words, Plaintiff sued PRMG, claims that PRMG delegated its duties to Cenlar, and claims that Cenlar subcontracted with Regulus. Plaintiff issued a Subpoena to non-party Regulus on November 30, 2021 (the "Subpoena"), with a response date of January 4, 2022. *See* **Exhibit 1**. The Subpoena asks for a deposition of a Regulus representative and included several document requests. Among the documents requested by the Subpoena are contracts, policies, and communications between PRMG, Regulus, Cenlar and all members of the putative defendant class. Regulus served objections to all document requests on December 15, 2021. *See* **Exhibit 2**. Plaintiff agreed to extend the response deadline to meet and confer about Regulus' objections, effectively staying such deadline. While the deadline for Regulus' response was stayed, PRMG's counsel has been in consistent contact with Plaintiff's counsel regarding the Subpoena.

As shown by the affidavit of Gary Hubert, Director of Client Relationship for Regulus, Regulus did not process payments for Plaintiff. (**Exhibit 3**, *Id.* ¶¶, 2-3). Further, Regulus did not process payments for PRMG during the period relevant to the RESPA Class, the TILA Class, or the Defendant Class. (*Id.* ¶ 4). Per the Complaint, the relevant period for the "RESPA Class" is June 10, 2018 to June 10, 2021. The relevant period for the "TILA Class" and the "Defendant Class" is August 24, 2020 to August 24, 2021. (ECF No. 9, ¶¶ 54 & 71). Regulus did not process payments for PRMG or Plaintiff during those dates. (*Id.*). Thus, a protective order should be issued against the Subpoena to Regulus for several reasons. ***First***, the Subpoena to Regulus violates this Court's order (and the parties' agreement) limiting discovery at this stage of the case only to Plaintiff's individual allegations and class certification issues. (ECF No. 12, at ¶ 8, pg. 4). The discovery sought by Plaintiff's Subpoena to Regulus exceeds that limitation because it seeks documents and information that fall outside the classes that Plaintiff seeks to certify. Given that Regulus did not process payments for Plaintiff, the Subpoena to Regulus will not lead to the discovery of relevant information about Plaintiff's individual claims and is not proportional to the needs of the case. (Hubert Aff., ¶¶ 2-3). Further, the Subpoena will not lead to relevant information about the TILA or RESPA Classes. Given that Regulus did not process payments for PRMG on Cenlar's behalf during the class period, it necessarily follows that the payments of these class members were not processed by Regulus, and thus, the borrowers for which Regulus processed payments cannot be members of the RESPA and TILA Classes alleged. (*Id.* ¶ 4). Because of this critical difference, Plaintiff cannot show commonality, adequacy, and typicality as to borrowers whose payments were processed by Regulus. (ECF No. 9, ¶ 54). The same is true for the Defendant Class. Since Regulus did not process payments for PRMG during the relevant time period, Regulus has no relevant information about defendants that can be represented by PRMG. (*Id.* ¶ 4). After all, any entity for whom Regulus processed payments is *not* "similarly situated" to PRMG, is a completely different entity, and cannot be represented by PRMG. Thus, it cannot be a member of the Defendant Class. (ECF No. 9, ¶ 71). Moreover, whether Regulus

Honorable Jia M. Cobb
February 7, 2022
Page 3

processed payments for a particular putative defendant class member *and* putative plaintiff class member would require a case-by-case determination inappropriate for this current phase of discovery or class certification in general. In short, Regulus has no information about the named Plaintiff, or the named Defendant, or any information at all relevant to class certification issues. **Second**, the Subpoena to Regulus seeks trade secrets and highly proprietary business information. For instance, Plaintiff's Subpoena asks for "*All*" contracts between Regulus, PRMG, and non-party Cenlar, and all members of the putative defendant class concerning the receipt and crediting of mortgage payments. Plaintiff's Subpoena also asks for "*All*" documents related to any vendors or third-parties engaged by Regulus to perform the services Regulus provides to PRMG, and all members of the putative defendant class. This information is improper class merits discovery and also constitutes trade secrets and highly proprietary business information not only of PRMG and Cenlar, but also of Regulus, which is not a party. For all these reasons, this Court should issue a protective order excusing Regulus from responding to Plaintiff's Subpoena at this stage of the litigation.

### III.     Plaintiff's Position & Request (written by the undersigned Plaintiff's Counsel)

Plaintiff served this subpoena on November 30, 2021. PRMG and Cenlar by counsel lodged no timely objections pursuant to Rule 45(d)(2)(B) and <u>never</u> requested any extension of their deadline. Plaintiff's counsel did meet and confer with counsel then representing Regulus (i.e. Aaron Neal) on December 21, 2021 and narrowed the focus of the subpoena and agreed that once a protective order was entered the deposition and production could proceed on the narrowed scope. Only then on January 5, 2022, after the Rule 45(d)(2)(B) deadline had long passed and Regulus had reached a general understanding with Plaintiff on how to proceed, did PRMG and Cenlar interlope into Plaintiff's planned discovery. This is simply a continuing pattern by PRMG and Cenlar to try to control the order, manner, and methods of Plaintiff's discovery in this matter in violation of Rule 26(d).

Plaintiff has the burden of proving the facts necessary to certify the proposed classes in his Amended Complaint. To prevent Plaintiff from doing so PRMG and Cenlar have objected to every single discovery effort by the Plaintiff with largely, boilerplate objections including a claim that the only discovery that they believe is relevant and material is that discovery which in PRMG's or Cenlar's view is identical to Plaintiff's facts and the class periods. The scope of discovery is simply not that narrow. Relevance at this stage of the proceedings is considered broad enough to encompass any matters that bear upon or could reasonably lead to admissible evidence to support any party's claim or defense. Here, the discovery sought from Regulus relates to his claims asserted claims under the Truth in Lending Act against PRMG and the members of the putative Defendant Class for failing to promptly credit payments made by Plaintiff and others like him. Many, but perhaps not all of the members of the putative Defendant Class, utilize a vendor engaged by Cenlar, i.e. Regulus, to process such payments. The proposed deposition is intended to identify generally the systems and processes utilized by Regulus to conduct this work as it relates to the factors required by Plaintiff to satisfy Rule 23 for the TILA claims in Count II of the Amended Complaint against PRMG and the members of the Defendant Class. Such discovery will also focus upon what information will be necessary from Cenlar, the Defendant, and members of the Defendant's

Honorable Jia M. Cobb
February 7, 2022
Page 4

Class and overcome the filtered, canned objections presented thus far. It should be also noted that Regulus was identified by Plaintiff in his Amended Complaint so there is no surprise to its relevance to this matter. Plaintiff requests an order of the Court (i) overruling PRMG's and Cenlar's untimely and belated objections to his subpoena to Regulus and (ii) permitting him to proceed with an unfiltered and narrowed document production and deposition of Regulus as its counsel agreed previously.

**IV. Conclusion (written by all counsel)**

The parties appreciate the Court's assistance. Thank you.

Dated: February 7, 2022

Respectfully submitted,

*/s/ Phillip R Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD 20901
Phone (301) 448-1304
phillip@marylandconsumer.com

Brent S. Snyder
*Admitted Pro Hac Vice*
Law Office of Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
*Admitted Pro Hac Vice*
Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

*Counsel for plaintiff Victor Ntam and the Putative TILA and RESPA Class Members*

Respectfully submitted,

s/ *Dale A. Evans Jr.*
Thomas J. Cunningham
Bar No. FL0090
tcunningham@lockelord.com

Dale A. Evans Jr.
Bar No. FL0091
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler Drive East Tower, Suite 215
West Palm Beach, FL 33458
Phone: (561) 833-7700

Regina J. McClendon
Bar No. CA00112
rmcclendon@lockelord.com
Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Phone: (415) 318-8810

*Counsel for Defendant Paramount Residential Mortgage Group, Inc. and non-party Cenlar FSB*