| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| 1. All documents relating to the Subject Loan, including, but not limited to, any solicitations, offer notices, statements, applications or other documents of any kind. | This case challenges PRMG's application of certain payments received from Plaintiff, credit reporting following receipt of Plaintiff's purported QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. Thus, solicitations, offer notices, and applications related to Plaintiff's loan do not make the existence of any relevant fact more or less probable than without the requested evidence. As such, this request is overly broad. *See Southpoint Bank, v. Origin Bank*, *et. al.*, No. 3:21-CV-156-TSL-MTP, 2022 WL 341132, at *2 (S.D. Miss. Jan. 24, 2022) (refusing to require production of "all documents related" to the subject loan and rejecting "the argument that all records are discoverable and in proportion to the needs of the case"). PRMG's objections are not boilerplate because they specify why this request is overly broad.<br><br>Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a | In this request, Plaintiff is seeking documents related to <u>his loan</u> and therefore is relevant or could lead to the discovery of relevant admissible evidence. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>PRMG has already produced nearly all of the documents within Plaintiff's servicing file. It only withheld certain origination documents from its original production because Plaintiff does not challenge the origination of his loan in the complaint and therefore those documents are not relevant to the claims and defenses in this case. Subject to and without waiving the foregoing objections, PRMG agrees to produce all | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | remaining origination documents in Plaintiff's servicing file, which comprise the balance of documents in Plaintiff's servicing file that have not yet been produced. | | |
| 3. All documents related to your accounting of the payments received from Plaintiff or on his behalf towards the Subject Loan and your application of those payments. | PRMG has already produced the payment history for Plaintiff's loan. | In this request, Plaintiff is seeking documents related to <u>his loan</u> and therefore is relevant or could lead to the discovery of relevant admissible evidence. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |
| 5. All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and Plaintiff or anyone on his behalf, including any written or recorded statement of Plaintiff or anyone on his behalf in your actual or constructive possession. | PRMG objects to this request to the extent it seeks documents in PRMG's "constructive" possession.<br><br>Moreover, the request as phrased potentially calls for documents protected by the attorney-client privilege and work-product doctrine.<br><br>A request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for | Plaintiff is seeking documents related to Ntam's loan servicing only and therefore is relevant or could lead to the discovery of relevant admissible evidence. "Constructive" means in the possession of the Defendant, its agents and sub-agents. Further Plaintiff's definitions section at paragraph 29 of its Requests state | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| Request for Production | Defendant's Objections and Position | Plaintiff's Response to the Objections | Court's Ruling |
| | "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>PRMG already produced all written and recorded communications with Plaintiff in its possession, custody, or control. PRMG has not withheld any communications with Plaintiff on the basis of privilege. | If you contend that a word or term that is not specifically defined in these requests is vague or capable of multiple meanings that prevent you from answering the interrogatory, then you should consult the Merriam Webster dictionary available online at http://www.merriam-webster.com for a definition that is incorporated into these requests by reference ("Instruction No. 29").<br><br>Defendant should produce a privilege log for any documents withheld based on a privilege if the other objections are denied. | |
| 6. All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, | This case challenges PRMG's application of certain payments received from Plaintiff, credit reporting following receipt of | In this request, Plaintiff is seeking documents related to <u>his loan</u> and therefore is relevant or could lead to the | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| summarize, or memorialize any communication between you and any other party or person concerning the Subject Loan. | Plaintiff's purported QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. Thus, Plaintiff's request for "all documents" related to "any communication" between PRMG and "any other party or person concerning the Subject Loan," extends far beyond those documents relevant to the claims and defenses at issue or proportional to the needs of the case. PRMG's objections are not boilerplate because PRMG specifies why Plaintiff's request is overly broad and disproportionate.<br><br>Further, a request seeking "all documents" is generally viewed as overly broad.  *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv.* | discovery of relevant admissible evidence. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008).<br><br>Defendant should produce a privilege log for any documents withheld based on a privilege if the other objections are denied. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | *Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases). <br><br> Moreover, because the request is not limited in any way in scope or time, it could be construed to apply to every communication PRMG has had with its counsel in this case since Plaintiff filed this lawsuit. Such a request is patently overbroad and it would be unduly burdensome to require Plaintiff to serve a privilege log identifying every communication PRMG has had with its counsel. <br><br> PRMG has already agreed to produce any non-privileged communications in its possession, custody, or control with third parties to the extent they relate to payments Plaintiff alleges in his amended and supplemental class action complaint (ECF No. 9) were not properly applied to his mortgage loan, credit reporting following receipt of Plaintiff's purported | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. | | |
| 8. All documents reflecting any communication or interaction between PRMG and Plaintiff's financial institution | This case challenges PRMG's application of certain payments received from Plaintiff, credit reporting following receipt of Plaintiff's purported QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. Thus, all documents reflecting any communication or interaction between PRMG and Plaintiff's financial institution, to the extent not related to the specific payments Plaintiff claims PRMG failed to properly apply, is overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case.  Further, the term "interaction" is impermissibly vague. PRMG's objections are not boilerplate because they specify why Plaintiff's request is overly broad and disproportionate.<br><br>Further, a request seeking "all documents" is generally viewed as overly broad.  *Cobell v. Norton*, 220 | In this request, Plaintiff is seeking documents related to his loan and therefore is relevant or could lead to the discovery of relevant admissible evidence. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008).  *See also* Instruction No. 29.<br><br>Defendant knows that Plaintiff's financial institution is Industrial Bank | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>PRMG previously agreed to produce documents reflecting communications between PRMG and Plaintiff's financial institutions to the extent related to the payments Plaintiff alleges PRMG failed to properly apply.<br><br>In an effort to resolve this dispute, PRMG agrees produce to all communications between PRMG and | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Plaintiff's financial institution, which it understands to be Industrial Bank, to the extent any exist. | | |
| 12. All documents reflecting any communications with you and any credit reporting agency concerning the Plaintiff. | This case challenges, among other things, PRMG's credit reporting following receipt of Plaintiff's purported QWR/NOE. Thus, Plaintiff's request for all communications between PRMG and any CRA concerning Plaintiff extends far beyond documents relevant to any party's claim or defense or proportional to the needs of the case.  PRMG's objections are not boilerplate because they specify why Plaintiff's request is overly broad and disproportionate.<br><br>Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or | Plaintiff is seeking documents related to PRMG's credit reporting of his loan history and the failure to suppress the reporting following receipt of a QWR/NOE and therefore is relevant or could lead to the discovery of relevant admissible evidence. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases). Notwithstanding its objections, PRMG has already produced the records in its possession, custody, or control reflecting its credit reporting on Plaintiff's loan. Further, PRMG has conducted a diligent search of its records and located no communications with the credit reporting agencies in its possession, custody, or control beyond the ACDV reports it previously produced. | | |
| 13. All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the | As Plaintiff concedes, Rule 26(a)(1)(iv) only requires PRMG to produce "any ***insurance agreement*** under which ***an insurance business*** may be liable to satisfy all or part of a possible judgment in the action or to | Fed. R. Civ. Proc. 26(a)(1)(iv) requires production any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| occurrence which is the subject matter of this lawsuit has been limited, reduced, or released in any manner. This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation | indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26 (a)(1)(iv) (emphasis added).<br><br>PRMG has already responded by stating that to "the extent the request relates to insurance policies, there are no documents in PRMG's possession, custody, or control responsive to this request." *See* PRMG Resp. to Req. 14. Thus, PRMG has already satisfied its obligations under Rule 26. | the action or to indemnify or reimburse for payments made to satisfy the judgment. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |
| 14. All insurance policies or indemnification agreements under which a person carrying on an insurance business or indemnification claim might be liable to pay to you or on your behalf all or part of the damages sought in this action by Plaintiff, RESPA Class members, and the TILA Class members. | As Plaintiff concedes, Rule 26(a)(1)(iv) only requires PRMG to produce "any ***insurance agreement*** under which ***an insurance business*** may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26 (a)(1)(iv) (emphasis added).<br><br>PRMG has already responded by stating that to "the extent the request relates to insurance policies, there are no documents in PRMG's possession, custody, or control responsive to this | Fed. R. Civ. Proc. 26(a)(1)(iv) requires production any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

**Plaintiff's Requests for Production and Defendant's Non-Privileged Objections**

| Request for Production | Defendant's Objections and Position | Plaintiff's Response to the Objections | Court's Ruling |
|---|---|---|---|
| | request." Thus, PRMG has already satisfied its obligations under Rule 26. | | |
| 15. All documents received from or provided to any other party or person related to this action, including Cenlar FSB, since the filing of the original Complaint, whether provided informally or in response to a formal request. | As several courts have held, this request is overly broad and unduly burdensome on its face.  *See Shepp Elec. Co., Inc. v. Boyer*, No. 1:20 CV 452, 2021 WL 4756997, at *2 (N.D. Ohio Mar. 24, 2021) ("request for 'all documents' that [responding party] has sent or received is overly broad and places an undue burden on [the responding party] and would inevitably require production of irrelevant documents"); *In re Bunce*, No. CV TDC-18-3821, 2020 WL 1331911, at *3 (D. Md. Mar. 23, 2020) ("a request for all copies of e-mails sent or received by anyone with no limitation as to the time or scope is over broad and poses an undue burden.") (citing *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071 (9th Cir. 2004)); *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 693-94 (D. Kan. 2007) (requests for all correspondence "to or from" employee were "overly broad" and "unduly burdensome" on their face) | Defendant should produce a privilege log for any documents withheld based on a privilege if the other objections are denied.<br><br>Relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense—not whether the information is ultimately admissible as evidence. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | PRMG objects to this request because documents received or provided after the filing of this lawsuit do not make the existence of any fact that is of consequence to the determination of this action, namely, whether PRMG violated RESPA or TILA before the filing of this lawsuit, more or less probable than it would be without this information or evidence. Thus, the request is overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case.<br><br>PRMG further objects to this request on the basis that subsequent remedial measures are inadmissible pursuant to Federal Rule of Evidence 407 and therefore the request is not proportional to the needs of the case.<br><br>Finally, and significantly, because Plaintiff seeks documents exchanged between Cenlar and PRMG <u>after</u> this case was filed, the request seeks almost exclusively documents that are protected either by the attorney-client privilege or the attorney work-product doctrine. Such a request is patently overbroad and it would be | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | unduly burdensome to require Plaintiff to serve a privilege log identifying post-filing communication with Cenlar (almost all of which involve counsel) considering all such communications occurred <u>after</u> the events at issue in this lawsuit. | | |
| 16. All documents which support a fact related to any affirmative defense raised in your Answer to the Amended Complaint. | Courts routinely hold that these types of document requests are overly broad and unduly burdensome. *See Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583 (E.D. Cal. 2015) (requests for "all documents related to any of the allegations in the complaint," and "every document related to affirmative defenses raised," were "overly broad and unduly burdensome" by "a wide margin."); *Arrendondo v. Delano Farms Co.*, No. 1:09CV01247 LJODLB, 2010 WL 2219323, at *3 (E.D. Cal. June 2, 2010) ("This request seeks all documents supporting Defendants' affirmative defenses. The request is overly broad and Plaintiffs' motion [to compel] is therefore DENIED.") | Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). Defendant has asserted numerous affirmative defenses and Plaintiff has a right to know what documents it relied on to make the defense. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>Notwithstanding the foregoing objections, PRMG already produced the documents in its possession, custody, or control supporting the facts necessary to establish the affirmative defenses raised in its answer to the amended and supplemental class action complaint. | | |

**Plaintiff's Requests for Production and Defendant's Non-Privileged Objections**

| Request for Production | Defendant's Objections and Position | Plaintiff's Response to the Objections | Court's Ruling |
|---|---|---|---|
| | PRMG reserves the right to produce additional documents as they are identified and/or located. | | |
| 17. All documents which you referred to or reviewed in connection with the preparation of your answer, motions or other pleadings and your answers to any discovery requests. | This request is patently unduly burdensome and unreasonable. *See Whelan v. Golden Shovel Agency*, LLC, No. 14-CV-365 (MJD/LIB), 2015 WL 13632433, at *7 (D. Minn. May 1, 2015) ("Plaintiff's request that Defendants identify all documents reviewed to prepare responses to Plaintiff's interrogatories is overbroad, potentially implicates work product concerns, and, most significantly, does not explicitly seek relevant, discoverable information.").<br><br>Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad | Defendant has answered numerous allegations in the Amended Complaint with a denial. Plaintiff has a right to know what documents they relied on to prepare the Answer the defense.<br><br>Defendant should produce a privilege log for any documents withheld based on a privilege if the other objections are denied. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases). | | |
| 18. All documents concerning your investigation into Plaintiffs Qualified Written Request letter to you dated February 11, 2021 which you acknowledged on February 22, 2021. | PRMG has already agreed to produce its response to Plaintiff's purported QWR dated April 6, 2021, which described its investigation of Plaintiff's purported QWR, the results of the investigation, and included the following documents related to Plaintiff's loan: (i) payment history; (ii) fee activity and transaction codes; (iii) periodic statements; and (iv) a current payoff statement.<br><br>PRMG further agrees to produce any documents contained within its investigation file for Plaintiff's purported QWR. | The investigation into Plaintiff's QWR/NOE is one of the core issues in this matter (i.e. Count III of the Amended Complaint), thus Plaintiff has a right to know what documents Defendant relied on to prepare the response to the QWR/NOE. ).  *See also* Instruction No. 29.<br><br>Defendant should produce a privilege log for any documents withheld based on a privilege if the other objections are denied. | |
| 21. Your Policies and Procedures on sending default notices to borrowers. | This case challenges PRMG's application of certain payments received from Plaintiff, credit | Plaintiff's claims involve PRMG's misapplication of payments, resulting collection | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | reporting following receipt of Plaintiff's purported QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. There are no allegations that PRMG violated its policies and procedures concerning default notices. Any default notices sent to Plaintiff are corollary to and derivative of PRMG's alleged failure to properly apply certain of Plaintiff's mortgage payments and Plaintiff does not directly challenge PRMG's policies and procedures for service of default notices in his amended and supplemental class action complaint. Thus, these documents do not make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this information or evidence. | threats, default notices, and improper credit reporting. The information sought is clearly relevant to those claims. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |
| 24. All documents concerning your ability to identify members of the RESPA Class. | The parties agreed that such class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties | As plainly described in this request, Plaintiff is seeking information concerning PRMG's <u>ability to identify</u> the RESPA Class members. As the Court directed Plaintiff has the | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022). Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"); *See also Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008) ("the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the purpose of identifying such individuals for notice of a class action, as opposed to for reasons of discovering information 'relevant to the subject matter involved in the pending action.'") (citing *Oppenheimer Fund, Inc. v. Sanders*, | burden to meet the class certification requirements. Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). Alternatively in lieu of the requested discovery, the Defendant can stipulate to the fact that the RESPA Class exceeds 50 members and it can identify them within its own business records (or those of its agents) with no manageability issues since it is required to have this data by Federal and State laws. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | 437 U.S. 340, 351–53 (1978)); *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13-MC-27 GLS/CFH, 2013 WL 4520671, at *4 (N.D.N.Y. Aug. 26, 2013) ("Courts have ordinarily refused to allow discovery of class members' identities as the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.") (collecting cases)); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV–06–4073, 2007 WL 404703, at *3–4 (D.S.D. Feb. 1, 2007) ("The name ... [and contact information] for each franchisee ... is not ... necessary to ... decide certification of the class. No cases have been supplied which support pre-certification discovery of ... [such] information for potential class members. On the other hand after certification ... this category of information is discoverable [for notifying class members].") (citing *Oppenheimer*, 437 U.S. at 98). | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| 25. All documents concerning your ability to identify members of the TILA Class. | The parties agreed that such class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"); *See also Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008) ("the Supreme Court has rejected pre-class certification discovery of identifying information of potential class members when such information is sought merely for the | As plainly described in this request, Plaintiff is seeking information concerning PRMG's <u>ability to identify</u> the TILA Class members. As the Court directed Plaintiff has the burden to meet the class certification requirements.<br><br>Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008).<br><br>Alternatively in lieu of the requested discovery, the Defendant can stipulate to the fact that the TILA Class exceeds 50 members and it can identify them within its own business records (or those of its agents) with no manageability issues since it is required to have this data by Federal and State laws. | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | purpose of identifying such individuals for notice of a class action, as opposed to for reasons of discovering information 'relevant to the subject matter involved in the pending action.'") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–53 (1978)); *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13-MC-27 GLS/CFH, 2013 WL 4520671, at *4 (N.D.N.Y. Aug. 26, 2013) ("Courts have ordinarily refused to allow discovery of class members' identities as the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.") (collecting cases)); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV–06–4073, 2007 WL 404703, at *3–4 (D.S.D. Feb. 1, 2007) ("The name ... [and contact information] for each franchisee ... is not ... necessary to ... decide certification of the class. No cases have been supplied which support pre-certification discovery of ... [such] information for potential | | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | class members. On the other hand after certification ... this category of information is discoverable [for notifying class members].") (citing *Oppenheimer*, 437 U.S. at 98)). | | |
| 26. All documents that described, directly or indirectly, your business relationships with Cenlar FSB since January 1, 2018. | This case challenges PRMG's application of certain payments received from Plaintiff, credit reporting following receipt of Plaintiff's purported QWR/NOE, and investigation and response to Plaintiff's purported QWR/NOE. Thus, the requested documents do not make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this information or evidence.  PRMG's objection is not boilerplate because PRMG specifies why Plaintiff's request is unduly burdensome and unreasonable.<br><br>Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); | As Plaintiff alleged in his Amended Complaint and admitted to by the Defendant's sole, identified employee witness in its Rule 26 disclosure, PRMG's relationship with Cenlar FSB is integral to PRMG's servicing of the loan and application of payments and therefore relevant.<br><br>Defendant's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Defendant's Non-Privileged Objections | | | |
|---|---|---|---|
| **Request for Production** | **Defendant's Objections and Position** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>Further, as PRMG does not dispute that Cenlar acted as its sub-servicer with respect to Plaintiff's loan, Plaintiff's attempt to pry into the confidential details of PRMG's business relationship with Cenlar is harassing and does not further the interests of the case. | | |