| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| 2. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning: | This topic is overly broad and unduly burdensome because it does not restrict its scope to Plaintiff's allegations in this case, and instead asks for "all facts related to any communications."<br><br>Cenlar further objects to this topic to the extent that it seeks testimony regarding the putative TILA class or TILA claim from June 10, 2018 through the present. The statute of limitations for a violation of 15 U.S.C. § 1639f is one year (*see* 15 U.S.C. § 1640(e)) and Plaintiff only seeks to certify a TILA class involving borrowers for whom Cenlar accepted and credited payments in the twelve months preceding the filing of this lawsuit, which is June 10, 2020.<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | Plaintiff cannot comply with 12 C.F.R. § 4.33 without a privilege log of withheld documents. Plaintiff disagrees that 12 C.F.R. § 4.33(a)(1) requires it to notify the OCC unless Plaintiff is seeking testimony or records directly from them. Further 4.33(b) states that the requester must adequately describe the record or records sought by type and date. Hence the need for the privilege log. The only parties that know what those records consist of is Cenlar and the OCC.<br><br>The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Further, records created or obtained by the OCC in connection with the performance of its responsibilities are non-public pursuant to 12 C.F.R. § 4.32(b). Cenlar is prohibited from disclosing any non-public OCC information without the prior written permission of the OCC pursuant to 12 C.F.R. § 4.36(d). Cenlar advised the OCC in writing of Plaintiff's subpoena on January 10, 2022 but the OCC has not consented to any disclosure.<br><br>Although Plaintiff is also required to submit its request for OCC records directly to the OCC pursuant to 12 C.F.R. § 4.33(a)(1), it has failed to do so. Plaintiff's claim that it is unable to comply with the § 4.33(a)(1) requirement to provide the OCC with "as detailed a description as is necessary under the circumstances" until it receives Cenlar's privilege log identifying every single | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | document it has exchanged with the OCC further underscores the overbreadth of Plaintiff's request. | | |
| a) The Defendant or members of the Defendant Class, directly or indirectly; | Plaintiff claims he is only seeking information concerning Cenlar's <u>ability to identify</u> the Defendant Class, but his request for all communications with the OCC regarding any member of the putative defendant class obviously extends far beyond that objective.  If Plaintiff simply wanted to identify members of the putative defendant class, much simpler means of getting this information are available.

The parties agreed that such classwide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues."  *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete | The Defendant's witness testified that she participated in a teleconference with all other Cenlar clients (i.e. members of the Defendant Class) following the issuance of the OCC consent order. Additionally, Plaintiff is only seeking information concerning Cenlar's <u>ability to identify</u> the Defendant Class members which is relevant and material for class certification issues.

If Cenlar or its counsel do not understand a term it should consult the Merriam Webster dictionary available online at http://www.merriam-webster.com for a definition ("Dictionary") to understand the definitions of "directly or "indirectly".

Cenlar's boilerplate objections are inadequate. *See, Klayman v.* | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | discovery on class certification issues on June 30, 2022). Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | *Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |
| b) Default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class | The parties agreed that such classwide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ | Plaintiff is not seeking testimony regarding identification of individual members of any of the putative classes but is seeking information about its overall default and servicing operations. Cenlar can stipulate that its default and servicing operations for all of the Defendant class members is the same as for PRMG. *See also* | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Notwithstanding its objections, Cenlar already agreed to provide a representative authorized to testify regarding Cenlar's policies and procedures for investigation of and response to qualified written requests and notices of error, credit reporting in the 60 days following receipt of a qualified written request, and application of monthly mortgage payments received from borrowers. Cenlar has | Dictionary if any term is actually unclear.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | identified those corporate representatives and provided proposed dates for their depositions but Plaintiff has failed to schedule them. | | |
| c) Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the members of the RESPA Class and TILA Class; (iii) receipt and processing of borrower QWRs and NOEs by you on behalf of the PRMG; and (iv) receipt and processing of payments received by you on behalf of the Defendant or members of the Defendant Class. | Cenlar objects to this subtopic to the extent it seeks testimony regarding Cenlar's IT systems and capabilities in relation to identification of members of the putative defendant class because Plaintiff's putative defendant class definition requires a legal conclusion regarding whether Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C. § 1602g. Am. Compl., ¶ 72(b).<br><br>Cenlar further objects to this subtopic to the extent it seeks testimony regarding Cenlar's IT systems and capabilities in relation to identification of members of the putative RESPA class because Plaintiff's putative RESPA class definition is not limited to those borrowers for | Plaintiff is not asking Cenlar to make a legal conclusion, he is asking about Cenlar's <u>ability to identify</u> members of the classes and the named parties in loan instruments.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | whom Cenlar provided mortgage sub-servicing activities on behalf of PRMG. Am. Compl., ¶ 54(a). | | |
| d) Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by you from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by you from Plaintiff and members of the TILA Class on behalf of the Defendant and members of the Defendant Class. | Cenlar objects to subsection (i) of this topic to the extent it encompasses Cenlar's processes and operations related to qualified written requests and notices of error involving acts or omissions unrelated to the issues alleged in this lawsuit.<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad.<br><br>Notwithstanding its objections, Cenlar has already agreed to provide a representative to testify regarding Cenlar's policies and procedures for investigation of and response to qualified written requests and notices of error, credit reporting in the 60 days following receipt of a qualified written request or | Plaintiff believes this is directly related to the allegations in his complaint as it addresses the policies and practices of Cenlar in receiving, processing, and tracking of QWR/NOE and the investigations and responses thereto on behalf of the PRMG in relation to the members of the RESPA Class.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | notice of error, and application of monthly mortgage payments received from borrowers. Cenlar has identified those corporate representatives and provided proposed dates for their depositions but Plaintiff has failed to schedule them. | | |
| e) What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the RESPA Class and TILA Class. | Cenlar objects to this subtopic to the extent it seeks testimony regarding individual members of the putative defendant class or individual members of the putative RESPA and TILA classes before the Court has determined whether to certify any class.<br><br>The parties agreed that such classwide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete | Remedial measures are discoverable.  Whether a document or testimony may later be found to be inadmissible does not render that document undiscoverable.<br><br>Plaintiff is not asking to identify individual members of the putative classes but rather what measures it has taken. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits")<br><br>Cenlar further objects to this topic on the basis that subsequent remedial measures are inadmissible pursuant to Federal Rule of Evidence 407 and therefore the request is not proportional to the needs of the case.<br><br>Notwithstanding its objections, Cenlar already agreed to provide a corporate representative to testify regarding Cenlar's actions as to Plaintiff's account, if any, | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | subsequent to receipt of Plaintiff's February 11, 2021 correspondence, including its credit reporting and application of payments to Plaintiff's account. | | |
| 3. To identify all facts related to any communications to from you to the PRMG and the members of the Defendant Class, since June 10, 2018 concerning: a) The Defendant or members of the Defendant Class, directly or indirectly, in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving or crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class. | Plaintiff claims this request does not seek any individual information and instead seeks facts related to Cenlar's general practices. Clearly, this is not correct, as Plaintiff's request seeks testimony regarding "all facts related to any communications" between Cenlar, PRMG, *and* all members of the Defendant Class over an approximate four-year period.<br><br>To the extent Plaintiff now agrees to limit this deposition topic to Cenlar's general practices regarding investigating and responding to QWRs and processing payments, Cenlar has already agreed to produce representatives to provide this testimony and provided proposed dates for their | The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense.<br><br>At his stage Plaintiff is not seeking for Cenlar to identify any individual information and by this topic is seeking facts related to the general practices described which is relevant and material to Plaintiff's ability to seek class certification. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
| --- | --- | --- | --- |
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | depositions but Plaintiff has failed to schedule them. Moreover, Cenlar objects to this subtopic to the extent it seeks testimony regarding the TILA class or TILA claim from June 10, 2018 through the present. The statute of limitations for a violation of 15 U.S.C. § 1639f is one year (*see* 15 U.S.C. § 1640(e)) and Plaintiff only seeks to certify a TILA class involving borrowers for whom Cenlar accepted and credited payments in the twelve months preceding the filing of this lawsuit, which is June 10, 2020. *See* Compl., ¶ 54(b). The parties agreed that classwide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Cenlar stated that its contract with PRMG does not specifically address receiving and crediting mortgage payments under TILA and therefore no such person can be designated to testify in response to this request as drafted. | | |
| b) Your contractual relationship with PRMG in regards to the Plaintiff and members of the | Cenlar objects to this topic to the extent it encompasses contractual | The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| RESPA Class for responding to, researching, and investigating Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class. | provisions, if any, related to qualified written requests and notices of error involving acts or omissions unrelated to the issues alleged in this lawsuit, which are limited to application of monthly mortgage payments received from borrowers, credit reporting in the 60 days after receipt of a qualified written request, and investigation and response to same.

Notwithstanding its objections, Cenlar advised Plaintiff its contract with PRMG does not specifically address responding to, researching, and investigating qualified written requests and notices of error under RESPA and therefore no such person can be designated to testify in response to this request as drafted. Cenlar, however, agreed to provide a corporate representative to testify regarding its policies and procedures for investigating and responding to qualified written requests and notices of error. | could reasonably lead to other matter that could bear upon any party's claim or defense.

To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | Cenlar has identified those corporate representatives and provided proposed dates for their depositions but Plaintiff has failed to schedule them. | | |
| c) Your contractual relationship with PRMG and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class as related to receiving and crediting mortgage payments from Plaintiff and members of the TILA Class | Cenlar objects to this topic to the extent it seeks testimony regarding individual members of the putative defendant class or individual members of the putative TILA class before the Court has determined to whether to certify any class.

Notwithstanding its objections, Cenlar advised Plaintiff its contract with PRMG does not specifically address responding to, researching, and investigating qualified written requests and notices of error under RESPA and therefore no such person can be designated to testify in response to this request as drafted.

However, Cenlar agreed to provide a corporate representative to testify | The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense.

In lieu of this requested discovery, Cenlar can stipulate that the contract it has with PRMG is the same or substantially similar to its agreements with the other Defendant Class members.

Plaintiff is not asking Cenlar to identify individual class members at this stage but rather the services it provides to them related to the topics in this action.

To the extent that this request it seeks information that is confidential and proprietary the | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | regarding its policies and procedures for investigating and responding to qualified written requests and notices of error. Cenlar has identified those corporate representatives and provided proposed dates for their depositions but Plaintiff has failed to schedule them. | previously agreed to protective order should satisfy this objection. | |
| 4. To identify all facts related to any vendors or third parties engaged by you to perform services or assist you in performing the services you provide to PRMG and the members of the Defendant Class, since June 10, 2018 concerning: (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class. | Cenlar objects to this topic to the extent it seeks testimony concerning vendors or third parties engaged by Cenlar to perform services it provides to members of the putative defendant class before the Court has determined whether to certify any class.<br><br>Cenlar further objects to this topic to the extent that it seeks testimony regarding the putative TILA class or TILA claim from June 10, 2018 through the present. The statute of limitations for a violation of 15 U.S.C. § 1639f is one year (*see* 15 U.S.C. § 1640(e)) and Plaintiff only seeks to certify a TILA class involving borrowers | Plaintiff is not asking Cenlar to identify individual class members but rather information regarding the services it engages other vendors or third parties to perform on its behalf when providing the services to PRMG and members of the Defendant Class.<br><br>The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense.<br><br>To the extent that this request it seeks information that is confidential and proprietary the | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | for whom Cenlar accepted and credited payments in the twelve months preceding the filing of this lawsuit, which is June 10, 2020.<br><br>Cenlar further objects to this topic to the extent it seeks designation of a corporate representative to testify regarding "all facts" related to vendors or third parties, as such a request extends far beyond mere identification of the vendors or third parties and any aspects of Cenlar's relationship with the vendors or third parties that might be pertinent to the claims and issues in this lawsuit and is therefore unduly burdensome and not proportional to the needs of the case.<br><br>Finally, Cenlar objects to this topic as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case. | previously agreed to protective order should satisfy this objection.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| 5. To identify all facts related to any insurance or indemnification claims made to you by PRMG and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action. | Cenlar objects to this topic to the extent it seeks testimony concerning insurance or indemnification demands received from members of the putative defendant class or any other persons concerning claims of members of the putative RESPA and TILA classes before the Court has determined whether to certify any class.<br><br>Cenlar also objects to this request to the extent it seeks information that is confidential and proprietary.<br><br>Cenlar objects further to this topic as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case. Plaintiff's topic is not limited to insurance or indemnification claims for acts or omissions similar to those alleged in this lawsuit. Further, whether PRMG or a putative defendant class member submitted an indemnification or insurance claim to Cenlar does | Fed. R. Civ. Proc. 26(a)(1)(iv) requires production any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | not make the existence of any fact that is of consequence to the determination of this action, namely, whether PRMG violated RESPA or TILA, more or less probable than it would be without this information or evidence. | | |
| 6. To identify any facts communicated by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC related to any Qualified Written Requests or Notices of Error from the Plaintiff or the RESPA Class members sent to PMRG. | Plaintiff claims it merely seeks general information about Cenlar's communications to credit reporting agencies. This is contrary to the language of the request, which clearly seeks facts regarding communications with the credit reporting agencies related to QWRs sent by any of the RESPA class members.<br><br>Cenlar objects to this topic to the extent it seeks testimony concerning facts communicated by Cenlar to the consumer reporting agencies related to qualified written requests or notices of error from members of the putative RESPA class before the Court has determined whether to certify any class. | Plaintiff is not asking Cenlar to identify individual class members but rather what it generally communicates to the credit reporting agencies on behalf PRMG and members of the RESPA Class.<br><br>See e.g., Amended Complaint pg 34 at ¶ 87 & 90. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022). Obviously, this extends beyond mere identification of individual class members and would include the loan-level information Plaintiff seeks here. Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | classwide discovery on the merits"). Notwithstanding its objections, Cenlar has already agreed to provide a representative to testify regarding Cenlar's credit reporting in the 60 days following receipt of a qualified written request or notice of error, and Cenlar's actions as to Plaintiff's account, if any, subsequent to receipt of Plaintiff's February 11, 2021 correspondence, including its credit reporting and application of payments to Plaintiff's account. Cenlar has identified those corporate representatives and provided proposed dates for their depositions but Plaintiff has failed to schedule them. | | |
| 7. To identify any facts related to any contracts between you and (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to furnish credit data on behalf of PMRG related to the | Cenlar objects to this topic as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case. The parties agreed that class-wide discovery would be | Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). Credit reporting by PRMG is a central issue to the claims of the Plaintiff and RESPA Class members and thus Cenlar's | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| Plaintiff and members of the RESPA Class. | deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | furnishing of credit data on behalf of PRMG is relevant. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | | | |
| 8. To identify all facts related to any communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and/or (iii) Equifax information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class. | Plaintiff claims it merely seeks information about Cenlar's general credit reporting processes. This is contrary to the language of the request, which clearly seeks all facts regarding communications with the credit reporting agencies related to correction of credit reporting errors for any of the RESPA class members.<br><br>Cenlar objects to this topic to the extent it seeks testimony concerning communications from Cenlar to the consumer reporting agencies regarding correction of errors in credit data furnished on behalf of members of the RESPA class before the Court has determined whether to certify any class.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification | Plaintiff is not asking Cenlar to identify individual class members but rather the general processes it uses to correct errors in data furnished to the credit reporting agencies on behalf PRMG and members of the RESPA Class.<br><br>*See e.g.*, Amended Complaint pg 34 at ¶87 & 90. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022). Obviously, this extends beyond mere identification of individual class members and would include the loan-level information Plaintiff seeks here.<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Notwithstanding its objections, Cenlar has conducted a diligent search of its records and located no communications with the | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | credit reporting agencies regarding Plaintiff's purported QWR in its possession, custody, or control beyond the ACDV reports that were previously produced. Even before Cenlar confirmed there were no such communications, it offered to provide a corporate representative to testify concerning communications by Cenlar to the consumer reporting agencies regarding credit data furnished on behalf of PRMG related to Plaintiff to the extent they exist. | | |
| 9. Any other facts arising out of ¶¶ 1-8 *supra*. | Cenlar objects to this request as overly broad and not proportional to the needs of this case. Topics 1-8 actually consist of 16 total topics and sub-topics (and several contain even more sub-subtopics), and many of them already seek testimony concerning "all facts" of given topic. Thus, there is simply no feasible or proportional manner in which Cenlar can identify a corporate representative who | Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | could provide testimony responsive to this topic.<br><br>Further, this explanation (which was set forth in Cenlar's original objection), clearly goes beyond a mere boilerplate objection. | | |
| **OBJECTIONS TO DOCUMENT REQUESTS** | | | |
| 1. All documents which identify the members of the Defendant Class of the number of the members of the Defendant Class. | Cenlar objects to this request to the extent it seeks premature class discovery.<br><br>Cenlar objects further to this request on the basis that the putative Defendant class, as defined, encompasses every single servicer for whom Cenlar provided subservicing activities without regard to whether any borrowers for whom Cenlar provided subservicing activities may have potentially been aggrieved by a harm similar to that alleged by Plaintiff.<br><br>Cenlar further objects to this request on the basis that | Plaintiff narrows this request to seek general identification by Cenlar of the documents it has in its possession and control which identify the Defendant Class or the ability to do so.  To ease any burdens.  Alternatively in lieu of the requested discovery, Cenlar can stipulate to the fact that the Defendant Class exceeds 50 members and it can identify them within its own business records (or those of its agents) with no manageability issues since it is required to have this data by Federal and State laws and contracts with the members of the Defendant Class. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Plaintiff's request for "all documents" is overbroad.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). | Whether the borrowers for whom Cenlar provided subservicing activities may have potentially been aggrieved by a harm similar to that alleged by Plaintiff is not relevant at this time and cannot be determined by an unverified boilerplate objection which is inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | Cenlar's objections are not boilerplate because they specify why Plaintiff's request is unduly burdensome, unreasonable, and overly broad. | | |
| 2. All documents which identify the members of the RESPA Class of the number of the members of the RESPA Class. | Cenlar objects to this request to the extent it seeks premature class discovery.<br><br>Cenlar further objects to this request because Plaintiff's putative RESPA class definition is not limited to those borrowers for whom Cenlar provided mortgage-subservicing activities on behalf of PRMG and therefore it is not possible for Cenlar to produce documents reflecting the identities or number of all putative RESPA class members.<br><br>Cenlar objects further to this request on the basis that the putative RESPA class, as defined, encompasses every single borrower from whom PRMG received a QWR/NOE in the past three years without | Plaintiff narrows this request to seek general identification by Cenlar of the documents it has in its possession and control which identify the RESPA Class or the ability to do so. To ease any burdens. Alternatively in lieu of the requested discovery, Cenlar can stipulate to the fact that the RESPA Class exceeds 50 members and it can identify them within its own business records (or those of its agents) with no manageability issues since it is required to have this data by Federal and State laws and contracts with the members of the Defendant Class. Whether the borrowers for whom Cenlar provided subservicing activities may have potentially been aggrieved by a harm similar to that alleged by Plaintiff is not relevant at this time and cannot be | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | regard to whether such borrowers may have potentially been aggrieved by a harm similar to that alleged by Plaintiff.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone | determined by an unverified boilerplate objection which is inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | classwide discovery on the merits"). Cenlar's objections are not boilerplate because they specify why Plaintiff's request is unduly burdensome, unreasonable, and overly broad. | | |
| 3. All documents which identify the members of the TILA Class of the number of the members of the TILA Class and the associated member of the Defendant Class. | Cenlar objects to this request to the extent it seeks identification of individual members of the putative TILA class or associated members of the putative defendant class before the Court has determined whether to certify any class. Cenlar objects further to this request on the basis that the putative TILA class, as defined, encompasses every single borrower for whom Cenlar provided sub-servicing activities without regard to whether such borrower may have potentially been aggrieved by a harm | Plaintiff narrows this request to seek general identification by Cenlar of the documents it has in its possession and control which identify the TILA Class or the ability to do so.  To ease any burdens.  Alternatively in lieu of the requested discovery, Cenlar can stipulate to the fact that the TILA Class exceeds 50 members per member of the Defendant Class and it can identify them within its own business records (or those of its agents) with no manageability issues since it is required to have this data by Federal and State laws and contracts with the members of the Defendant Class. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | similar to that alleged by Plaintiff.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). | Whether the borrowers for whom Cenlar provided subservicing activities may have potentially been aggrieved by a harm similar to that alleged by Plaintiff is not relevant at this time and cannot be determined by an unverified boilerplate objection which is inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Cenlar's objections are not boilerplate because they specify why Plaintiff's request is unduly burdensome, unreasonable, and overly broad. | | |
| 4. All contracts between you and the members of the Defendant Class concerning the receipt and crediting of payments received by you, directly or indirectly, on their behalf from the Plaintiff and members of the TILA class. | Cenlar objects to production of contracts between it and members of the putative defendant class before the Court has determined whether to certify any class.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown &* | The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense.<br><br>In lieu of this requested discovery, Cenlar can stipulate that the contract it has with PRMG is the same or substantially similar to its agreements with the other Defendant Class members.<br><br>Plaintiff is not asking Cenlar to identify individual class members at this stage but rather the services it provides to them related to the topics in this action.<br><br>To the extent that this request it seeks information that is confidential and proprietary the | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | *Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). Cenlar further objects to this request to the extent it seeks information that is confidential and proprietary. Cenlar's objections are not boilerplate because they specify why Plaintiff's request is unduly burdensome, unreasonable, and overly broad. | previously agreed to protective order should satisfy this objection. | |
| 5. All documents (A) to you from the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning: | Records created or obtained by the OCC in connection with the performance of its responsibilities are nonpublic pursuant to 12 C.F.R. § 4.32(b). Cenlar is prohibited from disclosing any non-public OCC information without the prior written permission of the OCC pursuant to 12 C.F.R. § 4.36(d). | Plaintiff cannot comply with 12 C.F.R. § 4.33 without a privilege log of withheld documents. Plaintiff disagrees that 12 C.F.R. § 4.33(a)(1) requires it to notify the OCC unless Plaintiff is seeking testimony or records directly from them. Further 4.33(b) states that the requester must adequately describe the record or records | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| a) The Defendant or members of the Defendant Class, directly or indirectly; | Cenlar advised the OCC in writing of Plaintiff's subpoena on January 10, 2022 but the OCC has not consented to any disclosure.<br><br>Although Plaintiff is also required to submit its request for OCC records directly to the OCC pursuant to 12 C.F.R. § 4.33(a)(1), it has failed to do so. Plaintiff's claim that it is unable to comply with the § 4.33(a)(1) requirement to provide the OCC with "as detailed a description as is necessary under the circumstances" until it receives Cenlar's privilege log identifying every single document it has exchanged with the OCC further underscores the overbreadth of Plaintiff's request.<br><br>Cenlar objects to this sub-request as premature to the extent it seeks | sought by type and date. Hence the need for the privilege log. The only parties that know what those records consist of is Cenlar and the OCC.<br><br>If Cenlar or its counsel do not understand a term it should consult the Dictionary. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | documents regarding individual members of the putative defendant class before the Court has determined to whether to certify any class.<br><br>Cenlar further objects to this sub-request to the extent it seeks communications concerning Defendant or members of the Defendant Class, "indirectly." Plaintiff's use of the term indirectly is vague, ambiguous, subject to differing interpretations, and potentially encompasses communications involving numerous third parties. | | |
| b) Default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class; | Cenlar objects to this sub-request to the extent it seeks documents regarding individual members of the putative defendant class before the Court has determined to whether to certify any class.<br><br>Cenlar further objects because it is unclear what is meant by "[d]efault and servicing operations *in relation* to the Plaintiff and members of the RESPA Class and TILA Class," | Plaintiff is seeking information concerning Cenlar's <u>ability to identify</u> the Defendant Class members it provides default and servicing operations for. As the Court directed Plaintiff has the burden to meet the class certification requirements. Cenlar can stipulate that its default and servicing operations for all of the putative class members is the same as for PRMG. *See also* Dictionary if any term is actually unclear. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | as this may be construed as all default and servicing operations related to Plaintiff and putative class members, or could be construed as limited to default and servicing operations involving only the specific claims and issues alleged by Plaintiff in this lawsuit.

Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that | As an example of "default and serving operations" Plaintiff would direct Cenlar to the sample contact Ntam2312 Section 2.1- 2.12 attached as Exhibit 1. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's request is unduly burdensome, unreasonable, and overly broad.<br><br>Notwithstanding its objections, Cenlar has produced its policies and procedures for investigation of and response to qualified written requests and notices of error, credit reporting in the 60 days following receipt of a qualified written request, and application of monthly mortgage payments received from borrowers. | | |
| c) Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the | Cenlar objects to this sub-request to the extent it seeks documents regarding Cenlar's IT systems and capabilities in relation to identification of members of the putative defendant class because | Plaintiff is not asking Cenlar to make a legal conclusion, or to identify class members he is asking about Cenlar's <u>ability to identify members</u> of the classes from its own business systems it is | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| Plaintiff and members of the members of the RESPA Class and TILA Class; (iii) receipt and processing of borrower QWRs and NOEs by you on behalf of the PRMG; and (iv) receipt and processing of payments received by you on behalf of the Defendant or members of the Defendant Class. | Plaintiff's putative defendant class definition requires a legal conclusion regarding whether Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C. § 1602g.  Cenlar further objects to this sub-request to the extent it seeks documents regarding Cenlar's IT systems and capabilities in relation to identification of members of the putative RESPA class because Plaintiff's putative RESPA class definition is not limited to those borrowers for whom Cenlar provided mortgage sub-servicing activities on behalf of PRMG.  Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | required to have pursuant to Federal and State laws and how the IT systems track or otherwise process borrowers QWRs and payments.  To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection.  Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |
| d) Your internal controls and operational risk management practices, including testing of | Cenlar objects to subsection (i) of this request to the extent it encompasses Cenlar's processes and operations related to | Plaintiff fails to see how this request is a burden.  Cenlar is required under 12 C.F.R. § 1024.38(b) to have policies and | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by you from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by you from Plaintiff and members of the TILA Class on behalf of the Defendant and members of the Defendant Class. | qualified written requests and notices of error involving acts or omissions unrelated to the issues alleged in this lawsuit, which are limited to application of monthly mortgage payments received from borrowers, credit reporting in the 60 days after receipt of a qualified written request, and investigation and response to same.<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad.<br><br>Notwithstanding its objections, Cenlar has produced its policies and procedures for investigation of and response to qualified written requests and notices of error, credit reporting in the 60 days following receipt of a qualified written request, and application of monthly mortgage payments received from borrowers. | procedures relating to QWR/NOEs, providing accurate information, facilitating oversight of, and compliance by, service providers. Further under subsection (c)(2)(i) it is required to retain records including A schedule of all transactions credited or debited to the mortgage loan account, including any escrow account … and any suspense account<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| e) What, if any, measures you have taken to take timely remedial actions to correct any errors caused by you in relation to of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class. | Cenlar objects to this sub-request to the extent it seeks documents regarding individual members of the putative defendant class or individual members of the putative RESPA and TILA classes before the Court has determined to whether to certify any class.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." See ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. See Washington v. Brown & Williamson Tobacco Corp., 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the | Plaintiff is not asking to identify individual members of the putative classes but rather what measures it has taken.<br><br>Remedial measures are discoverable. Whether a document or testimony may later be found to be inadmissible does not render that document undiscoverable. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). Cenlar further objects to this sub-request on the basis that subsequent remedial measures are inadmissible pursuant to Federal Rule of Evidence 407 and therefore the request is not proportional to the needs of the case. Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. Notwithstanding its objections, Cenlar already produced documents regarding Cenlar's actions as to Plaintiff's account, if any, subsequent to receipt of Plaintiff's February 11, 2021 correspondence, including its credit reporting and application | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | of payments to Plaintiff's account. | | |
| 6. All documents concerning communications to or from you to PRMG and the members of the Defendant Class, since June 10, 2018 concerning:<br>a) The Defendant or members of the Defendant Class, directly or indirectly. In relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class | Plaintiff claims this request does not seek any individual information and instead seeks facts related to Cenlar's general practices. Clearly, this is not correct, as Plaintiff's request seeks "all documents" regarding communications between Cenlar, PRMG, and all members of the putative defendant class over an approximate four-year period.<br><br>To the extent Plaintiff now agrees to limit this document request to general information regarding communications with PRMG and the putative defendant class, the request extends beyond the parties' agreement to postpone class merits discovery.<br><br>Moreover, Cenlar objects to this sub-request to the extent it seeks documents regarding the TILA class or TILA claim from June | The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense. Plaintiff is not asking Cenlar to identify individual class members but rather what general information regarding what it communicates to PRMG and the Defendant Class. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | 10, 2018 through the present. The statute of limitations for a violation of 15 U.S.C. § 1639f is one year (*see* 15 U.S.C. § 1640(e)) and Plaintiff only seeks to certify a TILA class involving borrowers for whom Cenlar accepted and credited payments in the twelve months preceding the filing of this lawsuit, which is June 10, 2020.<br><br>Cenlar further objects to this sub-request to the extent it seeks documents regarding individual members of the putative defendant class or individual members of the putative RESPA and TILA classes before the Court has determined to whether to certify any class.<br><br>The parties agreed that such classwide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." *See* ECF No. 12, Joint Statement of the Parties Pursuant | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Further, a request seeking "all documents" is generally viewed as overly broad. *Cobell v. Norton*, 220 F.R.D. 106, 109 (D.D.C. 2004) (a request for "[a]ll documents" is generally "unreasonable on its face"); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 12792497, | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | at *3 (D. Mass. Sept. 10, 2014) ("requests [that] seek all documents that 'mention, refer or relate' to a topic . . . are overly broad on their face."); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face") (collecting cases).<br><br>Notwithstanding the foregoing objections, Cenlar already agreed to produce its written communications with PRMG, regarding Plaintiff's correspondence dated February 11, 2021 and its written communications with PRMG regarding receiving and crediting payments from Plaintiff, to the extent such communications exist. | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| b) Your contractual relationship with PRMG in regards to the Plaintiff and members of the RESPA Class to respond to, research, and investigate Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class. | Cenlar objects to this sub-request to the extent it seeks documents regarding individual members of the putative defendant class or individual members of the putative RESPA and TILA classes before the Court has determined to whether to certify any class.<br><br>Notwithstanding its objection, Cenlar advised Plaintiff that its contract with PRMG does not specifically address responding to, researching, and investigating qualified written requests and notices of error under RESPA and therefore there are no documents in its possession, custody, or control that are responsive to this request as drafted. | Plaintiff is not asking Cenlar to identify individual class members but rather what general services it performs on behalf of PRMG and the Defendant Class when it has to respond to, research, and investigate Qualified Written Requests and Notices of Errors.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection | |
| c) Your contractual relationship with PRMG and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class to receive and credit mortgage payments from Plaintiff and members of the TILA class. | Cenlar objects to this sub-request to the extent it seeks documents regarding individual members of the putative defendant class or individual members of the putative TILA class before the | Plaintiff is not asking Cenlar to identify individual class members but rather what services it performs on behalf of PRMG and the Defendant Class as it relates to receiving and crediting mortgage | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
|  | Court has determined to whether to certify any class.<br><br>Notwithstanding its objection, Cenlar advised Plaintiff its contract with PRMG does not specifically address receiving and crediting mortgage payments under TILA and therefore there are no documents in its possession, custody, or control responsive to this request as drafted. | payments from Plaintiff and members of the TILA Class.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection |  |
| 7. All documents related to any vendors or third parties engaged by you to perform activities related to the services you provide to PRMG and the members of the Defendant Class, since June 10, 2018 concerning: (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant | Cenlar objects to this request to the extent it seeks documents concerning vendors or third parties engaged by Cenlar to perform services it provides to members of the putative defendant class before the Court has determined whether to certify any class.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification | Plaintiff is not asking Cenlar to identify individual class members but rather documents regarding the services it contracts to other vendors or third parties to perform on its behalf when providing the services to PRMG and members of the Defendant Class.<br><br>The scope of discovery is not this narrow; relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense. |  |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| and members of the Defendant Class. | issues."  See ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").<br><br>Cenlar objects to this sub-request to the extent it seeks documents regarding the TILA class or TILA claim from June 10, 2018 through the present. The statute of limitations for a violation of 15 U.S.C. § 1639f is one year (*see* 15 U.S.C. § 1640(e)) and Plaintiff only seeks to certify a | To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | TILA class involving borrowers for whom Cenlar accepted and credited payments in the twelve months preceding the filing of this lawsuit, which is June 10, 2020.<br><br>Cenlar further objects to this request to the extent it seeks information that is confidential and proprietary.<br><br>Finally, Cenlar objects to this request as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case.<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | | |
| 8. All documents which relate to any insurance or indemnification claims made to you by PRMG and the members of the Defendant Class (or received by you from any other person) concerning the | Cenlar objects to this request to the extent it seeks documents related to insurance or indemnification demands received from members of the putative defendant class or any | Fed. R. Civ. Proc. 26(a)(1)(iv) requires production any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| claims of the Plaintiff and members of the RESPA Class and TILA Class in this action. | other persons concerning claims of members of the putative RESPA and TILA classes before the Court has determined whether to certify any class.<br><br>Cenlar further objects to this request to the extent it seeks information that is confidential and proprietary.<br><br>Cenlar objects further to this topic as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case. Plaintiff's request is not limited to insurance or indemnification claims for acts or omissions similar to those alleged in this lawsuit. Further, whether PRMG or a putative defendant class member submitted an indemnification or insurance claim to Cenlar does not make the existence of any fact that is of consequence to the determination of this action, namely, whether | indemnify or reimburse for payments made to satisfy the judgment. See Exhibit 1 Section 2.9.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection.<br><br>Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | PRMG violated RESPA or TILA, more or less probable than it would be without this information or evidence.<br><br>Cenlar's objections are not boilerplate because they specify why Plaintiff's topic is unduly burdensome, unreasonable, and overly broad. | | |
| 9. All documents related to communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC related to any Qualified Written Requests or Notices of Error from the Plaintiff or the RESPA Class members sent to PRMG. | Plaintiff claims it merely seeks general information about Cenlar's communications to credit reporting agencies. This is contrary to the language of the request, which clearly seeks documents regarding communications with the credit reporting agencies related to QWRs sent by any of the RESPA class members.<br><br>Cenlar objects to this request to the extent it seeks documents related to facts communicated by Cenlar to the consumer reporting agencies related to qualified written requests or notices of error from members of the putative RESPA class before the | Plaintiff is not asking Cenlar to identify individual class members but rather what general information it communicates to the credit reporting agencies on behalf PRMG and members of the RESPA Class and by what means.<br><br>See e.g., Amended Complaint pg 34 at ¶ 87 & 90. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | Court has determined whether to certify any class.<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." See ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022). Obviously, this extends beyond mere identification of individual class members and would include the loan-level information Plaintiff seeks here.<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | on the certification issue and postpone classwide discovery on the merits"). Notwithstanding its objection, Cenlar has conducted a diligent search of its records and located no communications with the credit reporting agencies regarding Plaintiff's purported QWR in its possession, custody, or control beyond the ACDV reports that were previously produced. | | |
| 10. All contracts between you and (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to furnish credit data on behalf of PMRG related to the Plaintiff and members of the RESPA Class. | Cenlar objects to this request as overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case. Cenlar further objects to this request to the extent it seeks information that is confidential and proprietary. | Cenlar's boilerplate objections are inadequate. *See, Klayman v. Judicial Watch, Inc.* 2008 WL 11394169 (D.D.C 2008). Credit reporting by PRMG is a central issue to the claims of the Plaintiff and RESPA Class members and thus Cenlar's furnishing of credit data on behalf of PRMG is relevant. See e.g., Amended Complaint pg 34 at ¶ 87 & 90. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | | To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection | |
| 11. All documents from you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class. | Plaintiff claims it merely seeks information about Cenlar's general credit reporting processes. This is contrary to the language of the request, which clearly seeks all documents with the credit reporting agencies related to correction of credit reporting errors for any of the RESPA class members.<br><br>Cenlar objects to this request to the extent it seeks documents concerning communications from Cenlar to the consumer reporting agencies regarding correction of errors in credit data furnished on behalf of members of the RESPA class before the Court has determined whether to certify any class.<br><br>The parties agreed that class-wide discovery would be | Plaintiff is not asking Cenlar to identify individual class members but rather the processes it uses to correct errors in data furnished to the credit reporting agencies on behalf PRMG and members of the RESPA Class.<br><br>See e.g., Amended Complaint pg 34 at ¶87 & 90. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." See ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022). Obviously, this extends beyond mere identification of individual class members and would include the loan-level information Plaintiff seeks here.<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). | | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| | Notwithstanding its objections, Cenlar has conducted a diligent search of its records and located no communications with the credit reporting agencies regarding Plaintiff's purported QWR in its possession, custody, or control beyond the ACDV reports that were previously produced. | | |
| 12. All organizational charts identifying your managers and departments that are utilized by you in relation to your default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class. | Cenlar objects to this request on the basis that Plaintiff has no legitimate need for organizational charts.<br><br>There are other properly tailored, less burdensome means of obtaining sources of relevant discovery and identifying deponents, e.g., Plaintiff has already identified by category the topics of examination for which it seeks testimony from Cenlar. Cenlar further objects to this Request to the extent it seeks information that is confidential and proprietary. | Relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense—not whether the information is ultimately admissible as evidence.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| Topic or Request for Production | Defendant's Objections | Plaintiff's Response to the Objections | Court's Ruling |
| | | | |
| d) All documents describing your policies, practices, and procedures which relate to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class. | Cenlar objects to subsection (i) of this of this request to the extent it encompasses Cenlar's processes and operations related to qualified written requests unrelated to the issues alleged in this lawsuit<br><br>The parties agreed that class-wide discovery would be deferred and that discovery would initially be "limited to the merits of Plaintiff's individual claim and class certification issues." See ECF No. 12, Joint Statement of the Parties Pursuant to Local Civil Rule 16.3, p. 2; ECF No. 13, Scheduling Order, ¶ 6 (setting deadline to complete discovery on class certification issues on June 30, 2022).<br><br>Courts routinely deny discovery in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570-71 (11th Cir. 1992) ("to best serve the interests of fairness and efficiency, courts | Relevance at this stage is considered broadly to encompass any matters that bear upon or could reasonably lead to other matter that could bear upon any party's claim or defense—not whether the information is ultimately admissible as evidence.<br><br>To the extent that this request it seeks information that is confidential and proprietary the previously agreed to protective order should satisfy this objection. | |

| Plaintiff's Requests for Production and Cenlar FSB's Objections | | | |
|---|---|---|---|
| **Topic or Request for Production** | **Defendant's Objections** | **Plaintiff's Response to the Objections** | **Court's Ruling** |
| 99999 | may allow classwide discovery on the certification issue and postpone classwide discovery on the merits"). Notwithstanding its objections, Cenlar produced its policies and procedures for investigation of qualified written requests, credit reporting in the 60 days following receipt of a qualified written request, and application of monthly mortgage payments received from borrowers subject. | | |