**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| *On its behalf individually and on behalf of a class of Similarly Situated Persons* | |
| Defendants. | |

**DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND PRMG'S EXPERT DISCLOSURE DEADLINE**

Defendant Paramount Residential Mortgage Group, Inc. ("PRMG"), pursuant to Federal Rules of Civil Procedure 16, hereby moves to modify the scheduling order to extend PRMG's expert disclosure deadline as follows.

## INTRODUCTION

Per the scheduling order entered in this action on October 21, 2021, PRMG's Rule 26(a)(2) expert disclosure deadline is May 1, 2022.  Dkt. 13.  However, as discussed herein, good cause exists to modify the scheduling order to extend PRMG's expert disclosure deadline by sixty (60) days because, despite PRMG's diligence in retaining and conferring with its expert, PRMG's credit reporting expert is unable to prepare his expert report due to the failure of third party witnesses (e.g., the credit reporting agencies) to provide necessary documents concerning the credit reporting

claims of plaintiff Victor Ntam ("Plaintiff") in response to subpoenas propounded by PRMG. Moreover, given conflicts in expert's current schedule, he would not have sufficient time to prepare his report even if the credit agencies produced their documents between now and the deadline.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a mortgage borrower, filed this putative class action on June 10, 2021 against PRMG, a mortgage servicer, in which he claims that PRMG violated the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") by, among other things, failing to promptly and accurately credit mortgage payments made by Plaintiff and putative class members, failing to suppress its credit reporting in the 60 days after receiving qualified written requests from Plaintiff and putative class members, and failing to respond to Plaintiff's qualified written request. *See* Dkt. 1.  Plaintiff filed a first amended complaint as a matter of right on August 24, 2021.  Dkt. 9.[1]  PRMG has answered.

Discovery opened on or about September 29, 2021. The parties filed a Joint Statement of the Parties pursuant to Local Civil Rule 16.3 on October 14, 2021.  Dkt. 12.  The Court issued a scheduling order on October 21, 2021, which includes a Rule 26(a)(2) expert disclosure deadline of May 1, 2022 for PRMG.  Dkt. 13.

Because Plaintiff claims, among other things, that his credit was harmed as a result of PRMG's credit reporting, PRMG engaged a credit reporting expert witness to rebut Plaintiff's allegations.  PRMG's expert has worked in the consumer credit reporting industry for over 30 years and has qualified as an expert witness in many lawsuits concerning allegations of credit

---

[1] Plaintiff filed a motion for leave to file a second amended complaint on April 14, 2022.  Dkt. 23.

126022493v.2

reporting errors and resulting damages.  Declaration of Regina J. McClendon ("McClendon Decl.") ¶ 4.

On or about January 21, 2022, Plaintiff served deposition subpoenas and accompanying document requests on the three credit reporting agencies TransUnion LLC ("TransUnion"), Equifax Credit Information Services, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, the "CRAs").  *Id*. ¶ 5; Ex. 1.  These depositions were set to take place on March 16, 2022, March 17, 2022, and March 18, 2022, but did not go forward for reasons unknown to PRMG. *Id*. ¶ 6.  In his accompanying document requests to the CRAs, Plaintiff requested, among other things, information regarding each CRA's communications with PRMG and Plaintiff.  *Id.,* Ex. 1.  As of the time of this filing, the only CRAs that have produced documents in response to Plaintiff's deposition subpoena are TransUnion and Experian.  *Id*. ¶ 7.  Plaintiff just provided PRMG with a copy of Experian's production on April 25, 2022.  *Id*.  Plaintiff has recently reset the depositions of TransUnion, Equifax, and Experian for May 4, 2022, after PRMG's expert disclosure deadline.  *Id*. ¶ 6.

PRMG served its own business record subpoenas on the three credit reporting agencies TransUnion, Equifax, and Experian on March 2, 2022, seeking information concerning Plaintiff's credit reporting allegations.  *Id*. ¶ 8.  The documents requested in PRMG's business records subpoenas to the CRAs differ from the documents requested in Plaintiff's deposition subpoenas. *Id.* Ex. 1; Ex. 2.  In response to PRMG's business records subpoenas, each of the CRAs objected on the grounds that it requires a signed written authorization from Plaintiff before it can provide the requested documents.  *Id*. ¶ 8.  PRMG requested that Plaintiff provided the required written authorization form.  *Id*. ¶ 9.  As of the time of this filing, Plaintiff has not provided the written

authorization to the CRAs, and as a result, PRMG has not yet received the documents it requested from the CRAs.  *Id.*

In addition, on March 2, 2022, PRMG served a business records subpoena on Citibank, a credit card issuer identified by Plaintiff that he contends did not issue him his desired credit, allegedly due to PRMG's credit reporting.  *Id*. ¶ 10.  Citibank initially objected to the subpoena, but on April 27, 2022, produced responsive documents.  *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that a scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b); *see also* LCvR 16.4(a) (stating that the "court may modify the scheduling order at any time upon a showing of good cause").  Good cause is demonstrated if the moving party cannot reasonably meet the scheduling order despite the moving party's diligence.  *See DAG Enters v. Exxon Mobil Corp*., 226 F.R.D. 95, 105 (2005); *see also* Moore's Federal Practice § 16.14[b] (2003) ("'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party"); *accord In re Papst Licensing GmbH & Co. KG Litig*., 762 F. Supp. 2d 56, 59 (D.D.C. 2011) ("The good cause standard under Rule 16(b) applies after the deadlines set forth in a scheduling order have passed.").

Other factors considered on a motion to modify the scheduling order may include "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to

relevant evidence." *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000); *accord In re Papst*

*Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d at 59 (the court may consider lack of prejudice

to the parties in considering a motion for leave to amend the complaint under Rule 16).  However,

while the "'[t]he existence or degree of prejudice to the party opposing modification may supply

an additional reason to deny a motion to modify a scheduling order, [] it is irrelevant to the moving

party's exercise of diligence and does not show good cause.'" *DAG Enters*., 226 F.R.D. at 110

(quoting 3 Moore's Federal Practice § 16.14[b] (2003)).

## ARGUMENT

I.    **Good cause exists to modify the scheduling order to extend PRMG's expert disclosure
      deadline.**

As set forth above, PRMG timely engaged a credit reporting expert witness to rebut

Plaintiff's claims concerning PRMG's credit reporting in advance of its expert disclosure deadline.

McClendon Decl. ¶ 3.  In order to prepare his expert report, PRMG's credit reporting expert

requires certain documents from the CRAs and Citibank.  *Id*. ¶ 11.  PRMG served subpoenas on

the CRAs on March 2, 2022, but each has objected and/or advised that it cannot provide the

requested documents until Plaintiff provides written authorization. *Id*. ¶¶ 8-10.  As of the time of

this filing, Plaintiff has not provided the requested written authorization to the CRAs and as a

result, PRMG has not yet received the requested credit reporting documents from the CRAs.  *Id*.

Likewise, Citibank initially objected to PRMG's subpoena and only produced documents on April

27, 2022.

The CRAs' failure to produce documents responsive to PRMG's subpoenas has delayed

the preparation of PRMG's credit reporting expert's report; likewise, Citibank's production days

before the expert report deadline does not allow the expert sufficient review time. *Id*. ¶ 11.  And

despite PRMG's diligence in trying to obtain the necessary documents sufficiently in advance of

its expert disclosure deadline, PRMG has not yet received the requested documents from the CRAs and, as a result, its expert is unable to review these necessary documents and cannot prepare his report. *Id*. ¶¶ 8-11.

Further, even if the CRAs were to provide the requested documents in the coming days, PRMG's expert will no longer have sufficient time to review the documents and prepare his report given the short turnaround and due to the expert's other scheduled matters. *Id*. ¶ 11.

And while any potential prejudice to the opposing party is not an independent basis to grant or deny a motion to modify the scheduling order, it is clear that no party will be prejudiced by granting this motion, as there is no trial date in this case.

Accordingly, despite PRMG's diligence in pursuing discovery and timely retaining an expert witness, PRMG is unable to meet its May 1, 2022 expert disclosure deadline and hereby requests that its deadline be continued by 60 days in order to allow sufficient time to obtain the necessary documents and for its expert witness to prepare his report. *Id*. ¶¶ 8-11.

## II.     PRMG Met and Conferred Prior to Filing This Motion.

PRMG conferred with Plaintiff's counsel regarding its plan to seek modification of the scheduling order to extend PRMG's expert disclosure deadline by 60 days and asked if Plaintiff would consent. Plaintiff has advised he will oppose the relief requested herein.

## <u>CONCLUSION</u>

For the foregoing reasons, good cause exists to modify the scheduling order and extend PRMG's expert disclosure deadline by 60 days, to July 1, 2022.

Dated: April 28, 2022                                Respectfully submitted,

                                                                   */s/ Regina J. McClendon*
                                                                   Thomas J. Cunningham
                                                                   Bar No. FL0090

tcunningham@lockelord.com
Dale A. Evans Jr.
Bar No. FL0091
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler
Drive East Tower,
Suite 215
West Palm Beach, FL 33458
Phone: (561) 833-7700

Regina J. McClendon
Bar No. CA00112
rmcclendon@lockelord.com
Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Phone: (415) 318-8810

126022493v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing via the Court's CM/ECF system on April 28, 2022 to:

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

*Counsel for plaintiff Victor Ntam*

*/s/ Regina J. McClendon*
Regina J. McClendon

126022493v.2