# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM**, <br><br>*On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* <br><br>Plaintiff, <br><br>v. <br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** <br><br>*On its behalf individually and on behalf of a class of Similarly Situated Persons* <br><br>Defendants. | Civil Case: 1:21-cv-01583-JMC |

## DECLARATION OF REGINA J. MCLENDON IN SUPPORT OF DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND PRMG'S EXPERT DISCLOSURE DEADLINE

I, Regina J. McClendon, declare:

1. I am an attorney at law and a partner at the law firm Locke Lord LLP. I make this declaration based on my own personal knowledge.

2. I am counsel of record in the above-entitled action for defendant Paramount Residential Mortgage Group, Inc. ("PRMG").

3. Pursuant to the scheduling order issued on October 21, 2021, PRMG's current expert disclosure deadline is Sunday, May 1, 2022.

4. Because plaintiff Victor Ntam claims, among other things, that his credit was harmed as a result of PRMG's credit reporting, my firm has retained a credit reporting expert witness. I believe he is sufficiently qualified to act as an expert in this action given that, among other reasons, he has worked in the consumer credit reporting industry for over 30 years and has qualified as an expert witness in many lawsuits concerning allegations of credit reporting errors

and resulting damages.

5. On or about January 21, 2022, Plaintiff served deposition subpoenas and accompanying document requests on the three credit reporting agencies TransUnion LLC ("TransUnion"), Equifax Credit Information Services, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, the "CRAs"). True and correct copies of the deposition subpoenas issued to the CRAs by Plaintiff are attached hereto as Exhibit 1.

6. Plaintiff noticed the depositions of the CRAs to take place on March 16, 2022, March 17, 2022, and March 18, 2022. However, these depositions did not go forward for reasons unknown to me. Plaintiff has recently reset the depositions of TransUnion, Equifax, and Experian for May 4, 2022, after PRMG's expert disclosure deadline of May 1, 2022.

7. As of the time of this filing, the only CRAs that have produced documents in response to Plaintiff's subpoenas are TransUnion and Experian. Plaintiff provided PRMG with a copy of Experian's production on April 25, 2022.

8. PMRG served subpoenas on the CRAs on March 2, 2022, but each has advised that it cannot provide the requested documents until Plaintiff provides written authorization. True and correct copies of the subpoenas issued to the CRAs by PRMG are attached hereto as Exhibit 2.

9. Upon receipt of the CRAs objections, my colleague Carlos Marin contacted Plaintiff's counsel and requested that Plaintiff provide the written authorization to the CRAs. As of the time of this filing, Plaintiff has not provided the requested written authorization to the CRAs, and as a result, PRMG has not yet received the requested credit reporting documents from the CRAs.

10. On March 2, 2022, PRMG served a business records subpoena on Citibank, a credit card issuer identified by Plaintiff that he contends did not issue him his desired credit, allegedly due to PRMG's credit reporting. A true and correct copy of this subpoena is attached hereto as Exhibit 3. Citibank initially objected to the subpoena and did not produce responsive documents. Citibank later produced responsive documents, on April 27, 2022.

126165192v.1

11. PRMG's credit reporting witness needs to review the requested documents from the CRAs and Citibank in order to prepare his expert report. PRMG's credit reporting witness is unable to timely prepare his expert report prior to the May 1, 2022 disclosure deadline because (1) the requested documents have still not been received by PRMG as of the time of this filing, and (2) even if the CRAs and Citibank were to provide the requested documents in the coming days, he will no longer have sufficient time to review the documents and prepare his report given the short turnaround and due to his other scheduled matters.

12. On April 25, 2022, I emailed all three counsel for Plaintiff and advised of PRMG's plan to seek modification of the scheduling order to extend PRMG's expert disclosure deadline by 60 days and asked if Plaintiff would consent. I then conferred over the phone with Plaintiff's counsel regarding this motion on April 28, 2022. Plaintiff's counsel stated that Plaintiff intends to oppose this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 28, 2022.

_____

Regina J. McClendon

**CERTIFICATE OF SERVICE**

       I hereby certify that I served the foregoing via the Court's CM/ECF system on April 28, 2022 to:

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

*Counsel for plaintiff Victor Ntam*

                                                  */s/ Regina J. McClendon*
                                                   Regina J. McClendon