Exhibit 1

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

| | |
|---|---|
| Victor Ntam | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Trans Union LLC, serve on: Corporation Service Company, 1090 Vermont Ave., NW, Washington, DC 20005

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Meeting ID: 818 2445 6878<br>Passcode: 433006 | Date and Time:<br>03/17/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/21/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Phillip Robinson<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Victor Ntam
_____, who issues or requests this subpoena, are:

Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com    (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

**VICTOR NTAM**
*On behalf of himself individually and on behalf of two classes of similarly situated persons.*

Plaintiff

*v.*

**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**
*On behalf of itself individually and on behalf of a class of similarly situated persons*

Defendant

Civil Case:

1:21-cv-01583-JEB

***JURY TRIAL DEMAND***

---

## NOTICE OF VIDEO DEPOSITION OF
## NON-PARTY TRANSUNION, LLC

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("**RESPA Class**"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party TransUnion, LLC, at the following time:

**10:00 A.M. (East Coast Time)**      **March 17, 2022[1]**
Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

[1] If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above. Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022

Respectfully submitted,

/s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Phone (301) 448-1304

/s/ Robert P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Brent S, Snyder
TN. Id. No. 21700
2125 Middlebrook Pike
Knoxville, TN 37921
865-264-3328

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO TRANSUNION LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that TransUnion appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00 AM**          **March 17, 2022**
                      Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, TransUnion shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by TransUnion in response to the attached subpoena.

2. All facts concerning the business relationship(s) between TransUnion and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by TransUnion and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

3

b. Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3. All facts concerning the business relationship(s) between TransUnion and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by TransUnion and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

b. Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4. All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5. All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

4

6. All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7. All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID 100424710003903879).

8. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9. All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above. Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

**EXHIBIT B**
**TO**
**SUBPOENA TO TRANSUNION LLC**

**REQUESTS FOR PRODUCTION**


Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that TransUnion to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

**10:00 AM**         **March 17, 2022**
Remote Video Conference

The requested documents include:

1. All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2. TransUnion's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3. TransUnion's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4. All documents regarding any actions taken by TransUnion in response to communications with Plaintiff.

5. All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6. All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7. All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8. All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.    All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.   All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.   All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.   All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.   All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff. For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.   An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

7

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia ▢

| | |
|---|---|
| Victor Ntam | )<br>) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | )<br>) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Experian Information Solutions, Inc., Serve On: CT Corporation Systems
       1015 15th Street NW, Suite 1000, Washington, DC 20005

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Meeting ID: 892 2145 7598<br>Passcode: 219717 | Date and Time:<br><br>03/18/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/21/2022

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Phillip Robinson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Victor Ntam
_____ , who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com    (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

**VICTOR NTAM**
*On behalf of himself individually and on behalf of two classes of similarly situated persons.*

Plaintiff

*v.*

**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**
*On behalf of itself individually and on behalf of a class of similarly situated persons*

Defendant

Civil Case:

1:21-cv-01583-JEB

***JURY TRIAL DEMAND***

---

## NOTICE OF VIDEO DEPOSITION OF
## NON-PARTY EXPERIAN INFORMATION SOLUTIONS, INC.

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party Experian Information Solutions, Inc., at the following time:

**10:00 A.M. (East Coast Time)**  **March 18, 2022[1]**
Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

[1] If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022

Respectfully submitted,

/s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

/s/ Robert  P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Brent S, Snyder
TN. Id. No. 21700
2125 Middlebrook Pike
Knoxville, TN 37921
865-264-3328

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EXPERIAN INFORMATION SOLUTIONS, INC.**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Experian appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00 AM**          **March 18, 2022**
                      Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, Experian shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by Experian in response to the attached subpoena.

2. All facts concerning the business relationship(s) between Experian and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Experian and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

3

b. Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3. All facts concerning the business relationship(s) between Experian and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Experian and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

b. Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4. All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5. All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

4

6. All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7. All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID 100424710003903879).

8. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9. All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above. Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

5

**EXHIBIT B**
**TO**
**SUBPOENA TO EXPERIAN INFORMATION SOLUTIONS, INC.**

**REQUESTS FOR PRODUCTION**


Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Experian to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

> **10:00 AM**        **March 18, 2022**
>                                     Remote Video Conference

The requested documents include:


1. All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2. Experian's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3. Experian's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4. All documents regarding any actions taken by Experian in response to communications with Plaintiff.

5. All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6. All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7. All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8. All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

Exhibit 1, Page 20 of 33

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.     All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.    All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.    All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.    All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.    All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff. For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.    An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

7

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

# UNITED STATES DISTRICT COURT

for the

District of Columbia  [▼]

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:20-cv-01583

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Equifax Information Services, LLC, serve on: Corporation Service Company, 1090 Vermont Ave., NW,
Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Meeting ID: 839 0346 7762<br>Passcode: 943431 | Date and Time:<br><br>03/16/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/21/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Phillip Robinson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com     (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br><br>Defendant | Civil Case:<br><br>1:21-cv-01583-JEB<br><br><br>***JURY TRIAL DEMAND*** |

## NOTICE OF VIDEO DEPOSITION OF
## NON-PARTY EQUIFAX INFORMATION SERVICES, LLC

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party Equifax Information Services, LLC, at the following time:

**10:00 A.M. (East Coast Time)**      **March 16, 2022[1]**
Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

[1] If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022

Respectfully submitted,

/s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

/s/ Robert  P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Brent S, Snyder
TN. Id. No. 21700
2125 Middlebrook Pike
Knoxville, TN 37921
865-264-3328

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EQUIFAX INFORMATION SERVICES LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Equifax appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

| | |
|---|---|
| **10:00 AM** | **March 16, 2022**<br>Remote Video Conference |

Pursuant to Federal Rules of Civil Procedure, Equifax shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by Equifax in response to the attached subpoena.

2. All facts concerning the business relationship(s) between Equifax and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Equifax and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

3

    b. Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3. All facts concerning the business relationship(s) between Equifax and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

    a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Equifax and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

    b. Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4. All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5. All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

6. All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7. All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID 100424710003903879).

8. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9. All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above. Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

5

**EXHIBIT B**
**TO**
**SUBPOENA TO EQUIFAX INFORMATION SERVICES LLC**

**REQUESTS FOR PRODUCTION**

       Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Equifax to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

     **10:00 AM**          **March 16, 2022**
                         Remote Video Conference

     The requested documents include:

1. All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2. Equifax's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3. Equifax's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4. All documents regarding any actions taken by Equifax in response to communications with Plaintiff.

5. All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6. All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7. All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8. All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

6

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.     All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.     All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.     All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.     All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.     All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff. For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.     An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

7

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

Exhibit 2

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):<br>**REGINA McCLENDON, ESQ., SBN 184669**<br>**Locke Lord LLP**<br>**101 Montgomery St., Suite 1950**<br>**San Francisco, CA 94104**<br>TELEPHONE NO: **(415) 318-8810** FAX NO.(optional): **(415) 676-5816**<br>E-MAIL ADDRESS: **rmcclendon@lockelord.com**<br>ATTORNEY FOR (Name): **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | *FOR COURT USE ONLY* |

| | |
|---|---|
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**<br>STREET ADDRESS: **333 Constitution Ave., N.W.**<br>CITY AND ZIP CODE: **Washington, DC 20001**<br>BRANCH NAME: | |
| PLAINTIFF/<br>PETITIONER: **VICTOR NTAM** | **CASE NUMBER:**<br>**1:21-cv-01583-JMC** |
| DEFENDANT/<br>RESPONDENT: **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | **JUDICIAL OFFICER:** |
| **PROOF OF ELECTRONIC SERVICE** | **DEPARTMENT:** |

1. I am at least 18 years old.

    a. My residence or business address is *(specify)*: 1511 Beverly Blvd, Los Angeles, CA 90026

    b. My electronic service address is *(specify)*: jmartinez@firstlegal.com

2. I electronically served the following documents *(exact titles)*:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment)**

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served: PHILLIP R. ROBINSON

        On behalf of *(name or names of parties represented, if person served is an attorney)*: CONSUMER LAW CENTER LLC
        10125 Colesville Road, Ste 378, Silver Spring, MD 20901

    b. Electronic service address of person served: phillip@marylandconsumer.com

    c. On *(date)*: 3/2/2022

    ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
       *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: March 2, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
JAIME MARTINEZ
(TYPE OR PRINT NAME OF DECLARANT)

*Jaime Martinez*
_____
(SIGNATURE OF DECLARANT)

Page 1 of 1

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Exhibit 2, Page 1 of 21

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** VICTOR NTAM<br>**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. | **CASE NUMBER:**<br>1:21-cv-01583-JMC |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
### *(This attachment is for use with form POS-050/EFS-050.)*
### NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| Name of Person Served<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | Electronic Service Address | Date of Electronic Service |
|---|---|---|
| BRENT S. SNYDER<br>BRENT S. SNYDER<br>2125 Middlebrook Pike<br>Knoxville, TN 37921<br>Attorney for: PLAINTIFF, | brentsnyder77@gmail.com | Date:      3/2/2022 |
| ROBERT P. COCCO<br>ROBERT P. COCCO<br>1500 Walnut Street, Ste 900<br>Philadelphia, PA 19102<br>Attorney for: PLAINTIFF, | bob.cocco@phillyconsumerlaw.com | Date:      3/2/2022 |

143692-12/POS050

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| *Plaintiff* | ) | Civil Action No. 1:21-cv-01583-JMC |
| *v.* | ) | |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| *DEFENDANT* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: TransUnion, LLC**
**555 West Adams**
**Chicago, IL 60661**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Nationwide Investigations** **333 S Wabash # 2700, Chicago, IL 60604** | **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | **/s/ REGINA McCLENDON, ESQ.** *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-12

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ████1985, SSN xxx-xx-1867) from July 23, 2020 to present.

2.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ████/1985, SSN xxx-xx-1867).

3.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ████1985, SSN xxx-xx-1867).

4.      All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ████1985, SSN xxx-xx-1867) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.      All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

6.      All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████1985, SSN xxx-xx-1867).

7.      All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████/1985, SSN xxx-xx-1867).

8.      All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████1985, SSN xxx-xx-1867).

9.      All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████/1985, SSN xxx-xx-1867).

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **TransUnion, LLC**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO88B-POS/143692

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

---

AO88B-RULES/143692

**First Legal Records**
1511 W. Beverly Blvd, Los Angeles, CA 90026
Phone: (213) 580-9260  Fax: (877) 823-7488
receiving@firstlegal.com

**First Legal Order #:**    143692-12
**CSR:**        MONIQUE GALINDO

**CASE NUMBER:** 1:21-cv-01583-JMC
**PLAINTIFF/PETITIONER:** VICTOR NTAM
**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.

## AFFIDAVIT OF CUSTODIAN OF RECORDS

**Records Produced by:** TransUnion, LLC

**Records Pertaining to:** VICTOR NTAM aka VICTOR ACHUO NTAM        **D.O.B:** ███ 1985   **S.S.N:** \*\*\*-\*\*- 1867

I hereby declare, under penalty of perjury, that the following statements are true and correct to the best of my knowledge. I, the undersigned, am the duly authorized Custodian of Records (or other qualified witness) for the above referenced records provider. I have the authority to certify that the records produced herewith pursuant to and described in the Subpoena / Authorization served with this affidavit are **ALL** the records under my control and custody pertaining to the above-named individual(s).

**1. THE ENCLOSED RECORDS ARE COMPRISED OF THE FOLLOWING: (Please check all that apply)**

☐ **Medical**      ☐ **Billing**      ☐ **Radiological Images**      ☐ **Radiological Reports**   ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**      ☐ **Scholastic**               ☐ **Dental**              ☐ **Other** _____

**2. IN WHAT MANNER WERE THE RECORDS PRODUCED: (Please check all that apply)**

☐ **Digital Format**      ☐ **Hard Copies**      ☐ **Handwritten Notes**      ☐ **Other** _____

To the best of my knowledge, all the records referred to above were prepared or compiled by the personnel of the above-named business, in the ordinary course of business, at or near the time of the acts, conditions or events recorded. The records were delivered to the attorney, the attorney's representative, or deposition officer for copying at the custodian's or witness' place of business. I have delivered all the records / items requested with the following exceptions:

**3. CERTIFICATION OF NO RECORDS: (Please check all that apply)**

☐ **Medical**      ☐ **Billing**      ☐ **Radiological Images**      ☐ **Radiological Reports**   ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**      ☐ **Scholastic**               ☐ **Dental**              ☐ **Other** _____

**4. DESCRIPTION OF WHY RECORDS WERE NOT PRODUCED: (Please check all that apply)**

☐ A thorough search of our files, carried out under the supervision of the Custodian of Records, revealed no documents, records, or other material being sought in the Subpoena or Authorization searched by name, date of birth, SSN, etc.
☐ Existing records not within the time limitation set forth in the request.
☐ All records have been destroyed in accordance with our document retention policy which is _____ years.
☐ Additional information is needed such as: _____
☐ Other: _____

| **Custodian Signature** ➡ | Print Name: _____ | Signature: _____ |
| | Date: _____ | Phone: _____ |

143692-12/CPROOF59

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):<br>**REGINA McCLENDON, ESQ., SBN 184669**<br>**Locke Lord LLP**<br>**101 Montgomery St., Suite 1950**<br>**San Francisco, CA 94104**<br>　　TELEPHONE NO.: **(415) 318-8810**　FAX NO.(optional): **(415) 676-5816**<br>　　E-MAIL ADDRESS: **rmcclendon@lockelord.com**<br>ATTORNEY FOR (Name): **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | *FOR COURT USE ONLY* |

| | |
|---|---|
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**<br>　　STREET ADDRESS: **333 Constitution Ave., N.W.**<br>　　CITY AND ZIP CODE: **Washington, DC 20001**<br>　　BRANCH NAME: | |
| **PLAINTIFF/<br>PETITIONER:**　　**VICTOR NTAM** | **CASE NUMBER:**<br>**1:21-cv-01583-JMC** |
| **DEFENDANT/<br>RESPONDENT:**　　**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | **JUDICIAL OFFICER:** |
| **PROOF OF ELECTRONIC SERVICE** | **DEPARTMENT:** |

1. I am at least 18 years old.

   a. My residence or business address is *(specify)*: 1511 Beverly Blvd, Los Angeles, CA 90026

   b. My electronic service address is *(specify)*: jmartinez@firstlegal.com

2. I electronically served the following documents *(exact titles)*:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment)**

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: PHILLIP R. ROBINSON

   On behalf of *(name or names of parties represented, if person served is an attorney)*: CONSUMER LAW CENTER LLC
   10125 Colesville Road, Ste 378, Silver Spring, MD 20901

   b. Electronic service address of person served: phillip@marylandconsumer.com

   c. On *(date)*: 3/2/2022

   ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
   *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:　March 2, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿<br>JAIME MARTINEZ<br>(TYPE OR PRINT NAME OF DECLARANT) | *Jaime Martinez*<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿<br>(SIGNATURE OF DECLARANT) |

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

143605-13/POS050

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** VICTOR NTAM<br>**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. | **CASE NUMBER:**<br>1:21-cv-01583-JMC |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
### *(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Electronic Service Address** | **Date of Electronic Service** |
|---|---|---|
| BRENT S. SNYDER<br>BRENT S. SNYDER<br>2125 Middlebrook Pike<br>Knoxville, TN 37921<br>Attorney for: PLAINTIFF, | brentsnyder77@gmail.com | Date:      3/2/2022 |
| ROBERT P. COCCO<br>ROBERT P. COCCO<br>1500 Walnut Street, Ste 900<br>Philadelphia, PA 19102<br>Attorney for: PLAINTIFF, | bob.cocco@phillyconsumerlaw.com | Date:      3/2/2022 |

143692-13/POS050

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| *DEFENDANT* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: EXPERIAN INFORMATION SOLUTIONS, INC. c/o CT Corporation System**
**330 N Brand Blvd, # 700**
**Glendale, CA 91203**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records** **1511 Beverly Blvd, Los Angeles, CA 90026** | Phone: (877) 591-9979 | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

CLERK OF COURT     OR     *REGINA McCLENDON, ESQ.*

_____     **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950, San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-13

Attachment to Subpoena to Experian Information Solutions, Inc.

DOCUMENTS REQUESTED

1.       All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867) from July 23, 2020 to present.

2.       All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

3.       All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

4.       All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.       All documents relating to the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ███/1985, SSN xxx-xx-1867) on or about February 10, 2021, including but not limited to the complaint, any investigation or reinvestigation of same, and response to the complaint.

6.       All documents reflecting the identity of the person who submitted the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ███/1985, SSN xxx-xx-1867) on or about February 10, 2021, including but not limited to any envelopes in which the complaint was contained or emails.

7.       All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

8.       All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███/1985, SSN xxx-xx-1867).

9.       All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

10.      All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███/1985, SSN xxx-xx-1867).

11.      All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **EXPERIAN INFORMATION SOLUTIONS, INC. c/o CT Corporation System**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**First Legal Records**
1511 W. Beverly Blvd, Los Angeles, CA 90026
Phone: (213) 580-9260  Fax: (877) 823-7488
receiving@firstlegal.com

**First Legal Order #:**     143692-13
**CSR:**        MONIQUE GALINDO

**CASE NUMBER:** 1:21-cv-01583-JMC
**PLAINTIFF/PETITIONER:** VICTOR NTAM
**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.

## AFFIDAVIT OF CUSTODIAN OF RECORDS
### (California Evidence Code §1561)

**Records Produced by:** EXPERIAN INFORMATION SOLUTIONS, INC. c/o CT Corporation System

**Records Pertaining to:** VICTOR NTAM aka VICTOR ACHUO NTAM     **D.O.B:** ▮1985  **S.S.N:** ***-**- 1867

I hereby declare, under penalty of perjury, that the following statements are true and correct to the best of my knowledge. I, the undersigned, am the duly authorized Custodian of Records (or other qualified witness) for the above referenced records provider. I have the authority to certify that the records produced herewith pursuant to and described in the Subpoena / Authorization served with this affidavit are **ALL** the records under my control and custody pertaining to the above-named individual(s).

**1. THE ENCLOSED RECORDS ARE COMPRISED OF THE FOLLOWING: (Please check all that apply)**

☐ **Medical**     ☐ **Billing**     ☐ **Radiological Images**     ☐ **Radiological Reports**     ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**     ☐ **Scholastic**             ☐ **Dental**                  ☐ **Other** _____

**2. IN WHAT MANNER WERE THE RECORDS PRODUCED: (Please check all that apply)**

☐ **Digital Format**     ☐ **Hard Copies**     ☐ **Handwritten Notes**     ☐ **Other** _____

To the best of my knowledge, all the records referred to above were prepared or compiled by the personnel of the above-named business, in the ordinary course of business, at or near the time of the acts, conditions or events recorded pursuant to subdivision (e) of Section 1560.The records were delivered to the attorney, the attorney's representative, or deposition officer for copying at the custodian's or witness' place of business. I have delivered all the records / items requested with the following exceptions:

**3. CERTIFICATION OF NO RECORDS: (Please check all that apply)**

☐ **Medical**     ☐ **Billing**     ☐ **Radiological Images**     ☐ **Radiological Reports**     ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**     ☐ **Scholastic**             ☐ **Dental**                  ☐ **Other** _____

**4. DESCRIPTION OF WHY RECORDS WERE NOT PRODUCED: (Please check all that apply)**

☐ A thorough search of our files, carried out under the supervision of the Custodian of Records, revealed no
   documents, records, or other material being sought in the Subpoena or Authorization searched by name, date of
   birth, SSN, etc.
☐ Existing records not within the time limitation set forth in the request.
☐ All records have been destroyed in accordance with our document retention policy which is _____ years.
☐ Additional information is needed such as: _____
☐ Other: _____

| **Custodian Signature** → | Print Name: _____ | Signature: _____ |
| | Date: _____ | Phone: _____ |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **REGINA McCLENDON, ESQ., SBN 184669** **Locke Lord LLP** **101 Montgomery St., Suite 1950** **San Francisco, CA 94104** TELEPHONE NO.: **(415) 318-8810**  FAX NO.(optional): **(415) 676-5816** E-MAIL ADDRESS: **rmcclendon@lockelord.com** ATTORNEY FOR (Name): **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | |

| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA | |
|---|---|
| STREET ADDRESS: **333 Constitution Ave., N.W.** CITY AND ZIP CODE: **Washington, DC 20001** BRANCH NAME: | |
| PLAINTIFF/ PETITIONER: **VICTOR NTAM** | CASE NUMBER: **1:21-cv-01583-JMC** |
| DEFENDANT/ RESPONDENT: **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT: |

1. I am at least 18 years old.

    a. My residence or business address is *(specify)*: 1511 Beverly Blvd, Los Angeles, CA 90026

    b. My electronic service address is *(specify)*: jmartinez@firstlegal.com

2. I electronically served the following documents *(exact titles)*:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment)**

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served: PHILLIP R. ROBINSON

    On behalf of *(name or names of parties represented, if person served is an attorney)*: CONSUMER LAW CENTER LLC
    10125 Colesville Road, Ste 378, Silver Spring, MD 20901

    b. Electronic service address of person served: phillip@marylandconsumer.com

    c. On *(date)*: 3/2/2022

    ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: March 2, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| JAIME MARTINEZ | *Jaime Martinez* |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

Page 1 of 1

| Form Approved for Optional Use Judicial Council of California POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE** **(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251 www.courts.ca.gov |
|---|---|---|

143605-11/POS050

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** VICTOR NTAM<br>**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. | **CASE NUMBER:**<br>1:21-cv-01583-JMC |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
### *(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served**<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | **Electronic Service Address** | **Date of Electronic Service** |
|---|---|---|
| BRENT S. SNYDER<br>BRENT S. SNYDER<br>2125 Middlebrook Pike<br>Knoxville, TN 37921<br>Attorney for: PLAINTIFF, | brentsnyder77@gmail.com | Date:      3/2/2022 |
| ROBERT P. COCCO<br>ROBERT P. COCCO<br>1500 Walnut Street, Ste 900<br>Philadelphia, PA 19102<br>Attorney for: PLAINTIFF, | bob.cocco@phillyconsumerlaw.com | Date:      3/2/2022 |

143692-11/POS050

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | Civil Action No. 1:21-cv-01583-JMC |
| *v.* ) | |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: EQUIFAX CREDIT INFORMATION SERVICES, INC.-Attn: Legal Records**
**PO Box 105139, Mail drop 42**
**Atlanta, GA 30348**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Atlanta Legal Services, Inc.** **3301 Buckeye Rd Ste 303, Atlanta, GA 30341** | Phone: (877) 591-9979 | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|

| | **/s/ REGINA McCLENDON, ESQ.** |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950, San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-11

Attachment to Subpoena to Equifax Information Services, LLC

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ███ /1985, SSN xxx-xx-1867) from July 23, 2020 to present.

2.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

3.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

4.      All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ███ /1985, SSN xxx-xx-1867) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.      All documents relating to the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867) on or about February 10, 2021, including but not limited to the complaint, any investigation or reinvestigation of same, and response to the complaint.

6.      All documents reflecting the identity of the person who submitted the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ███ /1985, SSN xxx-xx-1867) on or about February 10, 2021, including but not limited to any envelopes in which the complaint was contained or emails.

7.      All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

8.      All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███ /1985, SSN xxx-xx-1867).

9.      All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

10.     All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

11.     All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███ 1985, SSN xxx-xx-1867).

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **EQUIFAX CREDIT INFORMATION SERVICES, INC.-Attn: Legal Records**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO88B-POS/143692

Exhibit 2, Page 19 of 21

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requied may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

**First Legal Records**
1511 W. Beverly Blvd, Los Angeles, CA 90026
Phone: (213) 580-9260  Fax: (877) 823-7488
receiving@firstlegal.com

**First Legal Order #:**      143692-11
**CSR:**      MONIQUE GALINDO

**CASE NUMBER:** 1:21-cv-01583-JMC
**PLAINTIFF/PETITIONER:** VICTOR NTAM
**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.

## AFFIDAVIT OF CUSTODIAN OF RECORDS

**Records Produced by:**  EQUIFAX CREDIT INFORMATION SERVICES, INC.-Attn:  Legal Records

**Records Pertaining to:** VICTOR NTAM aka VICTOR ACHUO NTAM        **D.O.B:** ▮▮1985  **S.S.N:** ***-**- 1867

I hereby declare, under penalty of perjury, that the following statements are true and correct to the best of my knowledge. I, the undersigned, am the duly authorized Custodian of Records (or other qualified witness) for the above referenced records provider. I have the authority to certify that the records produced herewith pursuant to and described in the Subpoena / Authorization served with this affidavit are **ALL** the records under my control and custody pertaining to the above-named individual(s).

**1. THE ENCLOSED RECORDS ARE COMPRISED OF THE FOLLOWING: (Please check all that apply)**

☐ **Medical**      ☐ **Billing**      ☐ **Radiological Images**      ☐ **Radiological Reports**      ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**      ☐ **Scholastic**      ☐ **Dental**      ☐ **Other** _____

**2. IN WHAT MANNER WERE THE RECORDS PRODUCED: (Please check all that apply)**

☐ **Digital Format**      ☐ **Hard Copies**      ☐ **Handwritten Notes**      ☐ **Other** _____

To the best of my knowledge, all the records referred to above were prepared or compiled by the personnel of the above-named business, in the ordinary course of business, at or near the time of the acts, conditions or events recorded. The records were delivered to the attorney, the attorney's representative, or deposition officer for copying at the custodian's or witness' place of business. I have delivered all the records / items requested with the following exceptions:

**3. CERTIFICATION OF NO RECORDS (Please check all that apply)**

☐ **Medical**      ☐ **Billing**      ☐ **Radiological Images**      ☐ **Radiological Reports**      ☐ **Insurance**
☐ **Employment**  ☐ **Payroll**      ☐ **Scholastic**      ☐ **Dental**      ☐ **Other** _____

**4. DESCRIPTION OF WHY RECORDS WERE NOT PRODUCED: (Please check all that apply)**

☐ A thorough search of our files, carried out under the supervision of the Custodian of Records, revealed no documents, records, or other material being sought in the Subpoena or Authorization searched by name, date of birth, SSN, etc.
☐ Existing records not within the time limitation set forth in the request.
☐ All records have been destroyed in accordance with our document retention policy which is _____ years.
☐ Additional information is needed such as: _____
☐ Other: _____

| **Custodian Signature** ➡ | Print Name: _____ | Signature: _____ |
| | Date: _____ | Phone: _____ |

Exhibit 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
**REGINA McCLENDON, ESQ., SBN 184669**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950**
**San Francisco, CA 94104**
    TELEPHONE NO.: **(415) 318-8810**   FAX NO.(optional): **(415) 676-5816**
    E-MAIL ADDRESS: **rmcclendon@lockelord.com**
ATTORNEY FOR (Name): **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
    STREET ADDRESS: **333 Constitution Ave., N.W.**
    CITY AND ZIP CODE: **Washington, DC 20001**
    BRANCH NAME:

PLAINTIFF/
PETITIONER:    **VICTOR NTAM**

DEFENDANT/
RESPONDENT:    **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
**1:21-cv-01583-JMC**

JUDICIAL OFFICER:

DEPARTMENT:

1. I am at least 18 years old.

   a. My residence or business address is *(specify)*: 1511 Beverly Blvd, Los Angeles, CA 90026

   b. My electronic service address is *(specify)*: jmartinez@firstlegal.com

2. I electronically served the following documents *(exact titles)*:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**   **(with attachment)**

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: PHILLIP R. ROBINSON

     On behalf of *(name or names of parties represented, if person served is an attorney)*: CONSUMER LAW CENTER LLC
     10125 Colesville Road, Ste 378, Silver Spring, MD 20901
   b. Electronic service address of person served: phillip@marylandconsumer.com

   c. On *(date)*: 3/2/2022

   ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
     *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: March 2, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Jaime Martinez*

| JAIME MARTINEZ | (SIGNATURE OF DECLARANT) |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | |

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

143605-03/POS050

**Exhibit 3, Page 1 of 7**

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** VICTOR NTAM<br>**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. | **CASE NUMBER:**<br>1:21-cv-01583-JMC |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
### *(This attachment is for use with form POS-050/EFS-050.)*
### NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| Name of Person Served<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | Electronic Service Address | Date of Electronic Service |
|---|---|---|
| BRENT S. SNYDER<br>BRENT S. SNYDER<br>2125 Middlebrook Pike<br>Knoxville, TN 37921<br>Attorney for: PLAINTIFF, | brentsnyder77@gmail.com | Date:      3/2/2022 |
| ROBERT P. COCCO<br>ROBERT P. COCCO<br>1500 Walnut Street, Ste 900<br>Philadelphia, PA 19102<br>Attorney for: PLAINTIFF, | bob.cocco@phillyconsumerlaw.com | Date:      3/2/2022 |

143692-03/POS050

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| *DEFENDANT* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: CITIBANK/CITIBANK,N.A. c/o LEGAL SERVICES**
**5800 South Corporate Place, Mail Code  451**
**Sioux Falls, SD 57108**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Action Process Serving** **2522 W 41st St Ste 213, Soiux Falls, SD 57105** | Phone: (877) 591-9979 | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**          *CLERK OF COURT*          OR     *REGINA McCLENDON, ESQ.*

_____          **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-03

Attachment to Subpoena to Citibank, N.A.

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB █████/1985, SSN xxx-xx-1867) or Ntam Construction LLC after July 23, 2020 concerning any application for a Home Depot credit card, your response to same, and the credit limit on such credit card.

2.      All adverse action notices (as defined in section 701(d) of the Equal Credit Opportunity Act) you issued to Victor Ntam aka Victor Achuo Ntam (DOB █████/1985, SSN xxx-xx-1867) or Ntam Construction LLC after July 23, 2020.

3.      All documents explaining or depicting the reason the reason for the credit limit on any Home Depot credit card issued to Victor Ntam aka Victor Achuo Ntam (DOB █████/1985, SSN xxx-xx-1867) or Ntam Construction LLC after July 23, 2020.

4.      All documents explaining or depicting the credit limit(s) on any Home Depot credit card issued to Victor Ntam aka Victor Achuo Ntam (DOB █████/1985, SSN xxx-xx-1867) or Ntam Construction LLC after July 23, 2020.

5.      Records of all transactions on any Home Depot credit card issued to Victor Ntam aka Victor Achuo Ntam (DOB █████/1985, SSN xxx-xx-1867) or Ntam Construction LLC after July 23, 2020.

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **CITIBANK/CITIBANK,N.A. c/o LEGAL SERVICES**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's Address*

Additional information regarding attempted service, etc:

AO88B-POS/143692

Exhibit 3, Page 5 of 7

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** Quashing or Modifying a Subpoena.

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

---

**First Legal Records**
1511 W. Beverly Blvd, Los Angeles, CA 90026
Phone: (213) 580-9260  Fax: (877) 823-7488
receiving@firstlegal.com

**First Legal Order #:**     143692-03
**CSR:**          MONIQUE GALINDO

**CASE NUMBER:** 1:21-cv-01583-JMC

**PLAINTIFF/PETITIONER:** VICTOR NTAM

**DEFENDANT/RESPONDENT:** PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.

## AFFIDAVIT OF CUSTODIAN OF RECORDS

**Records Produced by:**  CITIBANK/CITIBANK,N.A. c/o LEGAL SERVICES

**Records Pertaining to:**  VICTOR NTAM aka VICTOR ACHUO NTAM          **D.O.B:** ▮/1985   **S.S.N:** ***-**- 1867

I hereby declare, under penalty of perjury, that the following statements are true and correct to the best of my knowledge. I, the undersigned, am the duly authorized Custodian of Records (or other qualified witness) for the above referenced records provider. I have the authority to certify that the records produced herewith pursuant to and described in the Subpoena / Authorization served with this affidavit are **ALL** the records under my control and custody pertaining to the above-named individual(s).

**1. THE ENCLOSED RECORDS ARE COMPRISED OF THE FOLLOWING: (Please check all that apply)**

☐ **Medical**     ☐ **Billing**     ☐ **Radiological Images**     ☐ **Radiological Reports**     ☐ **Insurance**

☐ **Employment**  ☐ **Payroll**     ☐ **Scholastic**             ☐ **Dental**                  ☐ **Other** _____

**2. IN WHAT MANNER WERE THE RECORDS PRODUCED: (Please check all that apply)**

☐ **Digital Format**     ☐ **Hard Copies**     ☐ **Handwritten Notes**     ☐ **Other** _____

To the best of my knowledge, all the records referred to above were prepared or compiled by the personnel of the above-named business, in the ordinary course of business, at or near the time of the acts, conditions or events recorded. The records were delivered to the attorney, the attorney's representative, or deposition officer for copying at the custodian's or witness' place of business. I have delivered all the records / items requested with the following exceptions:

**3. CERTIFICATION OF NO RECORDS: (Please check all that apply)**

☐ **Medical**     ☐ **Billing**     ☐ **Radiological Images**     ☐ **Radiological Reports**     ☐ **Insurance**

☐ **Employment**  ☐ **Payroll**     ☐ **Scholastic**             ☐ **Dental**                  ☐ **Other** _____

**4. DESCRIPTION OF WHY RECORDS WERE NOT PRODUCED: (Please check all that apply)**

☐ A thorough search of our files, carried out under the supervision of the Custodian of Records, revealed no documents, records, or other material being sought in the Subpoena or Authorization searched by name, date of birth, SSN, etc.
☐ Existing records not within the time limitation set forth in the request.
☐ All records have been destroyed in accordance with our document retention policy which is _____ years.
☐ Additional information is needed such as: _____
☐ Other: _____

| **Custodian Signature** ➡ | Print Name: _____ | Signature: _____ |
| | Date: _____ | Phone: _____ |