**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**, | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| *On its behalf individually and on behalf of a class of Similarly Situated Persons* | |
| Defendant. | |

**EXHIBIT 1 TO**
**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE**
**SECOND AMENDED & SUPPLEMENTAL COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**, | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**, | |
| *On its behalf individually and on behalf of a class of Similarly Situated Persons* | |
| Defendant. | |

## AFFIDAVIT OF BRENT SNYDER

I, Brent Snyder, affiant, state the following based upon my personal knowledge:

1.      I am a competent person over eighteen years of age and am the Plaintiff's counsel in this action.

2.      This affidavit is being submitted in support of Plaintiffs' Motion for Leave to File Second Amended & Supplemental Class Action Complaint.

3.      This affidavit is to set forth the volume of discovery issues, delays, and disputes in this action encountered by the Plaintiff in this matter which delayed him from timely seeking to amend his pleading.

4.      Soon after the Court's initial discovery order permitting discovery to commence, Plaintiff on October 29, 2021 issued a Subpoena to Cenlar for documents and testimony. In

response Cenlar objected, has produced no documents and the deposition originally set November 22, 2021 did not occur in light of the unresolved objections.

5.     Plaintiff also on November 30, 2021 issued a Subpoena to Regulus for documents and testimony. In response Regulus objected, the deposition originally set January 4, 2022 has not occurred. Plaintiff reissued a subpoena on April 22, 2022 for deposition on May 4, 2022 but has now been rescheduled for May 12, 2022.  Regulus has produced the agreed upon limited scope of documents on May 3, 2022.

6.     Plaintiff originally noticed the deposition of the QWR/NOE investigator Ms. Vaden deposition pursuant to Rule 30(b)(1) on November 10, 2021. Defendant did not disclose that she was no longer employed by PMRG until December 14, 2021 and thereafter disclosed that in fact she was never employed by PRMG or even Cenlar but instead a third party vender utilized by Cenlar on PRMG's (and other Cenlar clients) behalf. The deposition finally occurred on Saturday March 12, 2022.

7.     On October 29, 2021, Plaintiff noticed a Rule 30(b)(6) Deposition to Cenlar related to credit reporting issues to occur tentatively on December 17, 2021. Objections were lodged. A meet and confer took place between counsel for Plaintiff and counsel for Defendant and Cenlar. Eventually the deposition for the designee to testify about these issues was scheduled for March 31, 2022. However, it was then canceled at the request of counsel for the Defendant and Cenlar due to witness illness. It has now been rescheduled for May 17, 2022.

8.     On October 29, 2021, Plaintiff noticed a Rule 30(b)(6) Deposition to Cenlar related to the OCC consent order and payment processing (ACH) to occur tentatively on December 17, 2021. Objections were lodged. A meet and confer took place between counsel for Plaintiff and counsel for Defendant and Cenlar. Eventually the deposition for the designee to testify about these

issues was scheduled for March 31, 2022. However, it was then canceled at the request of counsel for the Defendant and Cenlar due to witness illness. It has now been rescheduled for May 9, 2022. The Court previously ruled that this deposition could proceed (*see* Minute Order entered on Feb. 17, 2022).

9.      On October 29, 2021, Plaintiff noticed a Rule 30(b)(6) Deposition to Cenlar related to topics concerning qualified written requests, notices of error, and RESPA practices to occur tentatively on December 17, 2021. Objections were lodged. A meet and confer took place between counsel for Plaintiff and counsel for Defendant and Cenlar. Eventually the deposition for these topics took place on April 14, 2022.

10.     In a follow-up to the Court's order on February 17, 2022, counsel for the parties met and conferred for approximately 5 hours and prepared two charts compiling all of the Defendant's and Cenlar's objections, and the parties' positions. This encompassed 81 pages of objections by PRMG and Cenlar. The Court denied the parties request for a teleconference and instructed them to limit the disputes. Since that time the parties have had numerous further meet and confers resolving some but certainly not a majority of PRMG's and Cenlar's objections.  These subsequent meet and confer sessions have involved hours of more time and effort by Plaintiffs' counsel to try to move this action along in a cooperative manner.

11.     The deposition of PRMG's director of loan servicing, Christy Christiansen (the only individual PRMG has identified in its Rule 26 disclosure with any information relevant to this case who is employed by PRMG) was originally noticed for December 21, 2021, then agreed to occur on January 21, 2022 but it was unilaterally canceled by the Defendant on January 14, 2022 without the consent or agreement of the Plaintiff. The deposition finally took place on February 15, 2022. In her deposition Ms. Christiansen identified several documents that had not

been produced in response to prior served requests for production.  These documents were timely requested after reviewing Ms. Christensen's transcript on March 3, 2022; however, the documents still have not been produced. In an email from Defendant's counsel on April 26, 2022, Defendant represented it would produce these documents (but as of this filing, the supplemental production has not occurred).

12.    Since the filing of the case Plaintiff's counsel and counsel for PRMG/Cenlar have had no less than 10 meet and confers in an attempt to resolve discovery disputes.

13.    On January 21, 2022 Plaintiff issued subpoenas for documents and testimony to the credit reporting agencies: TransUnion, Equifax, and Experian ("CRAs"). On February 4, 2022 PRMG and Cenlar lodged objections to all three, but then on March 2, 2022 PRMG issued its own subpoenas to the CRAs requesting substantially similar information.  The CRAs refused in large part to timely respond or provide alternative dates for deposition testimony (which is expected to be short and focused), so Plaintiff was forced to issue new subpoenas to each despite two months or more of good-faith efforts to obtain the production requested and acquire the narrowed testimony as well as alternative dates.  The CRAs have finally agreed to be deposed on May 10th and 11th and have provided some of the requested documents but not others.

14.    On March 25, 2022 Plaintiff issued a corporate designee subpoena for limited testimony to Cenlar's vendor—i.e., Crane Consulting and Outsourcing, LLC ("CCO")—used to respond to Qualified Written Requests and Notices of Error for a deposition to occur on April 28, 2022.   Counsel for CCO agreed to meet and confer with Plaintiff's counsel on April 28, 2022 (ironically the same date for which the deposition was noticed) but then unilaterally canceled the conference on the morning of April 28, 2022 at 10:03a.m.  Plaintiff's counsel sought to reschedule the conference but counsel for CCO has not responded with any available thereafter.

15.     While PRMG and Cenlar have delayed Plaintiff's efforts to conduct timely discovery, Plaintiff has continued to investigate his claims and acted diligently.  Given that Cenlar and PRMG have elected not to provide responsive discovery in a timely manner, Plaintiff was not able in good faith to move for amendment by the amendment deadline.  However, Cenlar and PRMG are acting in concert and are represented by the same counsel in this matter and have suffered no prejudice caused by Plaintiff for his delay in moving to amend.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Date: May 5, 2022

_____
  Brent Snyder