# IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br>Defendant | Civil Case:<br><br>1:21-cv-01583-JMC |

## APPENDIX OF EXHIBITS TO
## JOINT DISCOVERY LETTER REGARDING DEFENDANT'S
## THIRD PARTY SUBPOENAS (ECF. 30)

| TABLE OF EXHIBITS | | |
|---|---|---|
| | **SUBPOENA** | **APPENDIX PAGE** |
| **SUBJECT SUBPOENAS** | | |
| 1. | **Taju Ajibola** (4/18/2022) | Apx. 1 |
| 2. | **Deen Tax & Accounting Services** (4/18/2022) | Apx. 7 |
| 3. | **Tewodros Amde** (4/16/2022) | Apx. 13 |
| 4. | **Precise Engineering, LLC** (4/16/2022) | Apx. 17 |
| 5. | **Armin Ettedahi** (4/16/2022) | Apx. 21 |
| 6. | **State Employees Credit Union of Maryland** (4/16/2022) | Apx. 25 |
| 7. | **Maryland Department of Motor Vehicles** (4/19/2022) | Apx. 29 |
| **DEFENDANT'S PREVIOUS SUBPOENAS REFERENCES IN ECF. 30**[1] | | |
| 1. | **Consumer Financial Protection Bureau** (3/2/2022) | Apx. 35 |
| 2. | **Federal Trade Commission** (3/2/2022) | Apx. 39 |
| 3. | **Citibank, NA** (3/2/2022) | Apx. 43 |
| 4. | **Answer Title** (3/2/2022) | Apx. 47 |
| 5. | **Synchrony Bank** (3/2/2022) | Apx. 51 |
| 6. | **The Menkiti Group** (3/2/2022) | Apx. 55 |
| 7. | **The United States Postal Service** (3/2/2022) | Apx. 59 |
| 8. | **Keller Williams Capital Properties** (3/2/2022) | Apx. 63 |
| 9. | **Marie Claire Ntam** (3/2/2022)<br>Note: Defendant issued a second subpoena for a deposition (which will occur on 6/15/2022) | Apx. 67 |
| 10. | **Florence Herndon LCSW-C** (3/2/2022) | Apx. 71 |
| 11. | **Equifax Credit Information Services, Inc.** (3/2/2022) | Apx. 75 |
| 12. | **Transunion, LLC** (3/2/2022) | Apx. 79 |

---

[1]     A third-party subpoena was also issued to Desha Butler (5/17/2022) for deposition testimony and for documents.

| TABLE OF EXHIBITS | | |
|---|---|---|
| | **SUBPOENA** | **APPENDIX PAGE** |
| 13. | **Experian Information Solutions Inc.** (3/2/2022) | Apx. 83 |
| 14. | **Industrial Bank, NA** (3/2/2022) | Apx. 87 |
| 15. | **Fiserv, Inc.** (3/2/2022) | Apx. 92 |
| **PLAINTIFF'S ISSUED SUBPOENAS GENERALLY REFERENCED IN ECF. 30**[2] **BY DEFENDANT** | | |
| 1. | **Cenlar FSB** (10/29/2021)<br>Note:  Cenlar identified three different designees for testimony which has now all occurred:<br>• Riley (4/14/2022)<br>• Gillespie (5/9/2022)<br>• Sullivan (5/17/2022) | Apx. 96 |
| 2. | **TransUnion, LLC** (1/21/2022) (4/22/2022)<br>Note: Plaintiff issued a second subpoena for testimony because TransUnion would not provide a date for its witness and upon receipt of the second subpoena TransUnion finally confirmed a deposition date for most of the areas of inquiry which has occurred. | Apx. 109<br><br>Apx. 120 |
| 3. | **Regulus Group, LLC** (11-30-2022)(4/22/2022)<br>Note: plaintiff issued a second subpoena for testimony pursuant to the court's order (minute order 2/17/2022) and the deposition has occurred. | Apx. 130<br><br>Apx. 141 |
| 4. | **Experian Information Solutions, Inc.** (1/21/2022)(4/22/2022) Note: Plaintiff issued a second subpoena for testimony because Experian would not provide a date for its witness and upon receipt of the second subpoena Experian finally confirmed a deposition date for most of the areas of inquiry which has occurred. | Apx. 151<br><br>Apx.  162 |

---

[2] This list does not include Rule 30(b)(1) depositions notices issued to the Defendant's managing agents or employees.  These resulted depositions which have occurred (2/15/2022, 3/12/2022, and 5/9/2022).

| TABLE OF EXHIBITS | | |
|---|---|---|
| | **SUBPOENA** | **APPENDIX PAGE** |
| 5. | **Equifax Credit Information Services, Inc.** (1/21/2022)(4/22/2022) Note: Plaintiff issued a second subpoena for testimony because Equifax would not provide a date for its witness and upon receipt; Equifax has not produced any responsive documents to plaintiff and as a result no deposition has occurred. | Apx. 172 Apx. 183 |
| 6. | **Crane Consulting & Outsourcing LLC** (3/25/2022)(5/10/2022) Note: Plaintiff issued a second subpoena for testimony because Crane would not provide a date for its witness and upon receipt of the second subpoena Experian finally confirmed a deposition date for most of the areas of inquiry. | Apx. 193 Apx. 206 |
| 7. | **Federal National Mortgage Association** (5/10/2022) | Apx. 216 |
| 8. | **Jonathan Shapiro** (5/10/2022) | Apx. 225 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Victor Ntam | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-01583-JMC |
| | ) | |
| Paramount Residential Mortgage Group, Inc. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Taju A. Ajibola, 2362 Hamiltowne Cir., Rosedale, MD 21237

_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached.

| Place: Torri's Legal Services<br>18403 Woodfield Road Suite A, Gaithersburg, MD 20878 | Date and Time:<br>May 19, 2022 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 18, 2022

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Paramount Residential Mortgage Group, Inc._____ , who issues or requests this subpoena, are:
Regina J. McClendon, Locke Lord LLP, 101 Montgomery Street, Suite 1950, San Francisco, CA 94104
Email: rmcclendon@lockelord.com; Tel: 415-318-8810

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

**Apx.1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**Apx.3**


American LegalNet, Inc.
www.FormsWorkFlow.com

Subpoena Attachment to Taju A. Ajibola, 2362 Hamiltowne Cir., Rosedale, MD 21237

DOCUMENTS REQUESTED

1.      Copies of income tax returns (state/District of Columbia, federal, and local), including all schedules, filed by Victor Ntam aka Victor Achuo Ntam (DOB 7/15/1985, SSN xxx-xx-1867) for tax years 2020 and 2021.

2.      Copies of income tax returns (state/District of Columbia, federal, and local), including all schedules, filed by Ntam Construction, LLC for tax years 2020 and 2021.

3.      All documents relating to real property located at 1021 51st Street, Washington DC 20019.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 101 Montgomery, Suite 1950, San Francisco, California 94104.  On April 18, 2022, I served the foregoing documents described as:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TAJU A. AJIBOLA**

on the parties or attorneys for parties in this action who are identified below, using the following means of service.  (If more than one means of service is checked, the means of service used for each party is indicated below).

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

☑    **BY E-MAIL.**  I caused the foregoing document(s) to be transmitted by e-mail electronic

transmission to the e-mail address for each of the parties listed above, as last given by that

person on any document which he or she has filed in this action and served upon this office.


☑    **(Federal)** I declare that I am employed in the office of a member of the bar of this court,

at whose direction the service was made.


Executed on April 18, 2022, at San Francisco, California.

Hayli Holmes

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| Victor Ntam _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-01583-JMC |
| | ) | |
| Paramount Residential Mortgage Group, Inc. _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Deen Tax & Accounting Services, 2362 Hamiltowne Cir., Rosedale, MD 21237

_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Please see attached.

| Place: Torri's Legal Services<br>18403 Woodfield Road Suite A, Gaithersburg, MD 20878 | Date and Time:<br>May 19, 2022 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 18, 2022 _____

|  *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Paramount Residential Mortgage Group, Inc._____ , who issues or requests this subpoena, are:
Regina J. McClendon, Locke Lord LLP, 101 Montgomery Street, Suite 1950, San Francisco, CA 94104
Email: rmcclendon@lockelord.com; Tel: 415-318-8810

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.7**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                          *Server's signature*

                                  _____
                                          *Printed name and title*

                                  _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

**Apx.8**


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

Subpoena Attachment to Deen Tax & Accounting Services, 2362 Hamiltowne Cir., Rosedale, MD 21237

DOCUMENTS REQUESTED

1.    Copies of income tax returns (state/District of Columbia, federal, and local), including all schedules, filed by Victor Ntam aka Victor Achuo Ntam (DOB 7/15/1985, SSN xxx-xx-1867) for tax years 2020 and 2021.

2.    Copies of income tax returns (state/District of Columbia, federal, and local), including all schedules, filed by Ntam Construction, LLC for tax years 2020 and 2021.

3.    All documents relating to real property located at 1021 51st Street, Washington DC 20019.

125957064v.1

**Apx.10**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 101 Montgomery, Suite 1950, San Francisco, California 94104.  On April 18, 2022, I served the foregoing documents described as:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO DEEN TAX & ACCOUNTING SERVICES**

on the parties or attorneys for parties in this action who are identified below, using the following means of service.  (If more than one means of service is checked, the means of service used for each party is indicated below).

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

   ☑   **BY E-MAIL.** I caused the foregoing document(s) to be transmitted by e-mail electronic transmission to the e-mail address for each of the parties listed above, as last given by that person on any document which he or she has filed in this action and served upon this office.

   ☑   **(Federal)** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on April 18, 2022, at San Francisco, California.

Hayli Holmes

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 17 of 231

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | ) Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **TEWODROS AMDE**

**9707 24th Ave
Adelphi, MD 20783**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See Attachment to Subpoena in a Civil Case.**

| Place: **First Legal Records c/o Desert Eagle Investigations LLC 938 Swan Creek Rd. E., #169, Fort Washington, MD 20744** | **Phone: (877) 591-9979** | Date and Time: **5/5/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **April 15, 2022**

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____ *Signature of Clerk or Deputy Clerk* | | **/s/ REGINA McCLENDON, ESQ.** *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.
Locke Lord LLP
101 Montgomery St., Suite 1950,  San Francisco, CA 94104
(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/145971-01

Subpoena Attachment to Tewodros Amde, 9707 24th Ave., Adelphi, MD 20783-1319

## DOCUMENTS REQUESTED

1.     All contracts or agreements between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

2.     All documents evidencing or depicting any payments to you from Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

3.     All drawings, plans, specifications, or reports relating to the property located at 1021 51st Street, Washington DC.

4.     All documents depicting or showing any work you performed relating to the property located at 1021 51st Street, Washington DC.

5.     All correspondence, including emails, between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 19 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **TEWODROS AMDE**

on *(date)* **04/15/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.


Date: _____                  _____
                                                       *Server's signature*


                                        _____
                                                       *Printed name and title*


                                        _____
                                                       , ,
                                                       *Server's Address*


Additional information regarding attempted service, etc:

**Apx.15**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 20 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 21 of 231

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | ) Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: PRECISE ENGINEERING LLC**
   **9733 Kings Crown Ct, Unit 101**
   **Fairfax, VA 22031**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   **See Attachment to Subpoena in a Civil Case.**

| Place:<br>**First Legal Records c/o Torri's Legal Services**<br>**P.O. Box 1029, Springfield, VA 22151** | **Phone: (877) 591-9979** | Date and Time:<br>**5/5/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 15, 2022

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| | | |
| _____ | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/145971-02

Subpoena Attachment to Precise Engineering LLC, 9733 Kings Crown Ct, Fairfax, VA 22031

## DOCUMENTS REQUESTED

1.    All contracts or agreements between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

2.    All documents evidencing or depicting any payments to you from Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

3.    All drawings, plans, specifications, or reports relating to the property located at 1021 51st Street, Washington DC.

4.    All documents depicting or showing any work you performed relating to the property located at 1021 51st Street, Washington DC.

5.    All correspondence, including emails, between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 23 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **PRECISE ENGINEERING LLC**

on *(date)* **04/15/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

**Apx.19**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 24 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/145971

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 25 of 231

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | )  Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **ARMIN ETTEHADI**

   **11597 North Shore Drive, Apt 22**
   **Reston, VA 20190**

☒  *Production:*  **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   **See Attachment to Subpoena in a Civil Case.**

| Place:<br>**First Legal Records c/o Torri's Legal Services**<br>**P.O. Box 1029, Springfield, VA 22151** | **Phone: (877) 591-9979** | Date and Time:<br>**5/5/2022 10:00 AM** |
|---|---|---|

☐  *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 15, 2022

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/145971-03

Subpoena Attachment to Armin Ettehadi, 11597 North Shore Dr., Apt 22, Reston, VA 20190-4339.

## DOCUMENTS REQUESTED

1.  All contracts or agreements between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

2.  All documents evidencing or depicting any payments to you from Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

3.  All drawings, plans, specifications, or reports relating to the property located at 1021 51st Street, Washington DC.

4.  All documents depicting or showing any work you performed relating to the property located at 1021 51st Street, Washington DC.

5.  All correspondence, including emails, between you and Victor Ntam aka Victor Achuo Ntam or Ntam Construction LLC related to the property at 1021 51st Street, Washington DC.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 27 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **ARMIN ETTEHAD**

**I**on *(date)* **04/15/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

**Apx.23**

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

AO88B-RULES/145971

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 29 of 231

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | )   Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: STATE EMPLOYEES CREDIT UNION OF MARYLAND**
**971 Corporate Blvd**
**Linthicum, MD 21090**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See Attachment to Subpoena in a Civil Case.**

| Place: **First Legal Records c/o Desert Eagle Investigations LLC** **938 Swan Creek Rd. E., #169, Fort Washington, MD 20744**   **Phone: (877) 591-9979** | Date and Time: **5/5/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 15, 2022

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|

|  |  |
|---|---|
| *Signature of Clerk or Deputy Clerk* | **/s/ REGINA McCLENDON, ESQ.** *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/145971-04

Subpoena Attachment to State Employees Credit Union of Maryland, 971 Corporate Boulevard, Linthicum, MD 21090

## DOCUMENTS REQUESTED

1.  All account or bank statements for any account held by Victor Ntam aka Victor Achuo Ntam (DOB ███████ SSN xxx-xx-███) covering the time period from July 1, 2020 through November 30, 2021.

2.  All documents evidencing or depicting any deposits made into any account held by Victor Ntam aka Victor Achuo Ntam (DOB ███████ SSN xxx-xx-███) from July 1, 2020 through November 30, 2021, including but not limited to copies/images of deposited checks.

3.  All documents evidencing or depicting any withdrawals made from any account held by Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███) from July 1, 2020 through November 30, 2021, including but not limited to copies/images of canceled checks.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 31 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **STATE EMPLOYEES CREDIT UNION OF MARYLAND**

on *(date)* **04/15/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.


Date:

_____
*Server's signature*


_____
*Printed name and title*


_____
*, ,*
*Server's Address*


Additional information regarding attempted service, etc:

**Apx.27**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 32 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/145971

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Victor Ntam | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 1:21-cv-01583-JMC |
| | ) |
| Paramount Residential Mortgage Group, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Maryland Department of Transportation, Motor Vehicle Administration, 6601 Ritchie Highway N.E., Glen Burnie, MD 21062
_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached.

| Place: Torri's Legal Services<br>18403 Woodfield Road Suite A, Gaithersburg, MD 20878 | Date and Time:<br>May 20, 2022 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 19, 2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *(signature)* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Paramount Residential Mortgage Group, Inc. _____, who issues or requests this subpoena, are:
Regina J. McClendon, Locke Lord LLP, 101 Montgomery Street, Suite 1950, San Francisco, CA 94104
Email: rmcclendon@lockelord.com; Tel: 415-318-8810

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.29**

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                            *Server's signature*

                                                       _____
                                                                            *Printed name and title*

                                                       _____
                                                                            *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
 **(i)** is a party or a party's officer; or
 **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 **(i)** fails to allow a reasonable time to comply;
 **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 **(i)** expressly make the claim; and
 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Apx.31**


American LegalNet, Inc.
www.FormsWorkFlow.com

Subpoena Attachment to Maryland Department of Transportation, Motor Vehicle Administration, 6601 Ritchie Highway N.E., Glen Burnie, MD 21062

## DOCUMENTS REQUESTED

1.  Vehicle registration records for any vehicle owned by Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-████) from July 2020 to the present.

2.  Vehicle title records for any vehicle owned by Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-████) from July 2020 to the present.

3.  Documents depicting the address of  Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-████) from July 2020 to the present.

4.  Documents depicting the address to which the vehicle bearing VIN ████████████ is registered.

5.  Documents depicting the address to which the vehicle bearing VIN ████████████ is titled.

6.  Documents depicting the address to which the vehicle bearing VIN ████████████ is registered.

7.  Documents depicting the address to which the vehicle bearing VIN ████████████ is titled.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 101 Montgomery, Suite 1950, San Francisco, California 94104.  On April 19, 2022, I served the foregoing documents described as:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO MARYLAND DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE ADMINISTRATION**

on the parties or attorneys for parties in this action who are identified below, using the following means of service.  (If more than one means of service is checked, the means of service used for each party is indicated below).

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

**Apx.33**

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

☑    **BY E-MAIL.**  I caused the foregoing document(s) to be transmitted by e-mail electronic

transmission to the e-mail address for each of the parties listed above, as last given by that

person on any document which he or she has filed in this action and served upon this office.

☑    **(Federal)** I declare that I am employed in the office of a member of the bar of this court,

at whose direction the service was made.

Executed on April 19, 2022, at San Francisco, California.

Hayli Holmes

2

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 39 of 231

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| *DEFENDANT* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Consumer Financial Protection Bureau c/o General Counsel**
**1700 G Street NW**
**Washington, DC 20552**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Ste 101-252, Washington, DC 20036** | **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-01

Attachment to Subpoena to Consumer Financial Protection Bureau, c/o General Counsel of the Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.

DOCUMENTS REQUESTED

1.      All documents relating to CFPB complaint no. 210210-6052439 concerning Victor Ntam aka Victor Achuo Ntam.

2.      All documents evidencing or depicting the IP address from which CFPB complaint no. 210210-6052439 concerning Victor Ntam aka Victor Achuo Ntam was submitted.

3.      All documents evidencing or depicting the email address from which CFPB complaint no. 210210-6052439) concerning Victor Ntam aka Victor Achuo Ntam was submitted and/or any email address associated with CFPB complaint no. 210210-6052439 concerning Victor Ntam aka Victor Achuo Ntam.

4.      All documents reflecting the identity of the person who submitted CFPB complaint no. 210210-6052439 concerning Victor Ntam aka Victor Achuo Ntam.

5.      All complaints submitted since July 23, 2019, concerning Victor Ntam aka Victor Achuo Ntam.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 41 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Consumer Financial Protection Bureau c/o General Counsel**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 42 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 43 of 231

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| _Plaintiff_ | ) | |
| _v._ | ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| _DEFENDANT_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: FEDERAL TRADE COMMISSION, ATTN: LINA M. KHAN, CHAIR**
**600 Pennsylvania Ave NW**
**Wasington, DC 20580**

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place:<br>**First Legal Records c/o Torri's Legal Services**<br>**2021 L Street NW, Ste 101-252, Washington, DC 20036** | **Phone: (877) 591-9979** | Date and Time:<br>**3/22/2022 10:00 AM** |
|---|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 2, 2022__

| CLERK OF COURT | OR | _REGINA McCLENDON, ESQ._ |
|---|---|---|
| _____<br>_Signature of Clerk or Deputy Clerk_ | | **/s/ REGINA McCLENDON, ESQ.**<br>_Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing  _(name of party)_ DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-02

Attachment to Subpoena to Federal Trade Commission, Attn: Lina M. Khan, Chair, 600 Pennsylvania Avenue, NW, Washington, DC 20580

DOCUMENTS REQUESTED

1.      All documents relating to an identity theft report (FTC report no. 129993585) concerning Victor Ntam aka Victor Achuo Ntam.

2.      All documents evidencing or depicting the IP address from which an identity theft report (FTC report no. 129993585) concerning Victor Ntam aka Victor Achuo Ntam was submitted.

3.      All documents evidencing or depicting the email address from which an identity theft report (FTC report no. 129993585) concerning Victor Ntam aka Victor Achuo Ntam was submitted and/or any email address associated with an identity theft report (FTC report no. 129993585) concerning Victor Ntam aka Victor Achuo Ntam.

4.      All documents reflecting the identity of the person who submitted identity theft report (FTC report no. 129993585) concerning Victor Ntam aka Victor Achuo Ntam.

5.      All identity theft reports submitted since July 23, 2019 concerning Victor Ntam aka Victor Achuo Ntam.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 45 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **FEDERAL TRADE COMMISSION, ATTN: LINA M. KHAN, CHAIR**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO88B-POS/143692

**Apx.41**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 46 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO88B-RULES/143692

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 47 of 231

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** )<br>*Plaintiff* )<br>*v.* )<br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** )<br>*DEFENDANT* ) | Civil Action No. 1:21-cv-01583-JMC |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: CITIBANK/CITIBANK,N.A. c/o LEGAL SERVICES**
**5800 South Corporate Place, Mail Code  451**
**Sioux Falls, SD 57108**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| | |
|---|---|
| Place:<br>**First Legal Records c/o Action Process Serving**<br>**2522 W 41st St Ste 213, Soiux Falls, SD 57105**<br><br>**Phone: (877) 591-9979** | Date and Time:<br>**3/22/2022 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March 2, 2022**

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | **/s/ REGINA McCLENDON, ESQ.**<br>_____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-03

**Apx.43**

Attachment to Subpoena to Citibank, N.A.

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ▮▮▮▮▮
SSN xxx-xx-▮▮▮▮) or Ntam Construction LLC after July 23, 2020 concerning any application for
a Home Depot credit card, your response to same, and the credit limit on such credit card.

2.      All adverse action notices (as defined in section 701(d) of the Equal Credit Opportunity
Act) you issued to Victor Ntam aka Victor Achuo Ntam (DOB ▮▮▮▮▮, SSN xxx-xx-▮▮▮▮) or
Ntam Construction LLC after July 23, 2020.

3.      All documents explaining or depicting the reason the reason for the credit limit on any
Home Depot credit card issued to Victor Ntam aka Victor Achuo Ntam (DOB ▮▮▮▮▮, SSN
xxx-xx-▮▮▮) or Ntam Construction LLC after July 23, 2020.

4.      All documents explaining or depicting the credit limit(s) on any Home Depot credit card
issued to Victor Ntam aka Victor Achuo Ntam (DOB ▮▮▮▮, SSN xxx-xx-▮▮▮) or Ntam
Construction LLC after July 23, 2020.

5.      Records of all transactions on any Home Depot credit card issued to Victor Ntam aka
Victor Achuo Ntam (DOB ▮▮▮▮, SSN xxx-xx-▮▮▮) or Ntam Construction LLC after July
23, 2020.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action (Page 2)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 49 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **CITIBANK/CITIBANK,N.A. c/o LEGAL SERVICES**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 50 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspecting at the premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

   **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   (3) Quashing or Modifying a Subpoena.

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requied may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/143692

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 51 of 231

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | |
| *v.* ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: Answer Title**
**80 M St SE, Ste 100**
**Washington, DC 20003**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Ste 101-252, Washington, DC 20036**     **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March 2, 2022**

CLERK OF COURT      OR    *REGINA McCLENDON, ESQ.*

_____      **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-04

Attachment to Subpoena to Answer Title, 80 M St SE, Suite 100, Washington, DC 20003

DOCUMENTS REQUESTED

1.      All documents relating to Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019.

2.      The complete escrow file concerning Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019, including but not limited to emails to or from Victor Ntam.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 53 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Answer Title**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 54 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 55 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| _Plaintiff_ ) | Civil Action No. 1:21-cv-01583-JMC |
| _v._ ) | |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| _DEFENDANT_ ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: SYNCHRONY BANK c/o CT CORPORATION SYSTEM**
**330 N Brand Blvd, Ste 700**
**Glendale, CA 91203**

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place:<br>**First Legal Records**<br>**1511 Beverly Blvd, Los Angeles, CA 90026** | **Phone: (877) 591-9979** | Date and Time:<br>**3/22/2022 10:00 AM** |
|---|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March 2, 2022**

| | | |
|---|---|---|
| _CLERK OF COURT_ | OR | _REGINA McCLENDON, ESQ._ |
| _____<br>_Signature of Clerk or Deputy Clerk_ | | **/s/ REGINA McCLENDON, ESQ.**<br>_____<br>_Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-05

Attachment to Subpoena to Synchrony Bank, c/o Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.


DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-████) after July 23, 2020 concerning any account closure, including but not limited to the closures of his Luxury and/or Guitar Center credit cards.

2.      All documents depicting the reason(s) for the closure of any credit cards you issued to Victor Ntam aka Victor Achuo Ntam (DOB ██████, SSN xxx-xx-████).

3.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-████).

4.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ██████, SSN xxx-xx-████).

5.      All adverse action notices (as defined in section 701(d) of the Equal Credit Opportunity Act) you issued to Victor Ntam aka Victor Achuo Ntam (DOB ██████, SSN xxx-xx-████ after July 23, 2020.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 57 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **SYNCHRONY BANK c/o CT CORPORATION SYSTEM**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____ , ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC  Document 31  Filed 05/17/22  Page 58 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | Civil Action No. 1:21-cv-01583-JMC |
| *v.* ) | |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: THE MENKITI GROUP**
    **3401 8th St NE**
    **Washington, DC 20017**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    **SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Ste 101-252, Washington, DC 20036**    **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____ | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-06

Attachment to Subpoena to The Menkiti Group, 3401 8th Street NE, Washington DC 20017

DOCUMENTS REQUESTED

1.      All documents relating to Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019.

2.      Your complete file concerning Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019, including but not limited to emails to or from Victor Ntam.

3.      All documents constituting, reflecting, or relating to communications (including emails) with Victor Ntam since July 23, 2020.

4.      All documents constituting, reflecting, or relating to communications (including emails) between Marie Claire Ntam and Victor Ntam.

5.      All documents relating to any rental or proposed rental of real property located at 1021 51st Street, Washington DC 20019.

6.      All documents relating to any proposed sale of real property located at 1021 51st Street, Washington, DC 20019, including, but not limited to, listing agreements.

7.      All documents relating to the construction, renovation, or improvement of the real property located at 1021 51st Street, Washington, DC 2009.

106783067v.2

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 61 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **THE MENKITI GROUP**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

           _____
                         *Server's signature*

           _____
                         *Printed name and title*

           _____
                     , ,
                         *Server's Address*

Additional information regarding attempted service, etc:

AO88B-POS/143692

**Apx.57**

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 63 of 231

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | )  Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: United States Postal Service c/o Counsel, Office of the Cheif Postal Inspector**
**475 L'Enfant Plaza SW, 64th Floor**
**Washington, D.C, DC 20260**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place:  **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Suite 101-252, Washington, DC 20036**   **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|

| _____ | **/s/ REGINA McCLENDON, ESQ.** |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-07

Attachment to Subpoena to United States Postal Service, c/o Counsel, Office of the Chief Postal Inspector, 475 L'Enfant Plaza SW, Washington, DC 20260-2101,

DOCUMENTS REQUESTED

1.      All documents relating to the occupancy of the property located at 1021 51st Street, Washington DC 20019 since July 23, 2020.

2.      All documents relating to the mail delivery or lack of mail delivery at the property located at 1021 51st Street, Washington DC 20019, including but not limited to any notices you issued or complaints from the property owner or any occupant.

3.      All correspondence between you and Victor Ntam aka Victor Achuo Ntam since July 23, 2020.

4.      All change of address forms or submissions relating to the property located at 1021 51st Street, Washington DC 20019 since July 1, 2020.

5.      All documents relating to the mail delivery or lack of mail delivery at the property located at 5 Brighton Lane, Gaithersburg, MD 20877 since December 21, 2020, including but not limited to any notices you issued or complaints from the property owner or any occupant.

106844176v.2

**Apx.60**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 65 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **UNITED STATES POSTAL SERVICE c/o COUNSEL, OFFICE OF THE CHIEF POSTAL INSPECTOR**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.


Date: _____                          _____
                                                        *Server's signature*


                                            _____
                                                        *Printed name and title*


                                            _____
                                                          , ,
                                                        *Server's Address*


Additional information regarding attempted service, etc:

**Apx.61**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 66 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/143692

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 67 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | ) Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: KELLER WILLIAMS CAPITAL PROPERTIES**
**3401 8th St NE**
**Washington, DC 20017**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Ste 101-252, Washington, DC 20036** | **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 2, 2022__

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____ | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-08

**Apx.63**

Attachment to Subpoena to Keller Williams Capital Properties, 3401 8th Street NE, Washington DC 20017

DOCUMENTS REQUESTED

1.      All documents relating to Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019.

2.      Your complete file concerning Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019, including but not limited to emails to or from Victor Ntam.

3.      All documents constituting, reflecting, or relating to communications (including emails) with Victor Ntam since July 23, 2020.

4.      All documents constituting, reflecting, or relating to communications (including emails) between Marie Claire Ntam and Victor Ntam.

5.      All documents relating to any rental or proposed rental of real property located at 1021 51st Street, Washington DC 20019.

6.      All documents relating to any proposed sale of real property located at 1021 51st Street, Washington, DC 20019, including, but not limited to, listing agreements.

7.      All documents relating to the construction, renovation, or improvement of the real property located at 1021 51st Street, Washington, DC 2009.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 69 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **KELLER WILLIAMS CAPITAL PROPERTIES**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                                        , ,
                                                          *Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 70 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/143692

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 71 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | )    Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Custodian of Records for: MARIE CLAIR NTAM**
      **519 C St NE**
      **Washington, DC 20002**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place:<br>**First Legal Records c/o Torri's Legal Services**<br>**2021 L Street NW, Ste 101-252, Washington, DC 20036**     **Phone: (877) 591-9979** | Date and Time:<br>**3/22/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

CLERK OF COURT        OR    *REGINA McCLENDON, ESQ.*

_____        **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950, San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-09

Attachment to Subpoena to Marie Claire Ntam, 519 C Street NE, Washington DC 20002

DOCUMENTS REQUESTED

1.      All documents relating to Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019.

2.      Your complete file concerning Victor Ntam's purchase of real property located at 1021 51st Street, Washington DC 20019, including but not limited to emails to or from Victor Ntam.

3.      All documents constituting, reflecting, or relating to communications (including emails) with Victor Ntam since July 23, 2020 relating to the Property.

4.      All documents relating to any rental or proposed rental of real property located at 1021 51st Street, Washington DC 20019.

6.      All documents relating to any proposed sale of real property located at 1021 51st Street, Washington, DC 20019, including, but not limited to, listing agreements.

7.      All documents relating to the construction, renovation, or improvement of the real property located at 1021 51st Street, Washington, DC 2009.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 73 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **MARIE CLAIR NTAM**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 75 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | |
| *v.* ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: FLORENCE HERNDON, LCSW-C**
**601 Post Office Rd, Ste 2d**
**Waldorf, MD 20601**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records c/o Torri's Legal Services** **2021 L Street NW, Ste 101-252, Washington, DC 20036** **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 2, 2022__

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-10

Attachment to Subpoena to Florence Herndon, LCSW-C, 601 Post Office Rd., Suite 2d, Waldorf, MD 20602.

DOCUMENTS REQUESTED

1.      All records relating to Victor Ntam (DOB ███████), including but not limited to any and all documents that pertain to, relate to, evidence, memorialize, identify, mention, represent, or refer to any consultation, examination, treatment, or diagnosis of Victor Ntam (DOB ███████).

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **FLORENCE HERNDON, LCSW-C**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                        *Server's signature*


                                 _____
                                        *Printed name and title*


                                 _____, ,_____
                                        *Server's Address*


Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 78 of 231

**Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)**

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO88B-RULES/143692

**Apx.74**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 79 of 231

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | ) Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: EQUIFAX CREDIT INFORMATION SERVICES, INC.-Attn: Legal Records**
**PO Box 105139, Mail drop 42**
**Atlanta, GA 30348**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **Phone: (877) 591-9979** | Date and Time: |
|---|---|
| **First Legal Records c/o Atlanta Legal Services, Inc.** **3301 Buckeye Rd Ste 303, Atlanta, GA 30341** | **3/22/2022 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **March 2, 2022**

| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____ | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950, San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-11

Attachment to Subpoena to Equifax Information Services, LLC

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████) from July 23, 2020 to present.

2.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

3.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

4.      All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.      All documents relating to the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████) on or about February 10, 2021, including but not limited to the complaint, any investigation or reinvestigation of same, and response to the complaint.

6.      All documents reflecting the identity of the person who submitted the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████) on or about February 10, 2021, including but not limited to any envelopes in which the complaint was contained or emails.

7.      All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

8.      All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

9.      All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

10.     All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

11.     All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 81 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **EQUIFAX CREDIT INFORMATION SERVICES, INC.-Attn:  Legal Records**
on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: 

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 82 of 231

**Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)**

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspecting at premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 83 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOR NTAM** | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) | |
| *DEFENDANT* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: TransUnion, LLC**
**555 West Adams**
**Chicago, IL 60661**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| | | |
|---|---|---|
| Place:<br>**First Legal Records c/o Nationwide Investigations**<br>**333 S Wabash # 2700, Chicago, IL 60604** | **Phone: (877) 591-9979** | Date and Time:<br>**3/22/2022 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 2, 2022

| CLERK OF COURT | OR | *REGINA McCLENDON, ESQ.* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | **/s/ REGINA McCLENDON, ESQ.**<br>_____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-12

Attachment to Subpoena to TransUnion LLC

DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███) from July 23, 2020 to present.

2.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███).

3.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx███).

4.      All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.      All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

6.      All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███).

7.      All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███.

8.      All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███).

9.      All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ███████, SSN xxx-xx-███).

107010155v.1

**Apx.80**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 85 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **TransUnion, LLC**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____, , _____
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 86 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 87 of 231

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | |
| *v.* ) | Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: EXPERIAN INFORMATION SOLUTIONS, INC. c/o CT Corporation System**
**330 N Brand Blvd, # 700**
**Glendale, CA 91203**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records** **1511 Beverly Blvd, Los Angeles, CA 90026** | **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March 2, 2022**

CLERK OF COURT                                    OR    *REGINA McCLENDON, ESQ.*

_____                    **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-13

Attachment to Subpoena to Experian Information Solutions, Inc.


DOCUMENTS REQUESTED

1.      All correspondence to or from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████ from July 23, 2020 to present.

2.      All claims of identity theft from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx ████).

3.      All claims of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

4.      All documents evidencing or depicting any requests to update or correct the credit reporting concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████ SSN xxx-xx-████) from Cenlar FSB or Paramount Residential Mortgage Group, Inc.

5.      All documents relating to the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████ on or about February 10, 2021, including but not limited to the complaint, any investigation or reinvestigation of same, and response to the complaint.

6.      All documents reflecting the identity of the person who submitted the complaint of identity theft by Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████) on or about February 10, 2021, including but not limited to any envelopes in which the complaint was contained or emails.

7.      All documents evidencing or depicting the IP address from which a complaint of identity theft or claim of inaccurate or incorrect credit reporting from Victor Ntam aka Victor Achuo was submitted.

8.      All ACDVs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx████).

9.      All AUDs received from Cenlar FSB or Paramount Residential Mortgage Group, Inc. concerning Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

10.     All documents depicting the current Cenlar FSB tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

11.     All documents depicting the current Paramount Residential Mortgage Group, Inc. tradeline for Victor Ntam aka Victor Achuo Ntam (DOB ████████, SSN xxx-xx-████).

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 89 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **EXPERIAN INFORMATION SOLUTIONS, INC. c/o CT Corporation System**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 90 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspecting of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 91 of 231

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** | ) |
| *Plaintiff* | ) |
| *v.* | )   Civil Action No. 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** | ) |
| *DEFENDANT* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Custodian of Records for: INDUSTRIAL BANK, N.A.**
      **4812 Georgia Ave NW**
      **Washington, DC 20011**

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   **SEE ATTACHMENT 3**

| | |
|---|---|
| Place:   **Phone: (877) 591-9979** | Date and Time: |
| **First Legal Records c/o Torri's Legal Services** | **3/22/2022 10:00 AM** |
| **2021 L Street NW, Ste 101-252, Washington, DC 20036** | |

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 2, 2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | *REGINA McCLENDON, ESQ.* |
| | | |
| _____ | | **/s/ REGINA McCLENDON, ESQ.** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing  *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-14



Subpoena Attachment to Industrial Bank, N.A., 4812 Georgia Ave., N.W. Washington, D.C. 20011

## DOCUMENTS REQUESTED

1. All account or bank statements for account number ███████ covering the time period from September 1, 2020 through November 30, 2021.

2. All documents or correspondence constituting or relating to bill pay instructions for payments to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from account number ██████.

3. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from account number ██████ in July 2021.

4. All account or bank statements for any account held by Ntam Construction LLC (address 3714 Fort Lincoln Dr. NE, Washington, D.C. 20018) from September 1, 2020 through November 30, 2021.

5. All documents or correspondence constituting or relating to bill pay instructions for payments to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Ntam Construction LLC (address 3714 Fort Lincoln Dr. NE, Washington, D.C. 20018).

6. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Ntam Construction LLC (address 3714 Fort Lincoln Dr. NE, Washington, D.C. 20018) in July 2021.

7. All account or bank statements for account number ██████ covering the time period from September 1, 2020 through November 30, 2021.

8. All documents or correspondence constituting or relating to bill pay instructions for payments to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from account number ██████.

9. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from account number ██████ in July 2021.

10. All account or bank statements for any account held by Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-████; DOB: ████████) covering the time period from September 1, 2020 through November 30, 2021.

11.     All documents or correspondence constituting or relating to bill pay instructions for payments to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-███; DOB ██████████).

12.     All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-███ DOB ██████, ████ in July 2021.

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 94 of 231

Civil Action No. **1:21-cv-01583-JMC**

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* **INDUSTRIAL BANK, N.A.**

on *(date)* **02/22/2022**

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                     *Server's signature*

                                                                     _____
                                                                     *Printed name and title*

                                                                     _____ , , _____
                                                                     *Server's Address*

Additional information regarding attempted service, etc:

**Apx.90**

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC Document 31 Filed 05/17/22 Page 95 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO88B-RULES/143692

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 96 of 231

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM** ) | |
| *Plaintiff* ) | Civil Action No. 1:21-cv-01583-JMC |
| *v.* ) | |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.** ) | |
| *DEFENDANT* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Custodian of Records for: FISERV, INC.**
**2710 Gateway Oaks Dr., Suite 150N**
**Sacramento, CA 95833**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **First Legal Records** **1814 I Street, Sacramento, CA 95811** | **Phone: (877) 591-9979** | Date and Time: **3/22/2022 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March 2, 2022**

CLERK OF COURT                          OR    *REGINA McCLENDON, ESQ.*

_____                     **/s/ REGINA McCLENDON, ESQ.**
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., who issues or requests this subpoena, are:

**REGINA McCLENDON, ESQ.**
**Locke Lord LLP**
**101 Montgomery St., Suite 1950,  San Francisco, CA 94104**
**(415) 318-8810 rmcclendon@lockelord.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO88B/143692-15

Subpoena Attachment to Fiserv, Inc.

## DOCUMENTS REQUESTED

1. All instructions for payments through CheckFree to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from Industrial Bank account number █████.

2. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from Industrial Bank account number █████.

3. All instructions for payments through CheckFree to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Ntam Construction LLC (address 3714 Fort Lincoln Dr. NE, Washington, D.C. 20018) at Industrial Bank.

4. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Ntam Construction LLC (address 3714 Fort Lincoln Dr. NE, Washington, D.C. 20018).

5. All instructions for payments through CheckFree to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from Industrial Bank account number █████.

6. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from Industrial Bank account number █████.

7. All instructions for payments through CheckFree to Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-████ DOB ██████████) at Industrial Bank.

8. All documents showing, describing, or relating to any payments to, or reversals of payments from, Paramount Residential Mortgage Group, Inc. or Cenlar FSB from any account held by Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-████; DOB █████, ████).

9. All correspondence between you and Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-████; DOB ██████████).

10. All correspondence between you and Ntam Construction LLC.

11. All correspondence between you and Industrial Bank regarding CheckFree payments made on behalf of Victor Ntam aka Victor Achuo Ntam (SSN: xxx-xx-████; DOB ██████████) or Ntam Construction LLC to Paramount Residential Mortgage Group, Inc. or Cenlar FSB.

12. All documents relating to Case ID number █████.

107015874v.1

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 98 of 231

Civil Action No. **1:21-cv-01583-JMC**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **FISERV, INC.**

on *(date)* **02/22/2022**

☐  I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
, ,
*Server's Address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:21-cv-01583-JMC   Document 31   Filed 05/17/22   Page 99 of 231

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspecting at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Victor Ntam | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:21-cv-01583-FYP |
| Paramount Residential Mortgage Group, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Cenlar, FSB, s/o Gregory Tornquist, President and CEO, 425 Phillips Blvd., Ewing, NJ 08618

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Exhibit A

| Place: Remote Videoconference (See Exhibit A) | Date and Time: |
|---|---|
| | 11/22/2021 10:00 am |

        The deposition will be recorded by this method:     Video and stenographically by a court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit B

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/29/2021

        *CLERK OF COURT*
                                                        OR

_____                    _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Victor Ntam
_____, who issues or requests this subpoena, are:
Phillip Robinson, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901, phillip@marylandconsumer.com
(301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.96**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:21-cv-01583-FYP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-FYP |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

---

**SUBPOENA TO CENLAR FSB**

---

**DEFINITIONS**

A.   A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.   "Document" is used herein in the broadest sense and includes any written, recorded or graphic matter, however produced or reproduced, and including data maintained electronically, such as in a computer, which is capable of being translated or compiled and recorded in hard copy. It includes but is not limited to all original writings and tangible things of any nature and non-identical copies and drafts thereof known to you, whether or not in your possession, custody or control, regardless of where located, and **also includes but is not limited to records, video or audio tape recordings, photographs, negatives and moving pictures**. If email is requested then production should be made electronically, in its native format, with all metadata in place.

C.   If any document called for by this Request for Production is withheld on grounds of any privilege, or for any other reason, (a) state the nature and date of the document; (b) state

1

the nature of the privilege claimed, and the basis upon which the document is being withheld; (c) identify each person by whom the document was prepared or signed; (d) identify each person to whom it was addressed, directed, circulated, shown or explained; and (e) identify each person now in possession of the document.

D.      If any document called for by this Request for Production has been destroyed or discarded, (a) identify the document's date; (b) identify each person by whom the document was prepared or signed; (c) identify each person to whom the documents were addressed, directed, circulated, shown or explained: (d) state the date of the document's destruction or discard, the manner of destruction or discard, and the reason for its destruction or discard; (e) identify each person who authorized or carried out such destruction or discard; and (f) identify any document which contains any of the information called for in (a) through (e) of this paragraph.

E.      In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

F.      "You" or "your" refers to "**Cenlar FSB" or "Cenlar"** a national bank, and includes documents in the possession of you, your agents, employees, representatives, attorneys, insurers, affiliates, and successor in interest.

G.      "Plaintiff" means Victor Ntam

H.      "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

I.      "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:
        a.      Cenlar has provided "private label" servicing related to the acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and
        b.      Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

J.      "TILA Class" is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a        finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan documents evidencing the indebtedness.  Excluded from the TILA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after

2

the date PRMG or a member of the Defendant Class did not promptly credit their payment.

K.    "RESPA Class" is comprised of all residential, mortgage loan borrowers for whom PRMG, or its authorized agents/vendors acting on its behalf including Cenlar, received a QWR/NOE since June 10, 2018 pursuant to 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41.  Excluded from the REPSA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG received their QWR/NOE.

3

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on his behalf to appear for an oral deposition, to provide sworn, remove videotaped deposition (by ZOOM) testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00AM**          **November 22, 2021[1]**

                Location:     ZOOM

                Zoom Meeting ID: 827 4321 9877

                Passcode: 940453

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by YOU in response to the attached subpoena.

2. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

---

[1] Plaintiff is happy to discuss rescheduling the deposition date if this one is inconvenient for the authorized designees(s).  Counsel for the Plaintiff can provide a prepared certification for such use.

a. The Defendant or members of the Defendant Class, directly or indirectly;

b.  Default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class;

c. Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the  members of the RESPA Class and TILA Class; (iii) receipt and processing of borrower QWRs and NOEs by you on behalf of the PRMG; and (iv) receipt and processing of payments received by you on behalf of the Defendant or members of the Defendant Class.

d.  Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by you from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by you from Plaintiff and members of the  TILA Class on behalf of the Defendant and members of the Defendant Class.

e. What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the RESPA Class and TILA Class.

5

**Apx.103**

3.  To identify all facts related to any communications to from you to the PRMG and the members of the Defendant Class, since June 10, 2018 concerning:

    a.  The Defendant or members of the Defendant Class, directly or indirectly, in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

    b.  Your contractual relationship with PRMG  in regards to the Plaintiff and members of the RESPA Class for responding to, researching, and investigating Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class.

    c.  Your contractual relationship with PRMG  and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class as related to receiving and crediting mortgage payments from Plaintiff and members of the TILA Class

4.  To identify all facts related to any vendors or third parties engaged by you to perform services or assist you in performing the services you provide to PRMG and the members of the Defendant Class, since June 10, 2018 concerning: (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

**Apx.104**

5.  To identify all facts related to any insurance or indemnification claims made to you by PRMG and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action.

6.  To identify any facts communicated by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC related to any Qualified Written Requests or Notices of Error from the Plaintiff or the RESPA Class members sent to PMRG.

7.  To identify any facts related to any contracts between you and (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to furnish credit data on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

8.  To identify all facts related to any communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and/or (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

9.  Any other facts arising out of ¶¶ 1-8 *supra*.

7

**EXHIBIT B**

Plaintiff requests YOU to produce documents at the time of deposition (or in advance of the deposition at Cenlar's discretion if mutually agreed upon) responsive to the requests below (following the definitions section):

<u>**REQUESTS**</u>

1.      All documents which identify the members of the Defendant Class of the number of the members of the Defendant Class.
2.      All documents which identify the members of the RESPA Class of the number of the members of the RESPA Class.
3.      All documents which identify the members of the TILA Class of the number of the members of the TILA Class and the associated member of the Defendant Class.
4.      All contracts between you and the members of the Defendants Class concerning the receipt and crediting of payments received by you, directly or indirectly, on their behalf from the Plaintiff and members of the TILA class.
5.      All documents (A) to you from the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

   a.   The Defendant or members of the Defendant Class, directly or indirectly;
   b.    Default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class;
   c.   Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the  members of the RESPA Class and TILA Class; (iii) receipt and processing of borrower QWRs and NOEs by you on behalf of the PRMG; and (iv) receipt and processing of payments received by you on behalf of the Defendant or members of the Defendant Class.
   d.    Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by you from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by you from Plaintiff and members of the  TILA Class on behalf of the Defendant and members of the Defendant Class.
   e.   What, if any, measures you have taken to take timely remedial actions to correct any errors caused by you  in relation to of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class.

8

6.      All documents concerning communications to or from you to the PRMG and the members of the Defendant Class, since June 10, 2018 concerning:

    a.    The Defendant or members of the Defendant Class, directly or indirectly. in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

    b.    Your contractual relationship with PRMG  in regards to the Plaintiff and members of the RESPA Class to respond to, research, and investigate Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class.

    c.    Your contractual relationship with PRMG  and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class to receive and credit mortgage payments from Plaintiff and members of the TILA Class

7.      All documents related to any vendors or third parties engaged by you to perform activities related to the services you provide to PRMG and the members of the Defendant Class, since June 10, 2018 concerning: (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

8.      All documents which relate to any insurance or indemnification claims made to you by PRMG and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action.

9.      All documents related to communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC related to any Qualified Written Requests or Notices of Error from the Plaintiff or the RESPA Class members sent to PMRG.

10.    All contracts between you and (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to furnish credit data on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

11.    All documents from you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

12.    All organizational charts identifying your managers and departments that are uutilized by you in relation to your default and servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class.

   d.  All documents describing your policies, practices, and procedures which relate to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

Dated:    October 29, 2021

                    Respectfully Submitted,

                    */s/ Phillip R. Robinson*
                    Phillip R. Robinson
                    Bar No. MD27824
                    Consumer Law Center LLC
                    10125 Colesville Road, Suite 378
                    Silver Spring, MD 20901
                    (301) 448-1304
                    phillip@marylandconsumer.com

                    *Counsel for the Plaintiff and Putative Class Members*

10

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Trans Union LLC, serve on: Corporation Service Company, 1090 Vermont Ave., NW, Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Meeting ID: 818 2445 6878<br>Passcode: 433006 | Date and Time:<br><br>03/17/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:    By video and stenographically before a court reporter

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/21/2022

| _CLERK OF COURT_ | OR | /s/ Phillip Robinson |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Victor Ntam
, who issues or requests this subpoena, are:

Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com    (301) 448-1304

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br><br>Defendant | Civil Case:<br><br>1:21-cv-01583-JEB<br><br><br>***JURY TRIAL DEMAND*** |

**NOTICE OF VIDEO DEPOSITION OF
NON-PARTY TRANSUNION, LLC**

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party TransUnion, LLC, at the following time:

**10:00 A.M. (East Coast Time)**      **March 17, 2022[1]**
                                        Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

**[1]** If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer

qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at

the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent

that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022

                                        Respectfully submitted,

                                        /s/Phillip R. Robinson
                                        Phillip R. Robinson
                                        Bar No. MD27824
                                        Consumer Law Center LLC
                                        10125 Colesville Road, Suite 378
                                        Silver Spring, MD  20901
                                        Phone (301) 448-1304

                                        /s/ Robert  P. Cocco
                                        ROBERT P. COCCO, P.C.
                                        Pa. Id. No. 61907
                                        1500 Walnut Street, Suite 900
                                        Philadelphia, PA 19102
                                        215-351-0200

                                        /s/ Brent S, Snyder
                                        TN. Id. No. 21700
                                        2125 Middlebrook Pike
                                        Knoxville, TN 37921
                                        865-264-3328

                                        *Counsel for the Class and Putative RESPA Class & TILA
                                        Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO TRANSUNION LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that TransUnion appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00 AM**          **March 17, 2022**
                      Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, TransUnion shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by TransUnion in response to the attached subpoena.

2. All facts concerning the business relationship(s) between TransUnion and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by TransUnion and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

    b.  Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3.  All facts concerning the business relationship(s) between TransUnion and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

    a.  Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by TransUnion and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

    b.   Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4.  All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5.  All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

6.  All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7.  All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████████).

8.  All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's subservicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishing of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9.  All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

**EXHIBIT B**
**TO**
**SUBPOENA TO TRANSUNION LLC**

**REQUESTS FOR PRODUCTION**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that TransUnion to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

**10:00 AM**            **March 17, 2022**
                        Remote Video Conference

The requested documents include:

1. All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2. TransUnion's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3. TransUnion's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4. All documents regarding any actions taken by TransUnion in response to communications with Plaintiff.

5. All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6. All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7. All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8. All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.   All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.   All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.   All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.   All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.   All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff.  For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.   An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

8
**Apx.119**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia ▼

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Trans Union LLC, SERVE ON: Corporation Service Company, 1090 Vermont Ave., NW, Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Login TBD 2-3 days before the deposition by the<br>assigned court reporter | Date and Time:<br>       05/04/2022 3:30 pm |
|---|---|

     The deposition will be recorded by this method:   By video and stenographically before a court reporter

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___04/22/2022___

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com   (301) 448-1304

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Apx.121**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br>Defendant | Civil Case:<br><br>1:21-cv-01583-JMC<br><br><br>*JURY TRIAL DEMAND* |

---

**NOTICE OF VIDEO DEPOSITION OF**
**NON-PARTY TRANSUNION, LLC**

---

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party TransUnion, LLC, at the following time:

<b>3:30 P.M. (East Coast Time)     May 4, 2022[1]</b>

---

[1]    The Plaintiff in good faith attempted to identify a mutually convenient date with the witness previously on multiple dates including February 9, 2022, March 7, 2022, March 14, 2022, and April 6, 2022 but the witness by its counsel refused to provide any alterative prior dates other than to say it could not appear on the original date of March 17, 2022.  Left with no alternative, Plaintiff has identified the date and time here which cannot be rescheduled without the witness confirming its availability in writing for a mutually convenient time and date.

Remote Video Conference[2]

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: April 22, 2022

Respectfully submitted,

*/s/Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

Brent S. Snyder
*Admitted Pro Hac Vice*
2125 Middlebrook Pike
Knoxville, TN 37921.
Phone: (865) 264-3328
brentsnyder77@gmail.com

Robert P. Cocco
*Admitted Pro Hac Vice*
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
Phone: (215) 351-0200
bob.cocco@phillyconsumerlaw.com

---

[2]     The assigned court reporter will issue the log-in information about the deposition 2-3 days before the deposition date and share with counsel for the witness and parties.

*Counsel for the Class and Putative RESPA Class &
TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO TRANSUNION LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that TransUnion appear

for an oral deposition, or provide an authorized representative on its behalf to appear for an oral

deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry de-

scribed below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that

the designated witness(es) appear at the date, time and place indicated below:

**3:30 P.M. (East Coast Time)**        **May 4, 2022**
                                       Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, TransUnion shall designate one or more of-

ficers, agents, attorneys, or other persons who can testify on its behalf with respect to the following

matters:

1.      All facts concerning the business relationship(s) between TransUnion and Paramount

Residential Mortgage Group, Inc. ("PRMG") related to:

    a. Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by TransUnion and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

    b. Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

2. All facts concerning the business relationship(s) between TransUnion and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

    a. Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by TransUnion and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

    b. Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

3. All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

4. All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

5. All facts and communications occurring from July 1, 2020 to the present between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

6. All facts and communications occurring from July 1, 2020 to the present between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████).

7. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

8. All facts related to any audits or reviews by you occurring from July 1, 2020 to the present of Cenlar's or PRMG's consumer data furnished to you.

9.  Other areas of inquiry arising out of ¶¶ 1-8 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above.  Plaintiff also provides notice to the Defendant and deponent that the deposition may be used at the time of trial.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant and Cenlar FSB by electronic email on the 22nd day of April 2022:

Carlos Marin
Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Carlos.Marin@lockelord.com
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

I do hereby further certify that a courtesy copy of the foregoing and attached exhibit was sent to the following counsel for witness by electronic email on the 22nd day of April 2022:

Rachael R. Taylor, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
rtaylor@schuckitlaw.com

/s/ Phillip Robinson
Phillip Robinson

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | )<br>)<br>)<br>)<br>)<br>) | |
|---|---|---|
| _____<br>*Plaintiff* | | |
| v. | | Civil Action No. |
| _____<br>*Defendant* | | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

_____
*(Name of person to whom this subpoena is directed)*

❑  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:



The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.130**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Apx.132**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**, | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-FYP |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**, | |
| Defendant. | |

---

### SUBPOENA TO REGULUS GROUP LLC

---

### DEFINITIONS

A.  A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.  "Document" is used herein in the broadest sense and includes any written, recorded or graphic matter, however produced or reproduced, and including data maintained electronically, such as in a computer, which is capable of being translated or compiled and recorded in hard copy. It includes but is not limited to all original writings and tangible things of any nature and non-identical copies and drafts thereof known to you, whether or not in your possession, custody or control, regardless of where located, and **also includes but is not limited to records, video or audio tape recordings, photographs, negatives and moving pictures**. If email is requested then production should be made electronically, in its native format, with all metadata in place.

C.  If any document called for by this Subpoena is withheld on grounds of any privilege, or for any other reason, (a) state the nature and date of the document; (b) state the nature of the

1

privilege claimed, and the basis upon which the document is being withheld; (c) identify each person by whom the document was prepared or signed; (d) identify each person to whom it was addressed, directed, circulated, shown or explained; and (e) identify each person now in possession of the document.

D.      If any document called for by this Subpoena has been destroyed or discarded, (a) identify the document's date; (b) identify each person by whom the document was prepared or signed; (c) identify each person to whom the documents were addressed, directed, circulated, shown or explained: (d) state the date of the document's destruction or discard, the manner of destruction or discard, and the reason for its destruction or discard; (e) identify each person who authorized or carried out such destruction or discard; and (f) identify any document which contains any of the information called for in (a) through (e) of this paragraph.

E.      In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

F.      "You" or "your" refers to "**REGULUS GROUP LLC" or "REGULUS"** a Delaware limited liability company which is affiliated with Exela Technologies, Inc. ("Exela"). "You" or "your" includes Exela, your agents, employees, representatives, attorneys, insurers, affiliates, and successor(s) in interest.

G.      "Plaintiff" means Victor Ntam.  Plaintiff includes members of the TILA Class.

H.      "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

I.      "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:
          a.      Cenlar has provided "private label" servicing related to the acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and
          b.      Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

J.      "TILA Class"  is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan documents evidencing the indebtedness.  Excluded from the TILA Class are any

borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG or a member of the Defendant Class did not promptly credit their payment.

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on his behalf to appear for an oral deposition, to provide sworn, remove videotaped deposition (by ZOOM) testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**1:00PM**             **January 4, 2022[1]**

Location:      ZOOM

Zoom Meeting ID: 848 5284 5966

Passcode: 950767

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by YOU in response to the attached subpoena.

2. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

---

[1] Plaintiff is willing to discuss rescheduling the deposition date if this one is inconvenient for the authorized designees(s).  Counsel for the Plaintiff can provide a prepared certification for such use.

4

**Apx.136**

a.   The Defendant or members of the Defendant Class, directly or indirectly;

b.   Default and servicing operations by Cenlar, FSB on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the TILA Class;

c.   Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the TILA Class; and (iii) receipt and processing of payments received by you on behalf, directly or indirectly, of the Defendant or members of the Defendant Class.

d.   Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to mortgage payments received by you from Plaintiff and members of the  TILA Class on behalf of the Defendant and members of the Defendant Class.

e.   What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the TILA Class.

3.   To identify all facts related to any communications to or from you the members of the Defendant Class (including PRMG) and/or Cenlar, FSB, since June 10, 2018 concerning:

    a.   The Defendant or members of the Defendant Class, directly or indirectly, in relation to receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

    b.   Your contractual relationship with Cenlar, FSB  in connection with the Plaintiff and members of the TILA Class as related to receiving and crediting mortgage payments from Plaintiff and members of the TILA Class to members of the Defendants Class.

4.   To identify all facts related to any vendors or third parties engaged by you to perform services or assist you in performing the services you provide to Cenlar, FSB; PRMG; and the members of the Defendant Class, since June 10, 2018 concerning the receiving and crediting of payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

5.   To identify all facts related to any insurance or indemnification claims made to you by Cenlar, FSB; PRMG; and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the TILA Class in this action.

6.   Any other facts arising out of ¶¶ 1-5 *supra*.

**EXHIBIT B**

Plaintiff requests YOU to produce documents at the time of deposition (or in advance of the deposition at Regulus' discretion if mutually agreed upon) responsive to the requests below (following the definitions section):

## REQUESTS

1. All documents which identify the members of the Defendant Class of the number of the members of the Defendant Class.
2. All documents which identify the members of the TILA Class of the number of the members of the TILA Class and the associated member of the Defendant Class.
3. All contracts between you and the members of the Defendants Class and Cenlar, FSB concerning the receipt and crediting of payments received by you, directly or indirectly, on their behalf from the Plaintiff and members of the TILA class.
4. All documents (A) to you from the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

   a. Cenlar, FSB,
   b. The Defendant or members of the Defendant Class, directly or indirectly;
   c. Your information technology ("IT") systems and capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the TILA Class; (iii) receipt and processing of payments received by you on behalf of the Defendant or members of the Defendant Class and/or Cenlar, FSB.
   d. Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to mortgage payments received by you from Plaintiff and members of the TILA Class on behalf of the Defendant and members of the Defendant Class and Cenlar, FSB
   e. What, if any, measures you have taken to correct or remediate any errors caused by you in relation to of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the TILA Class.

5. All documents concerning communications between you and PRMG and/or the members of the Defendant Class, since June 10, 2018 concerning:

   a. The Defendant or members of the Defendant Class, directly or indirectly. in relation to receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class and Cenlar, FSB.

   b. Your contractual relationship with PRMG and members of the Defendant Class and Cenlar, FSB concerning receiving and crediting mortgage payments from

7

**Apx.139**

Plaintiff and members of the TILA Class

6.  All documents related to any vendors or third parties engaged by you to perform activities related to the services you provide to PRMG and the members of the Defendant Class, since June 10, 2018 concerning receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

7.  All documents which relate to any insurance or indemnification claims made to you by PRMG and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the TILA Class in this action.

8.  All organizational charts identifying your managers and departments that are utilized by you in relation to your servicing operations by you on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the TILA Class.

9.  All documents describing your policies, practices, and procedures which relate to receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.


Dated:     November 30, 2021


Respectfully Submitted,


*/s/ Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
(301) 448-1304
phillip@marylandconsumer.com

*Counsel for the Plaintiff and Putative Class Members*


8

**Apx.140**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| Victor Ntam | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-cv-01583-FYP |
| Paramount Residential Mortgage Group, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Regulus Group, LLC, Serve On: Corporation Service Company, Resident Agent, 251 Little Falls Drive,
        Wilmington, DE 19808
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the
party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one
or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about
these matters: See Attachment at Exhibit A

| Place: Remote Videoconference<br>Zoom Meeting ID: TBD | Date and Time:<br>05/04/2022 9:00 am |
|---|---|
| The deposition will be recorded by this method:  Stenographically and by video before a court reporter | |

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material: See Attachment at Exhibit B

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    04/22/2022

        *CLERK OF COURT*
                                            OR    _____
        _____                    *Attorney's signature*
        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Victor Ntam
_____ , who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901;
phillip@marylandconsumer.com; (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:21-cv-01583-FYP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-FYP |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

---

### AMENDED SUBPOENA TO REGULUS GROUP LLC

---

### DEFINITIONS

A.  A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.  "Document" is used herein in the broadest sense and includes any written, recorded or graphic matter, however produced or reproduced, and including data maintained electronically, such as in a computer, which is capable of being translated or compiled and recorded in hard copy. It includes but is not limited to all original writings and tangible things of any nature and non-identical copies and drafts thereof known to you, whether or not in your possession, custody or control, regardless of where located, and **also includes but is not limited to records, video or audio tape recordings, photographs, negatives and moving pictures**. If email is requested then production should be made electronically, in its native format, with all metadata in place.

C.  If any document called for by this Subpoena is withheld on grounds of any privilege, or for any other reason, (a) state the nature and date of the document; (b) state the nature of the

privilege claimed, and the basis upon which the document is being withheld; (c) identify each person by whom the document was prepared or signed; (d) identify each person to whom it was addressed, directed, circulated, shown or explained; and (e) identify each person now in possession of the document.

D.   If any document called for by this Subpoena has been destroyed or discarded, (a) identify the document's date; (b) identify each person by whom the document was prepared or signed; (c) identify each person to whom the documents were addressed, directed, circulated, shown or explained: (d) state the date of the document's destruction or discard, the manner of destruction or discard, and the reason for its destruction or discard; (e) identify each person who authorized or carried out such destruction or discard; and (f) identify any document which contains any of the information called for in (a) through (e) of this paragraph.

E.   In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

F.   "You" or "your" refers to **"REGULUS GROUP LLC" or "REGULUS"** a Delaware limited liability company which is affiliated with Exela Technologies, Inc. ("Exela"). "You" or "your" includes Exela, your agents, employees, representatives, attorneys, insurers, affiliates, and successor(s) in interest.

G.   "Plaintiff" means Victor Ntam.  Plaintiff includes members of the TILA Class.

H.   "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

I.   "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:
   a.   Cenlar has provided "private label" servicing related to the acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and
   b.   Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

J.   "TILA Class" is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan documents evidencing the indebtedness.  Excluded from the TILA Class are any

2

borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG or a member of the Defendant Class did not promptly credit their payment.

K.      Counsel for Regulus and the Plaintiff have met and conferred previously about the original subpoena and agreed nothing herein seeks for Regulus to disclose borrower specific information (except in the case of the Plaintiff if it exists).

L.      In addition, the Defendant and Cenlar FSB requested a protective Order which was largely denied by the Court.  It is anticipated that the responsive documents to the subpoena will be Regulus' contract(s) with Cenlar and the limited testimony will concern the general processes Regulus transacts work on behalf of Cenlar in relation to members of the Defendant Class members.

M.      In light of the affidavit of Gary Hubert on behalf of Regulus, the areas of inquiry may also relate to the factual testimony made by him.  ECF. 19-1 at Page 23-24.

N.      Based also on the meet and confers it is not anticipated that the deposition inquiry by the Plaintiff will exceed more than one-hour and it will proceed by Zoom at a mutually convenient time.

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on his behalf to appear for an oral deposition, to provide sworn, remove videotaped deposition (by ZOOM) testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

> **9:00AM**          **May 4, 2022[1]**
>
> Location:     ZOOM

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by YOU in response to the attached subpoena.

2. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

   a. The Defendant or members of the Defendant Class, directly or indirectly;

---

[1]    Plaintiff can reschedule this date and time once a confirmed date is provided by the witness' counsel.

b.  Default and servicing operations by Cenlar, FSB on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the TILA Class;

c.  Your information technology ("IT") systems and/or other capabilities in relation to: (i) identifying the Defendant or members of the Defendant Class, directly or indirectly; (ii) identifying the Plaintiff and members of the TILA Class; and (iii) receipt and processing of payments received by you on behalf, directly or indirectly, of the Defendant or members of the Defendant Class.

d.  Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to mortgage payments received by you from Plaintiff and members of the TILA Class on behalf of the Defendant and members of the Defendant Class.

e.  What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the TILA Class.

3.  To identify facts related to any communications to or from you the members of the Defendant Class (including PRMG) and/or Cenlar, FSB, since June 10, 2018 concerning generally but not specific to any individual borrower:

    a.   The number of Cenlar clients who are members of the Defendant Class for whom you provide services on behalf of Cenlar FSB, directly or indirectly, in relation to receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

    b.   Your contractual relationship with Cenlar, FSB in connection with the Plaintiff and members of the TILA Class as related to receiving and crediting mortgage payments from Plaintiff and members of the TILA Class to members of the Defendants Class.

    c.   Processing of any payments received directly by the corporate offices of the members of the Defendant Class that are transmitted to You as the agent for Cenlar FSB.

4.   Any other facts arising out of ¶¶ 1-3 *supra*.

**EXHIBIT B**

Plaintiff requests YOU to produce documents at the time of deposition (or in advance of the deposition at Regulus' discretion if mutually agreed upon) responsive to the requests below (following the definitions section):

<u>**REQUESTS**</u>

1.  All documents which identify the members of the Defendant Class.

2.  All contracts between you and the members of the Defendants Class and Cenlar, FSB concerning the receipt and crediting of payments received by you, directly or indirectly, on their behalf from the Plaintiff and members of the TILA class.

3.  All documents describing your policies, practices, and procedures which relate to receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class from January 1, 2019 to the present.

Dated:    April 22, 2022

Respectfully Submitted,

*/s/ Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
(301) 448-1304
phillip@marylandconsumer.com

*Counsel for the Plaintiff and Putative Class Members*

7

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▼

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Experian Information Solutions, Inc., Serve On: CT Corporation Systems
        1015 15th Street NW, Suite 1000, Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place:  Remote Videoconference by Zoom<br>Meeting ID: 892 2145 7598<br>Passcode: 219717 | Date and Time:<br><br>03/18/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/21/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Phillip Robinson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Victor Ntam
_____, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com     (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.151**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br><br>Defendant | Civil Case:<br><br>1:21-cv-01583-JEB<br><br><br>*JURY TRIAL DEMAND* |

---

**NOTICE OF VIDEO DEPOSITION OF**
**NON-PARTY EXPERIAN INFORMATION SOLUTIONS, INC.**

---

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party Experian Information Solutions, Inc., at the following time:

**10:00 A.M. (East Coast Time)**       **March 18, 2022**[1]
                                        Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

[1] If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer

qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at

the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent

that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022

Respectfully submitted,

/s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

/s/ Robert  P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Brent S, Snyder
TN. Id. No. 21700
2125 Middlebrook Pike
Knoxville, TN 37921
865-264-3328

*Counsel for the Class and Putative RESPA Class & TILA
Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EXPERIAN INFORMATION SOLUTIONS, INC.**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Experian appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00 AM**          **March 18, 2022**
                     Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, Experian shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by Experian in response to the attached subpoena.

2. All facts concerning the business relationship(s) between Experian and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Experian and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

   b.  Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3.  All facts concerning the business relationship(s) between Experian and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

   a.  Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Experian and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

   b.  Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4.  All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5.  All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

6. All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7. All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████).

8. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishing of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9. All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above. Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

**EXHIBIT B**
**TO**
**SUBPOENA TO EXPERIAN INFORMATION SOLUTIONS, INC.**

**REQUESTS FOR PRODUCTION**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Experian to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

**10:00 AM**          **March 18, 2022**
                      Remote Video Conference

The requested documents include:

1.  All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2.  Experian's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3.  Experian's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4.  All documents regarding any actions taken by Experian in response to communications with Plaintiff.

5.  All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6.  All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7.  All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8.  All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.   All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.   All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.   All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.   All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.   All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff.  For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.   An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia ☐▼

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Experian Information Solutions, Inc., Serve On: CT Corporation Systems
1015 15th Street NW, Suite 1000, Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom Login TBD 2-3 days before the deposition by the assigned court reporter | Date and Time: 05/04/2022 1:30 pm |
|---|---|

The deposition will be recorded by this method:  By video and stenographically before a court reporter

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/22/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Attorney's Signature_ |
| _Signature of Clerk or Deputy Clerk_ | | |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com    (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Apx.163**

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and*<br>*on behalf of two classes of similarly*<br>*situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL**<br>**MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on be-*<br>*half of a class of similarly situated persons*<br>Defendant | Civil Case:<br><br>1:21-cv-01583-JMC<br><br><br>***JURY TRIAL DEMAND*** |

**NOTICE OF VIDEO DEPOSITION OF**
**NON-PARTY EXPERIAN INFORMATION SERVICES, LLC**

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his in-

dividual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by

his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he

intends to take the deposition of the corporate designee(s) of non-party Experian Information Ser-

vices, LLC, at the following time:

        **1:30 P.M. (East Coast Time)**        **May 4, 2022[1]**

---

[1]     The Plaintiff in good faith attempted to identify a mutually convenient date with the witness previously on multiple dates including March 2, 2022, and April 5, 2022, but the witness by its counsel refused to provide any alterative prior dates other than to say it could not appear on the original date of March 18, 2022. Left with no alternative, Plaintiff has identified the date and time here which cannot be rescheduled without the witness confirming its availability in writing for a mutually convenient time and date.

Remote Video Conference[2]

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: April 22, 2022

Respectfully submitted,

*/s/Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

Brent S. Snyder
*Admitted Pro Hac Vice*
2125 Middlebrook Pike
Knoxville, TN 37921.
Phone: (865) 264-3328
brentsnyder77@gmail.com

Robert P. Cocco
*Admitted Pro Hac Vice*
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
Phone: (215) 351-0200
bob.cocco@phillyconsumerlaw.com

---

[2]      The assigned court reporter will issue the log-in information about the deposition 2-3 days before the deposition date and share with counsel for the witness and parties.

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EXPERIAN INFORMATION SERVICES LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Experian appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**1:30 P.M. (East Coast Time)**          **May 4, 2022**
                                        Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, Experian shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1.      All facts concerning the business relationship(s) between Experian and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

a.  Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by Experian and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

b.  Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

2.  All facts concerning the business relationship(s) between Experian and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

a.  Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by Experian and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

b.  Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

3. All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

4. All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

5. All facts and communications occurring from July 1, 2020 to the present between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

6. All facts and communications occurring from July 1, 2020 to the present between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████ ).

7. All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

8. All facts related to any audits or reviews by you occurring from July 1, 2020 to the present of Cenlar's or PRMG's consumer data furnished to you.

9. Other areas of inquiry arising out of ¶¶ 1-8 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above.  Plaintiff also provides notice to the Defendant and deponent that the deposition may be used at the time of trial.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant and Cenlar FSB by electronic email on the 22nd day of April 2022:

Carlos Marin
Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Carlos.Marin@lockelord.com
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

I do hereby further certify that a courtesy copy of the foregoing and attached exhibit was sent to the following counsel for witness by electronic email on the 22nd day of April 2022:

Brian DeYoung
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
bdeyoung@jonesday.com

/s/ Phillip Robinson
Phillip Robinson

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▼

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:20-cv-01583

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Equifax Information Services, LLC, serve on: Corporation Service Company, 1090 Vermont Ave., NW, Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom <br> Meeting ID: 839 0346 7762 <br> Passcode: 943431 | Date and Time: <br><br> 03/16/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/21/2022

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Phillip Robinson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com     (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.172**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Apx.173**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and on behalf of two classes of similarly situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on behalf of a class of similarly situated persons*<br><br>Defendant | Civil Case:<br><br>1:21-cv-01583-JEB<br><br><br>***JURY TRIAL DEMAND*** |

**NOTICE OF VIDEO DEPOSITION OF**
**NON-PARTY EQUIFAX INFORMATION SERVICES, LLC**

**PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his individual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party Equifax Information Services, LLC, at the following time:

**10:00 A.M. (East Coast Time)**   **March 16, 2022[1]**
Remote Video Conference

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-

---

[1] If the date and time and inconvenient for the designee(s), Plaintiff is willing to agree upon mutually convenient day(s) and time(s).

19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer

qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at

the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent

that the deposition, or portions thereof, may be used at the time of trial.

Date: January 21, 2022


Respectfully submitted,

/s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

/s/ Robert  P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Brent S, Snyder
TN. Id. No. 21700
2125 Middlebrook Pike
Knoxville, TN 37921
865-264-3328


*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EQUIFAX INFORMATION SERVICES LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Equifax appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00 AM**          **March 16, 2022**
                            Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, Equifax shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by Equifax in response to the attached subpoena.

2. All facts concerning the business relationship(s) between Equifax and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a. Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Equifax and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

      b.  Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

3.  All facts concerning the business relationship(s) between Equifax and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

      a.  Any contracts or agreements of service in effect from January 1, 2017 to the present entered into and agreed to by Equifax and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

      b.  Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

4.  All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

5.  All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

6.  All facts and communications between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

7.  All facts and communications between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████ .

8.  All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishing of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

9.  All facts related to any audits or reviews by you of Cenlar's or PRMG's consumer data furnished to you.

10. Other areas of inquiry arising out of ¶¶ 1-9 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition may be used at the time of trial.

**EXHIBIT B**
**TO**
**SUBPOENA TO EQUIFAX INFORMATION SERVICES LLC**

**REQUESTS FOR PRODUCTION**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Equifax to produce the following documents in advance or at an oral deposition. Plaintiff requests that the designated production occur no later than the date, time and place indicated below:

**10:00 AM**          **March 16, 2022**
                     Remote Video Conference

The requested documents include:

1. All documents utilized by your designee(s) to prepare for the areas of inquiry identified for oral testimony.

2. Equifax's and PRMG's communications with the Plaintiff or concerning the Plaintiff.

3. Equifax's and Cenlar's communications with the Plaintiff or concerning the Plaintiff.

4. All documents regarding any actions taken by Equifax in response to communications with Plaintiff.

5. All documents concerning PRMG's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any of its borrowers' credit or payment history for a period of at least sixty days.

6. All documents concerning Cenlar's notification to You that it wished to suppress or cease furnishing to You any adverse or negative information regarding Plaintiff or any other borrowers' of its clients like PRMG concerning credit or payment history for a period of at least sixty days.

7. All documents relating to any actions taken by You in response to Plaintiff's notification to You that the information reported on his account with PRMG was inaccurate.

8. All documents relating to any actions taken by You in response to the Consent Order entered into by the Office of the Comptroller of the Currency and Cenlar that identified that

the information reported by Cenlar to you on behalf of its clients, including PRMG, contained data which was unsafe and unsound.

9.    All documents concerning the content and timing of all information You received from PRMG or Cenlar related to Plaintiff.

10.   All documents related to any credit scores concerning Plaintiff that You created, compiled or provided.

11.   All documents relating to the impact of PRMG's or Cenlar's credit reporting to You on Plaintiff's credit score and/or credit history maintained by You.

12.   All documents relating to the nature of any information, including credit scores You provided to others concerning Plaintiff.

13.   All documents relating to the identification of each person or entity to whom You provided a Consumer Report/Credit Report or information related to the Plaintiff or any information in Your files that relate to the Plaintiff.  For each person or entity to whom You provided said information, an inquiry will be made regarding the content of the information provided.

14.   An explanation and decoding of all symbols, abbreviations and/or codes used in all documents You produce in response to these requests.

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant on January 21, 2022:

Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

*/s/ Phillip Robinson*
Phillip Robinson

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia   ▾

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:20-cv-01583 |
| Paramoutn Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Equifax Information Services, LLC, serve on: CSC-Lawyers Incorporating Service Co., 1090 Vermont Ave., NW,
Washington, DC 20005

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the
party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one
or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about
these matters: See attached Exhibit

| Place: Remote Videoconference by Zoom<br>Login TBD 2-3 days before the deposition by the<br>assigned court reporter | Date and Time:<br><br>05/04/2022 11:00 am |
|---|---|

The deposition will be recorded by this method:   By video and stenographically before a court reporter

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   04/22/2022

| _CLERK OF COURT_ | OR | _/s/_ Phillip Robinson |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com    (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01583

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

**Apx.184**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**<br>*On behalf of himself individually and*<br>*on behalf of two classes of similarly*<br>*situated persons.*<br><br>Plaintiff<br><br>*v.*<br><br>**PARAMOUNT RESIDENTIAL**<br>**MORTGAGE GROUP, INC.**<br>*On behalf of itself individually and on be-*<br>*half of a class of similarly situated persons*<br>Defendant | Civil Case:<br><br>1:21-cv-01583-JMC<br><br><br>*JURY TRIAL DEMAND* |

---

**NOTICE OF VIDEO DEPOSITION OF**
**NON-PARTY EQUIFAX INFORMATION SERVICES, LLC**

---

      **PLEASE TAKE NOTICE** that Victor Ntam ("**Ntam**" or "**Named Plaintiff**"), on his in-dividual behalf and on behalf of two classes of similarly situated individuals ("RESPA Class"), by his attorneys, Phillip R. Robinson and the Consumer Law Center LLC, hereby gives notice that he intends to take the deposition of the corporate designee(s) of non-party Equifax Information Ser-vices, LLC, at the following time:

           **11:00 A.M. (East Coast Time)**     **May 4, 2022**[1]

---

[1]     The Plaintiff in good faith attempted to identify a mutually convenient date with the witness previously on multiple dates including March 2, 2022, April 5, 2022, and April 13, 2022 but the witness by its counsel refused to provide any alterative prior dates other than to say it could not appear on the original date of March 16, 2022. Left with no alternative, Plaintiff has identified the date and time here which cannot be rescheduled without the witness confirming its availability in writing for a mutually convenient time and date.

Remote Video Conference[2]

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer or through Zoom, at the date and time indicated above.  Plaintiff also provides notice to the Defendants and deponent that the deposition, or portions thereof, may be used at the time of trial.

Date: April 22, 2022

Respectfully submitted,

*/s/Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

Brent S. Snyder
*Admitted Pro Hac Vice*
2125 Middlebrook Pike
Knoxville, TN 37921.
Phone: (865) 264-3328
brentsnyder77@gmail.com

Robert P. Cocco
*Admitted Pro Hac Vice*
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
Phone: (215) 351-0200
bob.cocco@phillyconsumerlaw.com

---

[2]     The assigned court reporter will issue the log-in information about the deposition 2-3 days before the deposition date and share with counsel for the witness and parties.

2

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

**EXHIBIT A**
**TO**
**SUBPOENA TO EQUIFAX INFORMATION SERVICES LLC**

**AREAS OF INQUIRY**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that Equifax appear for an oral deposition, or provide an authorized representative on its behalf to appear for an oral deposition, to provide sworn, videotaped deposition testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**11:00 A.M. (East Coast Time)**     **May 4, 2022**
                                      Remote Video Conference

Pursuant to Federal Rules of Civil Procedure, Equifax shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1.      All facts concerning the business relationship(s) between Equifax and Paramount Residential Mortgage Group, Inc. ("PRMG") related to:

   a.  Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by Equifax and PRMG concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to PRMG's furnishing of credit information to you about its customers; and (iii) PRMG's acquisition of credit reports from you concerning its customers or potential customers.

   b.  Any agreement by you with PRMG that permits another person, including Cenlar, FSB, to furnish credit information to you in PRMG's name.

2. All facts concerning the business relationship(s) between Equifax and Cenlar, FSB ("Cenlar")(Sec. Marketing Agency Account # ending in 3998) related to:

   a.  Any contracts or agreements of service in effect from July 1, 2020 to the present entered into and agreed to by Equifax and Cenlar, FSB concerning: (i) information services related to prescreening potential borrowers, account review services, credit scores, and related ancillary services such as but not limited to mortgage consumer modeling attributes and OFAC alerts; (ii) information services related to Cenlar's furnishing of credit information to you about not its own customers but its clients' customers (including PRMG); and (iii) Cenlar's acquisition of credit reports from you concerning its customers or potential customers.

   b.  Any agreement by you with Cenlar that permits it to furnish credit information to you in the name(s) of other persons (including PRMG) and without identifying Cenlar as the actual furnisher of the credit information.

3.  All facts related to the procedures and methods necessary for PRMG to suppress or cease furnishing to you any adverse or negative information regarding any of its borrowers' credit or payment history for a period of at least sixty days.

4.  All facts related to the procedures and methods necessary for Cenlar to suppress or cease furnishing to you any adverse or negative information regarding any consumers' credit or payment history reported by it, including consumer data furnished to you by Cenlar in the name of PRMG as the furnisher, to you for a period of at least sixty days.

5.  All facts and communications occurring from July 1, 2020 to the present between you and PRMG concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action.

6.  All facts and communications occurring from July 1, 2020 to the present between you and Cenlar concerning the Plaintiff Victor Ntam and his mortgage loan subject to this action (Mortgage ID ███████████).

7.  All facts known to you related to the findings of the Office of the Comptroller of the Currency related to Cenlar in its public Consent Order issued on October 26, 2021 (https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf) concerning: (i) Cenlar's "internal controls" related to the Plaintiff and similar borrowers part of Cenlar's sub-servicing portfolio to be unsafe and unsound" and (ii) actions taken by you to ensure Cenlar's furnishment of credit information to you is accurate and not based upon its "unsafe or unsound" information technology systems.

8.  All facts related to any audits or reviews by you occurring from July 1, 2020 to the present of Cenlar's or PRMG's consumer data furnished to you.

9.  Other areas of inquiry arising out of ¶¶ 1-8 *supra*.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. Pursuant to the Court's various COVID-19 Orders, the deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above.  Plaintiff also provides notice to the Defendant and deponent that the deposition may be used at the time of trial.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing and attached exhibit was sent to the following counsel for the Defendant and Cenlar FSB by electronic email on the 22nd day of April 2022:

Carlos Marin
Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Carlos.Marin@lockelord.com
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

I do hereby further certify that a courtesy copy of the foregoing and attached exhibit was sent to the following counsel for witness by electronic email on the 22nd day of April 2022:

John C. Toro
King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
JToro@kslaw.com

/s/ Phillip Robinson
Phillip Robinson

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia  ▼

|  |  |
|---|---|
| Victor Ntam | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:21-cv-01583-JMC |
| Paramount Residential Mortgage Group, Inc. | ) |
|  | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Crane Consulting and Outsourcing, LLC, Serve On: VCorp Services, LLC, 1200 S Pine Island Road
Plantation, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit A

| Place: Remote Zoom TBD | Date and Time:<br>04/28/2022 1:00 pm |
|---|---|

The deposition will be recorded by this method:    Stenographically and by video before a court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/25/2022

| *CLERK OF COURT* | |
|---|---|
|  | OR |
|  | /s/ Phillip Robinson |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center LLC, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

---

**SUBPOENA TO CRANE CONSULTING & OUTSOURCING LLC**

---

**<u>DEFINITIONS</u>**

A.   A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.   "Document" is used herein in the broadest sense and includes any written, recorded or graphic matter, however produced or reproduced, and including data maintained electronically, such as in a computer, which is capable of being translated or compiled and recorded in hard copy. It includes but is not limited to all original writings and tangible things of any nature and non-identical copies and drafts thereof known to you, whether or not in your possession, custody or control, regardless of where located, and **also includes but is not limited to records, video or audio tape recordings, photographs, negatives and moving pictures**. If email is requested then production should be made electronically, in its native format, with all metadata in place.

C.   If any document called for by this Subpoena is withheld on grounds of any privilege, or for any other reason, (a) state the nature and date of the document; (b) state the nature of the

1

privilege claimed, and the basis upon which the document is being withheld; (c) identify each person by whom the document was prepared or signed; (d) identify each person to whom it was addressed, directed, circulated, shown or explained; and (e) identify each person now in possession of the document.

D.    If any document called for by this Subpoena has been destroyed or discarded, (a) identify the document's date; (b) identify each person by whom the document was prepared or signed; (c) identify each person to whom the documents were addressed, directed, circulated, shown or explained: (d) state the date of the document's destruction or discard, the manner of destruction or discard, and the reason for its destruction or discard; (e) identify each person who authorized or carried out such destruction or discard; and (f) identify any document which contains any of the information called for in (a) through (e) of this paragraph.

E.    In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

F.    "You" or "your" refers to "**" CRANE CONSULTING & OUTSOURCING LLC or "CRANE CONSULTING" ("Crane")** a Florida limited liability company which is affiliated with Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and/or RAS Legal Group (collectively "RAS").  "You" or "your" includes RAS, your agents, employees, representatives, attorneys, insurers, affiliates, and successor(s) in interest.

G.    "Plaintiff" means Victor Ntam.  Plaintiff includes members of the TILA Class.

H.    "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

I.    "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:
   a.    Cenlar has provided "private label" servicing related to the acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and
   b.    Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

J.    "TILA Class" is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan

documents evidencing the indebtedness.  Excluded from the TILA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG or a member of the Defendant Class did not promptly credit their payment.

K.    "RESPA Class" is comprised of all residential, mortgage loan borrowers for whom PRMG, or its authorized agents/vendors acting on its behalf including Cenlar, received a QWR/NOE since June 10, 2018 pursuant to 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41.  Excluded from the REPSA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG received their QWR/NOE.

L.    In addition, the Defendant and Cenlar FSB requested a protective Order which was drafted and agreed to by the parties and entered by the court.  It is anticipated that the responsive documents to the subpoena will be Crane's contract(s) with Cenlar, employment records of certain Crane employees whom performed work or training on behalf of Cenlar FSB and/or PRMG and the limited testimony will concern the general processes Crane transacts work and training on behalf of Cenlar and/or PRMG in relation to members of the Defendant Class members.

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on his behalf to appear for an oral deposition, to provide sworn, remove videotaped deposition (by ZOOM) testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**1:00PM                April 28, 2022[1]**

Location:        Remote Zoom Conference TBD by Court Reporter

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To authenticate the business records produced by YOU in response to the attached subpoena.

2. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

    a. The Defendant or members of the Defendant Class, directly or indirectly;

---

[1]    This date can be rescheduled to a mutually convenient date and time for the Parties and designee witness(es)

4

b.  Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by Cenlar FSB from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by Cenlar FSB from Plaintiff and members of the  TILA Class on behalf of the Defendant and members of the Defendant Class.

c.  What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the RESPA Class and TILA Class.

3.  To identify all facts related to any communications to or from you acting on behalf of Cenlar FSB to the members of the Defendant Class (including PRMG) and/or Cenlar, FSB, since June 10, 2018 concerning generally:

a.  The Defendant or members of the Defendant Class, directly or indirectly. in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

5

    b.   Your contractual relationship with Cenlar FSB in regards to the Plaintiff and members of the RESPA Class to respond to, research, and investigate Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class.

    c.   Your contractual relationship with Cenlar FSB and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class to respond to received and credit mortgage payments from Plaintiff and members of the TILA Class.

4.   To identify all facts related to any outsourcing of employees, consulting, and/or training of your employees or Cenlar FSB employees to perform services or assist you in performing the services you provide to Cenlar, FSB; PRMG; and the members of the Defendant Class, since June 10, 2018 concerning the receiving and crediting of payments from the Plaintiff and members of the RESPA Class and TILA Class to the Defendant and members of the Defendant Class.

5.   To identify all facts related to any insurance or indemnification claims made to you by Cenlar, FSB; PRMG; and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action.

6.   To identify all facts related to any communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

7. To identify the facts related to standard operating procedures, processes, and activities utilized by YOU from June 10, 2018 to the present in responding to, researching, investigating, preparing, and sending responses to Qualified Written Requests or Notices of Error received by the Defendants in care of Cenlar FSB.

8. To identify the facts which identify from June 10, 2018 to the present that concern the number of Qualified Written Requests or Notices of Error you were engaged or retained by Cenlar, FSB to respond to on behalf of the Defendants.

9. To identify the facts which identify from June 10, 2018 to the present that concern the number of instances you communicated with a credit reporting agency about the Qualified Written Requests or Notices of Error you were engaged or retained by Cenlar, FSB to respond to on behalf of the Defendants.

10. To identify all facts related to any work YOU performed in relation to Exhibit A attached hereto.

11. Any other facts arising out of ¶¶ 1-10 *supra*.


**EXHIBIT B**

Plaintiff requests YOU to produce documents at the time of deposition (or in advance of the deposition at its discretion if mutually agreed upon) responsive to the requests below (following the definitions section):

<u>**REQUESTS**</u>

1. All contracts between you and Cenlar FSB concerning the outsourcing, hiring, placement, and training of employees who perform work for Cenlar FSB concerning the receipt and crediting of payments received by Cenlar, directly or indirectly, on their behalf from the Plaintiff and members of the TILA class.

2. All documents (A) to you from the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

7

a. Cenlar FSB, the Defendant, or members of the Defendant Class, directly or indirectly;

b. Default and servicing operations by you on behalf of Cenlar FSB, the Defendant, and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class;

c. Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by Cenlar FSB and/or PRMG from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by you from Plaintiff and members of the TILA Class on behalf of the Defendant and members of the Defendant Class.

d. What, if any, measures you have taken to take timely corrective actions to correct any errors caused by you in relation to of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class.

3. All documents concerning communications to or from you to Cenlar FSB, since June 10, 2018 concerning:

a. The Defendant or members of the Defendant Class, directly or indirectly. in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

b. Your contractual relationship with Cenlar FSB in regards to the Plaintiff and members of the RESPA Class to respond to, research, and investigate Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class.

c. Your contractual relationship with Cenlar FSB in regards to the Plaintiff and members of the TILA Class to respond to received and credit mortgage payments from Plaintiff and members of the TILA Class

4. All documents related to any vendors or third parties engaged by you to perform activities related to the services you provide to Cenlar FSB since June 10, 2018 concerning: (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

8

**Apx.203**

5.     All documents which relate to any insurance or indemnification claims made to you by Cenlar FSB  (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action.

6.     All documents related to communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC related to any Qualified Written Requests or Notices of Error from the Plaintiff or the RESPA Class members sent to PMRG.

7.     All documents from you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of Cenlar FSB related to the Plaintiff and members of the RESPA Class.

8.     All organizational charts identifying your managers and departments that are utilized by you in relation to your providing or outsourcing employees to engage in default and servicing operations to Cenlar FSB on behalf of the Defendant and members of the Defendant Class in relation to the Plaintiff and members of the RESPA Class and TILA Class.

9.     All documents describing your policies, practices, and procedures which relate to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

10.     All written or electronic training manuals, materials, instructions, audio recordings, tests, policies, and procedures utilized when outsourcing, hiring, placement, and training of employees who perform work for Cenlar FSB          concerning the receipt and crediting of payments received by Cenlar and responding to, researching, and investigating Qualified Written Requests and Notices of Error under RESPA.

11.     All hiring records, employee files, interview evaluations, employment or training test results, and personnel files including any records related to job performance, promotions and transfers, compensation, performance appraisals, awards or citations for excellent performance, records of attendance and completion of training programs, warnings and any formal discipline, notes on attendance or tardiness, separation notices, resignation letters, and any contract or written agreement between you and or for the following individuals:

    a.  Jessica Churchwell
    b.  Kimberly Coco
    c.  Jennifer Vaden

9

**Apx.204**

Dated:      March 25, 2022

Respectfully submitted,
*/s/ Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD 20901
Phone (301) 448-1304
phillip@marylandconsumer.com

*Counsel for the Plaintiff and Putative Class Members*

10

**Apx.205**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| Victor Ntam | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:21-cv-01583-JMC |
| Paramount Residential Mortgage Group, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Crane Consulting and Outsourcing, LLC, Serve On: VCorp Services, LLC, 1200 S. Pine Island Road
Plantation, FL 33324

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:    See attached Exhibit A

| Place: Remote Zoom Videoconference | Date and Time: |
| TBD | 06/01/2022 10:00 am |

The deposition will be recorded by this method:    Stenographically and by video

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/10/2022

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | /s/ Phillip Robinson |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Victor Ntam
, who issues or requests this subpoena, are:
Phillip Robinson, Consumer Law Center, LLC, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com  (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.206**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

---

### SUBPOENA TO CRANE CONSULTING & OUTSOURCING LLC

---

### DEFINITIONS

A.      A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.      In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

C.      "You" or "your" refers to "**" CRANE CONSULTING & OUTSOURCING LLC or "CRANE CONSULTING" ("Crane")** a Florida limited liability company which is affiliated with Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and/or RAS Legal Group (collectively "RAS").  "You" or "your" includes RAS, your agents, employees, representatives, attorneys, insurers, affiliates, and successor(s) in interest.

D.      "Plaintiff" means Victor Ntam.  Plaintiff includes members of the TILA Class.

1

E.     "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

F.     "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:

      a.     Cenlar has provided "private label" servicing related to the acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and

      b.     Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

G.     "TILA Class"  is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan documents evidencing the indebtedness.  Excluded from the TILA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG or a member of the Defendant Class did not promptly credit their payment.

H.     "RESPA Class" is comprised of all residential, mortgage loan borrowers for whom PRMG, or its authorized agents/vendors acting on its behalf including Cenlar, received a QWR/NOE since June 10, 2018 pursuant to 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41.  Excluded from the REPSA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG received their QWR/NOE.

I.     In addition, the Defendant and Cenlar FSB requested a protective Order which was drafted and agreed to by the parties and entered by the court.  It is anticipated that the limited testimony will concern the general processes Crane transacts work and training on behalf of Cenlar and/or PRMG in relation to members of the Defendant Class members.

2

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on his behalf to appear for an oral deposition, to provide sworn, remove videotaped deposition (by ZOOM) testimony about certain areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**10:00AM**          **June 1, 2022**[1]

Location:          Remote Zoom Conference TBD by Court Reporter

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. To identify all facts related to any communications (A) to you by the Office of the Comptroller of the Currency, or its staff and employees and (B) from you to the Office of the Comptroller of the Currency, or its staff and employees, since June 10, 2018 concerning:

   a. The Defendant or members of the Defendant Class, directly or indirectly;

---

[1] This date can be rescheduled to a mutually convenient date and time for the Parties and designee witness(es) only upon the witness confirming its availability in writing for a mutually convenient time and date.

3

**Apx.211**

b. Your internal controls and operational risk management practices, including testing of preventative control processes, self-assessment processes, and leadership and oversight of business operations, in relation to: (i) Qualified Written Requests and Notices of Error under the Real Estate Settlement Procedures Act received by Cenlar FSB from the Plaintiff and members of the RESPA Class on behalf of the Defendant; and (ii) mortgage payments received by Cenlar FSB from Plaintiff and members of the  TILA Class on behalf of the Defendant and members of the Defendant Class.

c. What, if any, measures you have taken to ensure timely remedial actions are completed to correct any errors caused by you in relation to the Defendant and members of the Defendant Class concerning the Plaintiff and members of the RESPA Class and TILA Class.

2. To identify all facts related to any communications to or from you acting on behalf of Cenlar FSB to the members of the Defendant Class (including PRMG) and/or Cenlar, FSB, since June 10, 2018 concerning generally:

a. The Defendant or members of the Defendant Class, directly or indirectly. in relation to (i) servicing, researching, and responding to Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class and (ii) receiving and crediting payments from the Plaintiff and members of the TILA Class to the Defendant and members of the Defendant Class.

b.  Your contractual relationship with Cenlar FSB in regards to the Plaintiff and members of the RESPA Class to respond to, research, and investigate Qualified Written Requests and Notices of Error under RESPA from the Plaintiff and members of the RESPA Class.

c.  Your contractual relationship with Cenlar FSB and members of the Defendant Class in regards to the Plaintiff and members of the TILA Class to respond to received and credit mortgage payments from Plaintiff and members of the TILA Class.

3.  To identify all facts related to any outsourcing of employees, consulting, and/or training of your employees or Cenlar FSB employees to perform services or assist you in performing the services you provide to Cenlar, FSB; PRMG; and the members of the Defendant Class, since June 10, 2018 concerning the receiving and crediting of payments from the Plaintiff and members of the RESPA Class and TILA Class to the Defendant and members of the Defendant Class.

4.  To identify all facts related to any insurance or indemnification claims made to you by Cenlar, FSB; PRMG; and the members of the Defendant Class (or received by you from any other person) concerning the claims of the Plaintiff and members of the RESPA Class and TILA Class in this action.

5.  To identify all facts related to any communications by you to (i) TransUnion LLC, (ii) Experian Information Solutions, Inc., and (iii) Equifax Information Service, LLC to correct any errors in the credit data you furnished to each on behalf of PMRG related to the Plaintiff and members of the RESPA Class.

5

**Apx.213**

6.  To identify the facts related to standard operating procedures, processes, and activities utilized by YOU from June 10, 2018 to the present in responding to, researching, investigating, preparing, and sending responses to Qualified Written Requests or Notices of Error received by the Defendants in care of Cenlar FSB.

7.  To identify the facts which identify from June 10, 2018 to the present that concern the number of Qualified Written Requests or Notices of Error you were engaged or retained by Cenlar, FSB to respond to on behalf of the Defendants.

8.  To identify the facts which identify from June 10, 2018 to the present that concern the number of instances you communicated with a credit reporting agency about the Qualified Written Requests or Notices of Error you were engaged or retained by Cenlar, FSB to respond to on behalf of the Defendants.

9.  To identify all facts related to any work YOU performed in relation to Exhibit A attached hereto.

10.  Any other facts arising out of ¶¶ 1-10 *supra*.

6

Dated:    May 10, 2022

                                               Respectfully submitted,

                                               */s/ Phillip R. Robinson*

Phillip R. Robinson

Bar No. MD27824

Consumer Law Center LLC

10125 Colesville Rd., Suite 378

Silver Spring, MD 20901

Phone (301) 448-1304

phillip@marylandconsumer.com

Brent S. Snyder

*Admitted Pro Hac Vice*

2125 Middlebrook Pike

Knoxville, TN 37921.

Phone: (865) 264-3328

brentsnyder77@gmail.com

Robert P. Cocco, Esq.

*Admitted Pro Hac Vice*

1500 Walnut Street - Suite 900

Philadelphia, PA  19102

Phone: (215) 351-0200

bob.cocco@phillyconsumerlaw.com

*Counsel for the Plaintiff and Putative Class Members*

7

**Apx.215**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▢▾

| | |
|---|---|
| Victor Ntam | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:21-cv-01583-JMC |
| Paramount Residential Mortgage Group, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Federal National Mortgage Association, Serve On: David Benson, President
1100 15th Street NW, Washington, DC 20005

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:      See attached Exhibit

| Place: | Remote Zoom Videoconference to be announced by Court Reporter | Date and Time: 06/02/2022 1:30 pm |
|---|---|---|

The deposition will be recorded by this method:   Stenographically and by video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/10/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Phillip Robinson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Victor Ntam
, who issues or requests this subpoena, are:

Phillip Robinson, Consumer Law Center, LLC, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com  (301) 448-1304

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM,** | |
| *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* | |
| Plaintiff, | |
| v. | Civil Case: 1:21-cv-01583-JMC |
| **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,** | |
| Defendant. | |

---

**SUBPOENA TO FEDERAL NATIONAL MORTGAGE ASSOCIATION**

---

## DEFINITIONS

A.    A document that "relates to" or "concerns" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.  Documents also include audio recordings maintained in the normal course of your business.

B.    "Document" is used herein in the broadest sense and includes any written, recorded or graphic matter, however produced or reproduced, and including data maintained electronically, such as in a computer, which is capable of being translated or compiled and recorded in hard copy. It includes but is not limited to all original writings and tangible things of any nature and non-identical copies and drafts thereof known to you, whether or not in your possession, custody or control, regardless of where located, and **also includes but is not limited to records, video or audio tape recordings, photographs, negatives and moving pictures**. If email is requested then production should be made electronically, in its native format, with all metadata in place.

C.    If any document called for by this Subpoena is withheld on grounds of any privilege, or for any other reason, (a) state the nature and date of the document; (b) state the nature of the

1

privilege claimed, and the basis upon which the document is being withheld; (c) identify each person by whom the document was prepared or signed; (d) identify each person to whom it was addressed, directed, circulated, shown or explained; and (e) identify each person now in possession of the document.

D.    If any document called for by this Subpoena has been destroyed or discarded, (a) identify the document's date; (b) identify each person by whom the document was prepared or signed; (c) identify each person to whom the documents were addressed, directed, circulated, shown or explained: (d) state the date of the document's destruction or discard, the manner of destruction or discard, and the reason for its destruction or discard; (e) identify each person who authorized or carried out such destruction or discard; and (f) identify any document which contains any of the information called for in (a) through (e) of this paragraph.

E.    In the case of each person to be identified pursuant to these instructions state the name of such person, his position and title, his employer, his employer's last known address and telephone number and his last known home address and telephone number.

F.    "You" or "your" refers to **"FEDERAL NATIONAL MORTGAGE ASSOCIATION" or "FANNIE MAE"** and includes you, your agents, employees, representatives, attorneys, insurers, affiliates, and successor(s) in interest.

G.    "Plaintiff" means Victor Ntam.  Plaintiff includes members of the TILA Class.

H.    "Defendants" means (i) Paramount Residential Mortgage Group, Inc. ("PRMG") and (ii) the members of the Defendant Class.

I.    "Defendant Class" is comprised to include of all Cenlar mortgage clients for whom since August 24, 2020:

    i.    Cenlar has provided "private label" servicing related to the      acceptance and crediting of monthly, mortgage payments mortgage payments and the administration and accounting of those payments on behalf of the client and in the client's name; and

    ii.    Cenlar's mortgage client qualifies as a creditor pursuant to 15 U.S.C.A. § 1602(g) in relation to the TILA Class members.

J.    "TILA Class"  is comprised to include all residential, mortgage loan borrowers from whom Cenlar provided "private label" servicing, which included the acceptance and crediting of monthly, mortgage payments in the name of the Defendant Class members since August 24, 2020 who: (i) each regularly extends consumer credit which is payable by written agreement in more than four installments and for which the payment of a finance charge is required, and (ii) is the person to whom the debt arising from the consumer borrower is initially payable on the face of the loan documents evidencing the indebtedness.  Excluded from the TILA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after

2

the date PRMG or a member of the Defendant Class did not promptly credit their payment.

K.     "RESPA Class" is comprised of all residential, mortgage loan borrowers for whom PRMG, or its authorized agents/vendors acting on its behalf including Cenlar, received a QWR/NOE since June 10, 2018 pursuant to 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41. Excluded from the REPSA Class are any borrowers who obtained a discharge under Chapter 7 of the Bankruptcy Code after the date PRMG received their QWR/NOE.

L.     "Loans" shall mean the mortgage loans of the members of the TILA Class and/or RESPA Class.

M.     "Ntam Loan" shall mean the mortgage loan of Victor Ntam extended on July 23, 2020 and secured by the real property located at 1021 51st Street NE, Washington, DC 20019.

N.     "OCC Order" shall refer to the Consent Order entered into by the Office of the Comptroller of the Currency in the matter of Cenlar FSB (AA-ENF-2021-45) on October 25, 2021 (available at https://www.occ.gov/static/enforcement-actions/ea2021-043.pdf )

O.     *Master Servicer or Subservicer:* The "Master Servicer" is any named mortgage servicer assigned the servicing rights for Fannie Mae loans including those who "subservices" the work to another(s) to act as a "subservicer" (in whole or part) on behalf of the Master Servicer.

P.     *Mortgage Servicer*: The term "mortgage servicer" means a person who directly services a mortgage loan, or who is responsible for directly or indirectly interacting with a borrower, managing a loan account on a daily basis, including, without limitation, collecting and crediting periodic loan payments, managing any escrow account or enforcing the note and security instrument, either as the current owner of the mortgage promissory note or as the authorized agent of the current owner of the mortgage promissory note. Mortgage servicer includes a person providing such services by contract as a subservicing agent to a master servicer by contract. Mortgage servicer also has the meaning stated in 12 U.S.C.A. § 2605(i)(2). Mortgage servicer also includes any entity or financial institution that services mortgage loans on behalf of Fannie Mae.

Q.     *Services:* The term "services" refers to the action to oversee and process the collection of payments for loans own by Fannie Mae and the processes to ensure that that conduct complies with Fannie Mae policy and Federal, State, and Local laws as well as any regulations issued by the Consumer Financial Protection Bureau.

R.     *Policy:*  The term "policy" generally describes the Fannie Mae Servicing Guide (Fannie

3

**Apx.221**

Mae Single Family) as it has existed from January 1, 2000 to the present and including all amendments thereto and any information or formal guidance interpreting it by Fannie Mae to its mortgage servicers.

S.    *Privy*: The term "privy" means all secured parties for the loan and also any trustee or person associated with you including your attorneys, agents, and vendors.

T.    *Records Management*: The term "Records Management" is the practice of maintaining the records of an organization from the time they are created up to their eventual disposal. This may include classifying, storing, securing, electronically sharing with borrowers, and destruction (or in some cases, archival preservation) of records.  This may also include preservation of electronic records.  The term "records management" also has the meaning stated in 12 C.F.R. § 1024.38(c) and includes or is related to your SIR, SMDU or HSSN systems.

U.    *SIR:*  The term SIR or S-I-R (servicer investor reporting) is an electronic system utilized by Fannie Mae where it can look-up borrower by specific data (a unique identifier) and it also contains reports from Fannie Mae mortgage servicers about the status of payments made to the servicers on Fannie Mae loans, whether those loans are delinquent, and sums of principal, interest, and unpaid principal balance are available.

V.     "CONCERNING", "RELATING TO" Or "REFERRING TO" (including other verb tenses of those terms) means describing, evidencing, constituting, reflecting, showing, comprising, considering, concerning, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

W.    **If you contend that a word or term that is not specifically defined in these interrogatories is vague or capable of multiple meanings that prevent you from answering the interrogatory, then you should consult the Merriam Webster dictionary available online at http://www.merriam-webster.com for a definition that is incorporated into these requests by reference.**

**Apx.222**

**EXHIBIT A**

Plaintiff Victor Ntam, by his undersigned counsel, hereby requests that YOU appear for an oral deposition, or provide an authorized representative on YOUR behalf to appear for an oral deposition videotaped deposition (by ZOOM) to provide sworn testimony about the areas of inquiry described below that are discoverable under Federal Rules of Civil Procedure. Plaintiff requests that the designated witness(es) appear at the date, time and place indicated below:

**1:30PM**              **June 2, 2022**[1]

Location: Remote Zoom Conference Room to be provided by Court Reporter

Pursuant to Federal Rules of Civil Procedure, YOU shall designate one or more officers, agents, attorneys, or other persons who can testify on its behalf with respect to the following matters:

1. All facts concerning Victor Ntam's loan.

2. All facts concerning your acquisition of the Ntam loan from PRMG.

3. All facts concerning any other loans acquired by Fannie Mae from PRMG.

4. All facts concerning the number of Loans acquired by Fannie Mae from PRMG.

5. All facts concerning the members of the Defendant Class.

6. All facts concerning the number of Loans subserviced by Cenlar, FSB.

---

[1]     Plaintiff is willing to reschedule the noted date and time to one mutually agreeable for the Parties and designee witness(es)

5

**Apx.223**

7.  All facts concerning Fannie Mae's knowledge of the OCC consent order.

8.  Any other facts arising out of ¶¶ 1-7 *supra*.

Dated:      May 10, 2022

Respectfully submitted,
*/s/ Phillip R. Robinson*
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD 20901
Phone (301) 448-1304
phillip@marylandconsumer.com

Brent S. Snyder
*Admitted Pro Hac Vice*
2125 Middlebrook Pike
Knoxville, TN 37921.
Phone: (865) 264-3328
brentsnyder77@gmail.com

Robert P. Cocco, Esq.
*Admitted Pro Hac Vice*
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
Phone: (215) 351-0200
bob.cocco@phillyconsumerlaw.com
*Counsel for the Plaintiff and Putative Class Members*

**Apx.224**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

| | | |
|---|---|---|
| Victor Ntam | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:21-cv-01583-JMC |
| Paramount Residential Mortgage Group, Inc. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Jonathan Shapiro, 2385 NW Executive Center Drive, Suite 120, Boca Raton, FL 33431

_____
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote Zoom Videoconference<br>TBD | Date and Time:<br>06/01/2022 2:30 pm |
|---|---|

The deposition will be recorded by this method:   Stenographically and by video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/10/2022

                 *CLERK OF COURT*
                                                    OR
                                                           /s/ Phillip Robinson
_____        _____
   *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Victor Ntam
_____, who issues or requests this subpoena, are:

Phillip Robinson, Consumer Law Center, LLC, 10125 Colesville Rd., Suite 378, Silver Spring, MD 20901
phillip@marylandconsumer.com  (301) 448-1304

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Apx.225**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-01583-JMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).