**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF COLUMBIA**

| | |
|---|---|
| VICTOR NTAM, individually & on behalf of two classes of similarly situated persons, | : <br> : <br> : <br> : |
| Plaintiff, <br> v. | : <br> : Civil Action No.: 1:21-cv-01583-JMC <br> : |
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., individually & on behalf of all others similarly situated | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendant. | : |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Victor Ntam ("Ntam" or "Plaintiff") files this Notice of Supplemental Authority in support of his pending Motion for Leave to File Second Amended and Supplemental Complaint [ECF. 23] and in opposition to Defendant's assertions in its opposition memo [ECF. 24] and Surreply [ECF. 33].

Just yesterday, June 6, 2022, the District Court for the Western District of North Carolina issued the attached Order in *Jones v. First-Citizens Bank & Trust Co. and Central Loan Admin. & Reporting, a/k/a Cenlar FSB,* 3:20CV445-GCM (W.D.N.C. June 6, 2022)[1]. While this case is not from the D.C. Circuit, Plaintiff assert that it is directly on point to one of the threshold issues raised by the Defendant in its Opposition Memo and Surreply to Plaintiff's

---

[1] Due to the issuing of the opinion yesterday there is not a Westlaw or Lexis citation yet available. A copy is attached as Exhibit 1.

1

Motion for Leave to Amend. To wit, is Cenlar FSB ("Cenlar") as a subservicer of Plaintiff's mortgage loan, subject to RESPA? Clearly, based on the position taken by Cenlar in *Jones,* the answer is yes.

In the *Jones* Order, issued in response to Cenlar's Motion for Summary Judgment, the District Court found that "First Citizens then transferred its right to service the loan to Cenlar pursuant to a general Subservicing Agreement." *Jones* at 2. The Order further stated that "Cenlar does not dispute that it is a 'servicer' of Jones' loan and is governed by the provisions in RESPA." *Jones* at 16. This admission by Cenlar is wholly inconsistent with the position Cenlar/PRMG has taken in Ntam's case; that Cenlar is not a servicer and thus not subject to RESPA. *See* ECF. 24 at 10-13 and ECF. 33 at 3-4. Therefore, Cenlar should be estopped from taking a contrary position than it has in similar previous cases.

June 7, 2022                      Respectfully submitted,

                                                  /s/Phillip R. Robinson
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304

Brent S. Snyder
*Admitted Pro Hac Vice*
2125 Middlebrook Pike
Knoxville, TN 37921.
Phone: (865) 264-3328
brentsnyder77@gmail.com

Robert P. Cocco
*Admitted Pro Hac Vice*
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
Phone: (215) 351-0200
bob.cocco@phillyconsumerlaw.com

*Counsel for the Class and Putative RESPA Class & TILA Class Members*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing and attached exhibits were sent to the following counsel for the Defendant when filed with the Court's CM/ECF system:

Carlos Marin
Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Carlos.Marin@lockelord.com
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

/s/ Phillip Robinson
Phillip Robinson
