IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM**,<br><br>*Individually and on behalf of two classes of Similarly Situated Persons.*<br><br>Plaintiff,<br><br>v.<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**,<br><br>*On its behalf individually and on behalf of a class of Similarly Situated Persons*<br><br>Defendant. | Civil Case: 1:21-cv-01583-JMC |

**DEFENDANT PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.'S OPPOSITION TO PLAINTIFF VICTOR NTAM'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND CLASS CERTIFICATION DISCOVERY DEADLINE**

Defendant Paramount Residential Mortgage Group, Inc. ("PRMG") opposes the Motion to Modify Scheduling Order to Extend Class Certification Discovery Deadline (ECF No. 45) filed by Plaintiff Victor Ntam.

**INTRODUCTION**

Plaintiff's Motion should be denied as Plaintiff fails to demonstrate good cause for a general extension of the June 30, 2022 phase one discovery deadline. The basis of Plaintiff's Motion is PRMG's witnesses' unavailability for a deposition noticed pursuant to Federal Rule of Civil Procedure 30(b)(6) and unilaterally set for June 14, 2022.

However, an extension of the June 30, 2022 deadline is unnecessary and unwarranted. PRMG has already agreed to allow timely noticed depositions (including Plaintiff's Rule 30(b)(6) deposition of PRMG) that could not move forward by June 30, 2022 due to witness or attorney

unavailability to take place after the deadline. In fact, the parties have already agreed on deposition dates after June 30 for two of PRMG's Rule 30(b)(6) designees. This motion should be denied for the simple reason that no extension is needed; Plaintiff can proceed with the Rule 30(b)(6) depositions of PRMG he seeks notwithstanding the phase one discovery cutoff.

      Next, the bind Plaintiff that finds himself in is solely the result of his lack of diligence and planning. Discovery opened on September 29, 2021. On November 10, 2021, Plaintiff served a request for production of documents and three notices of deposition of PRMG pursuant to Federal Rule of Civil Procedure 30(b)(1). Plaintiff served a fourth notice of deposition of PRMG pursuant to Federal Rule of Civil Procedure 30(b)(1) on November 30, 2021. While he later pursued voluminous third party discovery, including multiple depositions of Cenlar FSB[1] personnel, Plaintiff served no additional discovery on PRMG until May 13, 2022, six months later, and only six weeks before phase one discovery closes. On that date, Plaintiff served his Rule 30(b)(6) deposition notice on PRMG requesting testimony on 21 different topics. While Plaintiff was within his rights to notice a last-minute deposition instead of pursuing it earlier in the litigation, his tactical decision carried with it the risk that PRMG could not line up the multiple witnesses needed to testify in response to 21 categories of examination on the single date he unilaterally set, and all but ensured that some or all of the witnesses' depositions would need to proceed later than the date noticed.

      Finally, even if the depositions of PRMG's Rule 30(b)(6) witnesses in 21 different categories had all gone forward as noticed on June 14, 2022, Plaintiff would have not had sufficient time afterward to conduct additional discovery by the current June 30, 2022 cut off. Plaintiff also fails to identify what additional discovery he needs to conduct that could not have been completed

---

[1] Cenlar FSB was added as a defendant with the filing of Plaintiff's second amended complaint.

before the deadline. Thus, the fact that the depositions will not be completed by June 30 does not justify extending the phase one discovery deadline.

For these reasons, as set forth below, PRMG respectfully requests the Court deny Plaintiff's Motion.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a mortgage borrower, filed this putative class action on June 10, 2021 against PRMG, a mortgage servicer, and a putative "Defendant Class." ECF No. 1. Plaintiff filed a first amended complaint as a matter of right on August 24, 2021 and second amended complaint on June 23, 2022. ECF Nos. 9 and 48.

Discovery opened on September 29, 2021. The parties filed a Joint Statement of the Parties pursuant to Local Civil Rule 16.3 on October 14, 2021. ECF No. 12. In that Statement, the parties agreed to bifurcated discovery, with the "8-month initial discovery period limited to the merits of Plaintiff's individual claim and class certification issues, to be completed by June 30, 2022." *Id*., p. 4. The Court issued a scheduling order on October 21, 2021, which set the deadline for discovery on class certification issues for June 30, 2022. ECF No. 13.

Despite discovery opening in September 2021, Plaintiff waited until November 10, 2021, to serve a first request for production of documents and three Federal Rule of Civil Procedure 30(b)(1) notices of deposition on PRMG. McClendon Decl. at ¶ 4. He served a fourth Rule 30(b)(1) notice of deposition on November 30, 2021. *Id*. Notably, Plaintiff did not serve any other discovery on PRMG, such as interrogatories, requests for admissions, or a notice of deposition pursuant to Rule 30(b)(6) at that time. Two of the Rule 30(b)(1) depositions took place February 15, 2022, a third took place March 12, 2022, and the last took place on April 14, 2022. *Id.* at ¶ 5.

Following the last Rule 30(b)(1) deposition, Plaintiff waited a month before serving his

first set of requests for admission and first set of interrogatories on May 13, 2022. *Id.* at ¶ 6. Also on May 13, 2022, Plaintiff served his Notice of Deposition of PRMG under Rule 30(b)(6), seeking testimony regarding 21 separate topics, and unilaterally set the deposition for June 14, 2022. *Id.* at ¶ 7. However, Plaintiff failed to comply with Rule 30(b)(6), which requires that "before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *Id*.

On June 3, 2022, PRMG served objections to the Rule 30(b)(6) Notice and requested a conference to discuss the topics, since Plaintiff had not initiated it. *Id.* at ¶ 8. Plaintiff did not respond, so PRMG followed up again on June 8. *Id*. The conference finally took place on June 10, and provided sufficient clarification as to the topics of examination to allow PRMG to identify the appropriate witnesses. *Id*. PRMG and Plaintiff have since agreed on dates for two of the three witnesses who will be testifying in response to the Notice, and PRMG will provide dates for the third witness shortly. *Id.* at ¶ 10. To reiterate, PRMG is *not* taking the position that these Rule 30(b)(6) depositions cannot proceed after June 30. In fact, on June 17, 2022, PRMG informed Plaintiff's counsel of its agreement that previously-noticed depositions could be completed in the first half of July, notwithstanding the June 20, 2022 phase one discovery cutoff. *Id.* at ¶ 9.

Plaintiff has not served any additional discovery on PRMG. McClendon Decl. at ¶ 11.

## **LEGAL STANDARD**

"A Scheduling Order is 'intended to serve as 'the unalterable road map (absent good cause) for the remainder of the case.'" *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (*citing Olgyay v. Soc. for Envtl. Graphic Design, Inc.,* 169 F.R.D. 219, 220 (D.D.C. 1996) (quoting Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia at 39 (Aug. 1993)). Federal Rule of Civil Procedure

4

16(b) allows for a Scheduling Order to be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *see also Olgyay v. Society for Environmental Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) ("Once the schedule proposed by the parties is accepted or modified by the Court and memorialized in a scheduling order, the scheduling order may not be modified except by the Court and then only upon a showing of good cause." (citation omitted)); *Rude v. Adeboyeku*, 2007 WL 9770927 (D.D.C. Aug. 31, 2007). "Good cause" to modify a scheduling order "mean[s] that despite the moving party's diligence, the time table could not be reasonably met." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 75 F. Supp. 3d 94, 98 (D.D.C. 2014) (citation omitted), *see also Dag Enterprises,* 226 F.R.D. at 105; *Danzy v. IATSE Local 22*, 2020 WL 6887651 at *10 (D.D.C. Nov. 23, 2020).

Other factors considered on a motion to modify the scheduling order may include "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Childers v. Slater,* 197 F.R.D. 185, 188 (D.D.C. 2000). However, while factors such as prejudice to the opposing party might "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party is not diligent, the inquiry should end." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Courts in this District have routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence during the allowed time period." *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 2007 WL 1589495 at *6 (D.D.C. June 1, 2007) (collecting cases).

**ARGUMENT**

**I.      No good cause has been shown for a general extension of the June 30, 2022 deadline.**

Contrary to what Plaintiff claims, PRMG has attempted to reach a resolution with Plaintiff regarding an extension of the June 30, 2022 deadline. On June 17, 2022, PRMG informed Plaintiff that it agreed to an extension of the June 30, 2022 deadline as to previously noticed depositions, i.e., those timely noticed prior to June 30, which could have been completed prior to June 30 but for witness or lawyer unavailability.  McClendon Decl., ¶ 9. This motion should be denied because it is premised on the need to take the depositions of PRMG's Rule 30(b)(6) witnesses, *which PRMG has already agreed may proceed after June 30*.

Further, Plaintiff has not shown good cause that would necessitate a general extension of the June 30, 2022 deadline, as he fails to demonstrate that, despite his diligence, he was unable to timely complete discovery.  It is clear that Plaintiff has *not* been diligent throughout the eight months discovery has been opened, as he waited until May 13, 2022, six months after discovery opened and a mere six weeks before discovery closed, to serve his ***first*** Rule 30(b)(6) deposition notice on what was, until recently, the sole defendant in the case.[2]  "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." *Olgyay*, 169 F.R.D. at 220.

Plaintiff presents no explanation, let alone a reasonable one, why he was unable to notice PRMG's deposition pursuant to Rule 30(b)(6) at any time prior to May 13, 2022.  This appears to have been a tactical decision, as is Plaintiff's right, but setting a Rule 30(b)(6) deposition requesting testimony on 21 different topics to take place two weeks prior to the close of discovery on a unilaterally selected date all but ensured that the deposition would not go forward as

---

[2] Cenlar FSB was added as a defendant as of June 23, 2022.

scheduled. Plaintiff's significant delay in conferring as required by Rule 30(b)(6) on the topics of examination, even after prodding from PRMG, compounded this. This Court should not alter the scheduling order to rescue Plaintiff from the predictable outcome of his own tactical decisions.

Additionally, PRMG's subpoenas and its request for a short extension to respond to Plaintiff's discovery requests have no bearing on whether this Court should grant the motion. It is the moving party's due diligence that matters for the purpose of granting a motion to alter the Scheduling Order, which, as noted above, Plaintiff has not shown. *See e.g., Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012) (when deciding if good cause exists, the court "primarily considers the diligence of the party in seeking discovery before the deadline" (citation omitted)); *Intelsat USA Sales LLC v. Juch-Tech, Inc.*, 2015 WL 13672835 at *3 (D.D.C. Mar. 2, 2015) (same). Even if the Court entertains Plaintiff's complaints regarding PRMG's subpoenas and its request for a short extension to respond to interrogatories and requests for admission, they have no impact on whether Plaintiff diligently moved forward with his discovery efforts prior to May 2022. Plaintiff does not and cannot show that PRMG hindered or impacted his ability to obtain discovery during the prior seven months prior.

In sum, Plaintiff has not acted with diligence during the eight months that discovery has been open. As a result, Plaintiff's Motion should be denied.

**II.     Plaintiff's Motion should be denied for additional reasons.**

As noted above, if the moving party fails to show diligence, then "the inquiry should end." *Childers, supra*, 197 F.R.D. at 188. However, should the Court wish to consider them, additional factors weigh against granting Plaintiff's motion.

There is no foreseeability of the need for additional discovery except as to the previously noticed Rule 30(b)(6) deposition of PRMG, which PRMG has already agreed can occur after the

cutoff.  Plaintiff has not articulated what foreseeable additional discovery is still needed beyond the Rule 30(b)(6) depositions that he could not have completed over the past eight months. Indeed, Plaintiff does not detail the type or subject of discovery he intends to pursue, nor does he explain how he could complete such discovery within two weeks of the completion of the Rule 30(b)(6) depositions if the Court were to grant his motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion should be denied.

DATED:  June 28, 2022                                Respectfully submitted,


   /s/ *Regina J. McClendon*
Thomas J. Cunningham
Bar No. FL0090
tcunningham@lockelord.com
Dale A. Evans Jr.
Bar No. FL0091
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33458
Phone: (561) 833-7700

Regina J. McClendon
Bar No. CA00112
rmcclendon@lockelord.com
Lindsey E. Kress (*pro hac vice*)
lkress@lockelord.com
Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Phone: (415) 318-8810

Carlos Marin
Bar No. IL6326103
carlos.marin@lockelord.com
Locke Lord LLP
111 S. Wacker Dr.

Chicago, IL 60606
Phone: (312) 443-1837

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing via the Court's CM/ECF system on June 28, 2022 to:

Phillip R. Robinson
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD 20901
Email: phillip@marylandconsumer.com

Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
Email: brentsnyder77@gmail.com

Robert P. Cocco
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email: bob.cocco@phillyconsumerlaw.com

                                          /s/ *Regina J. McClendon*
                                          Regina J. McClendon

127658473