**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOR NTAM**, <br><br> *On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.* <br><br> Plaintiff, <br><br> v. <br><br> **PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., and CENLAR, FSB** <br><br> *On its behalf individually and on behalf of a class of Similarly Situated Persons* <br><br> Defendants. | Civil Case: 1:21-cv-01583-JMC |

**NON-PARTY DESHA BUTLER'S RESPONSE IN SUPPORT OF THE MOTION
TO QUASH SUBPOENAS ON BEHALF OF FLORENCE HERNDON, LCSW-C**

Non-party Desha Butler ("Butler"), by and through her undersigned counsel, hereby responds to third-party Florence Herndon, LCSW-C's Motion to Quash (ECF. 47) the subpoena served on her by Defendant Paramount Residential Mortgage Group, Inc. ("PRMG") regarding production of protect psychotherapy records. Butler appears in this action solely for the purpose of protecting her individual privacy protected by the Maryland General Assembly and the Maryland Court of Appeals which PRMG knowingly disregarded in its overbroad and improper subpoena.

I.      **Relevant & Material Background**

Butler acknowledges that she is a non-party witness with certain knowledge of the claims and issues before the Court in this action.  At all relevant times subject to this action, she has been in a relationship with the Plaintiff Victor Ntam ("Ntam").



Herndon previously provided a letter dated February 22, 2022.  Ex. 2, Herndon Letter.  This correspondence was provided to counsel for the Defendants by Butler's counsel on March 29, 2022.   In the correspondence Herndon explained Butler and Ntam had engaged her for "psychotherapy treatment (couples counseling)."  *Id.*  Further, "[t]he therapist rendering services for Ms. Butler and Mr. Ntam is Florence Herndon, LCSW-C."  *Id.*  Further, "Ms. Butler is the identified patient and all patient records are maintained under her name in the electronic records management system" maintained by Herndon from her office location in Waldorf, Maryland.  *Id.*

With knowledge that Herndon is a Maryland licensed certified social worker-clinical (i.e. LCWS-C) and provides Ntam and Butler "psychotherapy treatment (couples counseling)," PRMG issued and served a second subpoena on Herndon in Maryland dated May 27, 2022 for records production and testimony.  ECF. 47-2.  Defendant PRMG sought by its subpoenas to induce disclosure of Butler's protected medical records in direct violation of *Saint Luke Inst., Inc. v. Jones*, 241 A.3d 886 (2020) and the Maryland Confidentiality of Medical Records Act, Md. Code Ann., Health-Gen. § 4-307.  Further, Defendant PRMG was required to seek a court order under Maryland law for the records held by Herndon and also under Federal law but it knowingly failed to do so.  ECF. 47-2.

Herndon acknowledges that she has records in her possession related to Ntam but those "records also contain records of therapy as to Ms. Desha Butler that cannot be redacted."  Mot. at ¶ 4.  Yet, PRMG responds to the Court by failing to demonstrate any compliance with *Saint Luke* or Health-Gen. § 4-307.  Nor does PRMG explain why Butler's privacy should be invaded by its non-compliant subpoenas or how Ntam has any authority to waive her privilege.  Notwithstanding the actual claims presented in this action, PRMG's tactical choices to fish for evidence that it knows (i) does not exist and (ii) is not admissible by using unauthorized subpoenas which

impermissibly invade the protected privacy of a third party should not be sanctioned.  The subpoenas are required to be quashed under Maryland and Federal law.

## II.    Standard of Review

Under Rule 45(d)(3)(A)(iii), upon timely motion, a district court may quash a subpoena which calls for disclosure of privileged matter, provided no waiver applies.  Under Rule 45(a)(4), "[i]f [a] subpoena commands the production of documents, electronically stored information, or other tangible things ... then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

*Avila v. Lincoln Prop. Co. Com., Inc.*, No. 18-CV-2416-RC, 2019 WL 3718931, at *3 (D.D.C.

Aug. 7, 2019).  *See also S.E.C. v. Selden*, 484 F. Supp. 2d 105, 107 (D.D.C. 2007).

The text of Rule 45 makes quite clear that parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena:

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed.R.Civ.P. 45(c)(1).

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012).

Further, once a privilege is established in relation to a motion to quash, the burden shifts to the party who issued the subpoena to the issuing party to show a basis for abrogating it.

*Goldberg v. Amgen, Inc.*, 123 F. Supp. 3d 9, 15 (D.D.C. 2015).

## III.    Responsive Argument

### A.  Federal and Maryland Law Governs the Relationship Between Herndon and Butler and Butler is Entitled to Her Right to Privacy Related to the Couples Counseling Provided to Her by Herndon

4

The federal common law recognizes a psychotherapist-patient privilege that protects confidential communications between psychotherapists and patients, as well as records from psychotherapist sessions. *Jaffee v. Redmond*, 518 U.S. 1, 4, 9-10, 15 (1996).  This privilege extends to psychiatrists, psychologists, clinical social workers, and others engaged in mental health treatment. *Id.* at 15-16.  The Court explained, relevant to this case, the Federal common law applies to confidential communications with

> to confidential communications made to licensed social workers in the course of psychotherapy. The reasons for recognizing a privilege for treatment by psychiatrists and psychologists apply with equal force to treatment by a clinical social worker …Today, social workers provide a significant amount of mental health treatment. See, *e.g.,* U.S. Dept. of Health and Human Services, Center for Mental Health Services, Mental Health, United States, 1994, pp. 85–87, 107–114; Brief for National Association of Social Workers et al. as *Amici Curiae* 5–7 (citing authorities). Their clients often include the poor and those of modest means who could not afford the assistance of a psychiatrist or psychologist, *id.,* at 6–7 (citing authorities), but whose counseling sessions serve the same public goals.  Perhaps in recognition of these circumstances, the vast majority of States explicitly extend a testimonial privilege to licensed social workers.

*Id.* at 15-17 (FNs omitted).[1]

The Court specifically barred disclosure of information of the "conversations between [the patient] and [the licensed social worker] and the notes taken during their counseling sessions" and explained that purported discovery was "protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 18.

Here, the same is true for Butler's interests in her private, confidential communications while under Herndon's services.  Under the Federal common law, PRMG knows it has no right to Butler's records from Herndon's confidential records protected by *Jaffee* but it presses its case for

---

[1]     The Court also specifically identified Maryland's codification of the social worker-client communications privilege at Md. Code Ann., Cts. & Jud. Proc. § 9-121 and the District of Columbia's codification of the licensed social-worker client privilege at D.C. Code Ann. § 14-307. *Jaffee,* 518 U.S. at 17 (FN 17).

the records and asks the Court to deny the motion to quash to require Butler's information to be disclosed to it even though she is not a party to this action and simply is a witness. This Court should respectfully deny PRMG's improper effort since as *Jaffee* explained

> if the purpose of the privilege is to be served, the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all."

*Jaffee* 518 U.S. at 17–18 (quoting *Upjohn Co. v. United States*, 449 U.S. 383 (1981)).

Butler's confidential records and communications sought from Herndon are also protected from disclosure by HIPAA. Nowhere in its response does PRMG explain why its unlawful subpoenas, under the circumstances known to it, do not expressly violate HIPAA's protections for Butler. *See generally* ECF. 55. Herndon is not permitted to release Butler's confidential records with authorization (which Butler has not granted). 45 C.F.R. § 164.508(a)(2); 45 C.F.R. § 164.512(e)(1)(i). Nor is it permitted to obtain those records without seeking a court order first since it does not have Butler's consent or authorization which was required. *See e.g. Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 638 (E.D. Mich. 2021)("'information protected by HIPAA can lawfully be disclosed through a court order alone.' *Troutman v. Louisville Metro Dep't of Corr.*, No. 3:16-CV-742-DJH, 2018 WL 3041079, at *4 (W.D. Ky. June 19, 2018) (citing 45 C.F.R. § 164.512(e)). Section 164.512(e) permits disclosure of protected health information 'in response to a court order.' *See also United States v. Wilson*, No. 16-CR-20460, 2020 WL 1429497, at *3 (E.D. Mich. Mar. 24, 2020) (order for disclosures about Wilson under § 164.512(e) did not require his consent)").

Since PRMG fails to explain to the Court any basis to permit its unlawful subpoenas of Butler's confidential information in violation of HIPAA, the Motion to Quash should be granted.

Further under the laws of the District of Columbia, "[i]n the Federal courts in the District of Columbia…[a] mental health professional…may not be permitted, without the consent of the client…to disclose any information, confidential in nature, that he has acquired in attending a client in a professional capacity and that was necessary to enable him to act in that capacity, whether the information was obtained from the client…" D.C. Code Ann. § 14-307(a). In addition, Maryland law, Butler "has a privilege to refuse to disclose, and to prevent a witness from disclosing, communications made while the client was receiving counseling or any information that by its nature would show that such counseling occurred" in all judicial proceedings. Md. Code Ann., Cts. & Jud. Proc. § 9-121(b). While in some instances that privilege does not apply when the patient "introduces the client's mental condition as an element of the claim or defense" (Md. Code Ann., Cts. & Jud. Proc. § 9-121(d)(3)(i)) that exception does not apply here to Butler who has no claims against the Defendants in this action and she is Herndon's recognized patient. Ex. 2, Herndon Letter.[2]

Since the information sought by PRMG is expressly D.C. Code Ann. § 14-307(a) and also barred by Md. Code Ann., Cts. & Jud. Proc. § 9-121 and PRMG has shown no entitlement to disregard the privileges enshrined in state laws, the Motion to Quash should be granted.

Finally, PRMG's subpoenas in relation to Butler are also barred by the Maryland Confidentiality of Medical Records Act and *Saint Luke*. *Saint Luke* concerned the effort of an out of state party to obtain a Maryland subpoena to acquire mental health records. Specifically, *Saint Luke* addressed the proper standard under Maryland law permitting "disclosure of mental health records when requested by a private party litigant where the patient has not authorized disclosure."

---

[2]   Butler does not believe this exception applies to Ntam for the reasons stated in his response to the Motion to Quash either as well as *Jaffee*.

*Saint Luke,* 241 A.3d at 895. *Saint Luke* also concerned whether a "health care provider in custody of a patient's mental health records have standing under the Confidentiality Act, § HG 4-307(k)(6) to raise the patient's objections to disclosure." *Id.[3]*

The Maryland Court of Appeals described the protections of the Confidentiality Act as follows:

> The Confidentiality Act addresses the confidentiality of medical records in general. HG § 4-302(a) requires health care providers to keep medical records confidential, and allows disclosure only as provided by Maryland law.
>
> Where the records sought to be disclosed consist of medical records developed in connection with the provision of mental health services, the General Assembly has imposed additional limitations, which are set forth in HG § 4-307. *First*, **unlike other types of medical records that may be disclosed to a third party by subpoena, a court order is required where the disclosure of mental health records is sought by a private litigant in a civil proceeding in which the person in interest has not authorized the disclosure.** As it pertains to this case, HG § 4-307(k)(1) requires a health care provider to disclose a medical record to a court or a party to a court proceeding "in accordance with a court order[.]" *Second*, the Confidentiality Act provides that "[w]hen a medical record developed in connection with the provision of mental health services is disclosed without the authorization of a person in interest, only the information in the record relevant to the purpose for which disclosure is sought may be released." HG § 4-307(c). If medical records are authorized to be disclosed, the Act also prohibits redisclosure of the records. Additionally, disclosing a medical record in violation of the subtitle subjects the violator to a possible criminal fine and to actual damages in a civil suit. *See* HG § 4-309.

*Saint Luke*, 241 A.3d 886, 898–99 (bold emphasis added)(other emphasis in original).

After stating Maryland law under the Confidentiality Act, the court explained when a party like PRMG does not have proper authorization to obtain the mental health records of a third party, like Butler in this action, the proper procedure is for the "party seeking discovery must file a motion for a court order compelling the disclosure." *Saint Luke,* 241 A.3d at 905. In other words the

---

[3]     Relevant here, *Saint Luke* expressly held that Herndon has standing to object on behalf of Butler. *Saint Luke, 241 A.3d at 895 (*"we hold that a health care provider has standing to raise a patient's objections to disclosure under the Confidentiality Act, HG § 4-307(k)(6)").

proper procedure is not to simply issue a subpoena for third party's confidential records protected by the Confidentiality Act.  *Id.*[4]  Next, the party seeking the records must make a "proffer of relevance."  *Id.*  And at that time, a "person in interest may object to the disclosure…[and] may raise any applicable "…legal authority in opposition to disclosure." HG § 4-307(k)(6)."  *Id.*  Butler does so here related to the disclosure her confidential records.

> Next,

> With the relevancy proffer and any objections presented to the court, the court should undertake an *in camera* review of the records to determine their relevance to the moving party's claim or defense. When undertaking the relevancy determination as part of its *in camera* review, the court should be mindful of our direction given in *Zaal*. 326 Md. at 87–88, 602 A.2d 1247. The court's role is not to determine whether the records are admissible, but rather, could the records lead the movant to the discovery of usable evidence. *Id.* at 88, 602 A.2d 1247. "In other words, except as to information, which, without regard to the perspective of the person conducting the review, has absolutely no possible relevance to the case, the trial court's *in camera* review should not be conducted with preclusive intent." *Id.* at 88, 602 A.2d 1247 (footnote omitted).

*Saint Luke*, 241 A.3d at 906.

Assuming arguendo that PRMG's subpoenas seeking Butler's confidential information not otherwise barred from disclosure by *Jaffee,* D.C. Code Ann. § 14-307(a), and Md. Code Ann., Cts. & Jud. Proc. § 9-121, the subpoenas also are barred by *Saint Luke* and the Confidentiality Act. PRMG has made no effort to following the mandatory requirements of *Saint Luke* and the Confidentiality Act and simply sought to improperly invade Butler's privacy.  For these additional reasons under Saint Luke and the Confidentiality Act, the Motion to Quash the subpoenas should be granted.

### B.  Butler Has Provided PRMG with Reasonable Less Intrusive Discovery to Avoid this Issue and Satisfy PRMG

---

[4]     A violation of the Confidentiality Act is also subject to criminal sanctions and fines.  Md. Code Ann., Health-Gen. § 4-309.

In her good faith effort to avoid the issues presented by PRMG's improper subpoenas, Butler did provide PRMG with a statement from Herndon more than 3 months ago describing Herndon's services to her and Ntam.  *See* Ex. 2, Herndon Letter.  She also provided deposition testimony about the scope and purpose of the treatment and counseling provided by Herndon to her (and Ntam).  Ex. 1, Butler Dep.  Yet, PRMG is not satisfied and continues to seek to further invade Butler's right to privacy (ECF. 55) that is protected under the common law and also by statute.  *See* Argument § A *supra*.

PRMG and its counsel who issued the subject subpoenas have not taken any "reasonable steps to avoid imposing undue burden or expense on a [Butler] to the subpoena."   Fed.R.Civ.P. 45(c)(1).  Further, PRMG has shown basis for abrogating Butler's privileges which is its burden. *Compare Goldberg,* 123 F. Supp. 3d at 15.  For these additional reasons the Motion to Quash the subpoenas to Herndon seeking Butler's confidential, mental health records should be granted.

### IV.   <u>Conclusion</u>

For the reasons stated herein, Butler requests that the Motion to Quash (ECF. 47) be granted.

July 7, 2022                              Respectfully submitted,

/s/Phillip R. Robinson_____
Phillip R. Robinson
Bar No. MD27824
Consumer Law Center LLC
10125 Colesville Road, Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304


*Counsel for the Non-Party Intervenor Desha Butler*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing and attached exhibits were sent to the following counsel for the Plaintiff, Defendants and Florence Herndon when filed with the Court's CM/ECF system:

Carlos Marin
Dale Evans
Thomas Cunningham
Regina McClendon
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33458
Carlos.Marin@lockelord.com
Dale.Evans@lockelord.com
TCunningham@locklord.com
RMclendon@locklord.com

Kristina L. Miller
Anderson, Coe & King, LLP
Seven St. Paul Street, Suite 1600
Baltimore, MD  21202
miller@acklaw.com

/s/ Phillip Robinson
Phillip Robinson