IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR NTAM**,<br><br>*On behalf of himself individually and on behalf of two classes of Similarly Situated Persons.*<br><br>Plaintiff,<br><br>v.<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.**, and **CENLAR FSB**<br><br>Defendants. | Civil Case: 1:21-cv-01583-JMC |

**DEFENDANTS PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. AND CENLAR FSB'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S OBJECTIONS TO PRODUCTION OF TEXT MESSAGES**

Defendants Paramount Residential Mortgage Group, Inc. and Cenlar FSB, pursuant to Federal Rule of Civil Procedure 37, file their motion for reconsideration of Plaintiff Victor Ntam's objections to text messages. In support, Defendants state as follows:

**PROCEDURAL BACKGROUND**

On August 3, 2022, Plaintiff executed a declaration stating: "I do not have in my possession any text messages between May 10, 2020 and October 22, 2020 [with Marie-Claire Ntam] concerning the property located at 1021 51st St. NE, Washington, DC since during much of that time we lived together during some of the days of the week and discussed issues by phone." A copy of Plaintiff's August 3, 2022 Amended Declaration is attached as Exhibit 1. On September 23, 2022, the Court entered a paperless order directing Plaintiff to schedule an appointment with Contact Discovery Services within 14 days to extract, in their native format, any text messages between Plaintiff and his sister/real-estate agent Marie-Claire Ntam from May 9, 2020 through

October 23, 2020. The Court ordered Contact Discovery Services to produce the extracted text message data to the Court for *in camera* review, after which the Court would direct Contact Discovery Services to produce the relevant text messages to Defendants. *Id.* The Court entered the September 23, 2022 order following the revelation by Plaintiff's counsel that he had not personally reviewed the text messages on Plaintiff's phone during this period and Plaintiff had ignored his efforts to coordinate an appointment between Plaintiff and Contact Discovery Services to extract the text messages.

On October 25, 2022, the Court convened a status conference in which it advised the parties that it completed its *in camera* review of the text messages received from Contact Discovery Services and identified text messages between Plaintiff and Marie-Claire Ntam from May 9, 2020 to October 23, 2020 that appeared to relate to the Property (thereby demonstrating the falsity of Plaintiff's Amended Declaration dated August 3, 2022). *See* Oct. 25, 2022 Hr'g Tr. 6:20-7:5 attached as Exhibit 2. The Court further advised the parties that it would provide the responsive texts to Plaintiff first and provide him with an opportunity to lodge an objection to the responsiveness of any of the text messages. *Id.* 8:7-9:8.

Plaintiff served objections to the production of 26 text messages/text message threads on November 15, 2022. *See* Plaintiff's Objections attached as Exhibit 3. On November 16, 2022, the Court served the parties with an email stating in pertinent part, "[t]he objections noted in Mr. Ntam's list resemble the same objections we discussed yesterday, and therefore we redacted the text messages to which Mr. Ntam objected or marked them as unresponsive." *See* November 16,

2022 Email, attached as Exhibit 4. The Court further advised the parties that it instructed Contact Discovery Services to turn over the remaining responsive text messages to defendants. *Id.*[1]

During the November 15, 2022 status conference to discuss Plaintiff's objections to the production of certain text messages, the Court confirmed that Defendants maintained the right to revisit the relevancy of the redacted text messages after they were produced. *See* Nov. 15, 2022 Hr'g Tr. 4:25-5:4, attached as Exhibit 6. Counsel for Defendants received the responsive text messages on November 17, 2022. Upon review of the text messages produced, the text messages redacted, and the objections served by Plaintiff to the production of the redacted texts, Defendants are concerned that redacted text messages on June 18, 2020, June 24, 2020, and July 13, 2020 relate to the subject property and therefore should have been produced. For the foregoing reasons, Defendants respectfully request that the Court reconsider its ruling upholding Plaintiff's objections to the production of those text messages.[2]

## ARGUMENT

### I. June 18, 2020 Text Messages

The Court redacted the text messages on June 18, 2024 between 8:48 AM and 9:15 AM. *See* VNTAM0024-VNTAM0025. All of the texts occurring before and after that period, however, relate to the subject property and refer to communications with "Doug" who, upon information and belief, refers to Doug Thaler, a former employee of PRMG. For example, the text immediately

---

[1] The parties have had several communications via email with the Court regarding Plaintiff's supplemental production of text messages. For ease of reference, Defendants attach as Exhibit 5 an index of pertinent communications, along with copies of the communications.

[2] Moreover, there were approximately twelve text messages that, as produced, were blank. Counsel for Defendants conferred with representatives of Contact Discovery Services on November 28, 2022, who have advised that Plaintiff most likely deleted those text messages. Defendants are still investigating the circumstances of the deletion and reserve all rights to pursue further relief with the Court as appropriate.

before the redactions begin is from Marie-Claire Ntam at 8:48 AM and states "Emphasized 'Doug said he doesn't know why underwriting would then tell him that because I qualify for the fha [sic] and meet the 4 requirements.' " *See* VNTAM0024. The text immediately after the redactions end is from Plaintiff at 9:15 AM and states "I was planning on putting down more money anyways to bring the mortgage payments down to about 2k anyways, so whichever way it goes it doesn't make me a difference, I'm getting the house. God ain't playing with these people or this system of things!" *See* VNTAM0026.

The rapid succession of the text messages and the fact that the texts before and after the redactions relate to the subject property strongly indicate that the redacted texts also relate to the subject property. Moreover, even if the texts relate to another property, they would still be relevant to this action because communications about other properties before the closing of the sale of the subject property, and Plaintiff's intended use of such properties, would be relevant and circumstantial evidence of Plaintiff's intended use of the subject property he was in the process of purchasing, especially when they take place within the context of Plaintiff's discussions about the subject property. Accordingly, Defendants request reconsideration of the Court's ruling that the text messages are not related to the subject property.

## II.     June 24, 2020 Text Messages

Plaintiff objected to the production of text messages on June 24, 2020 between 6:37 PM - 7:42 PM, 8:41 PM – 9:19 PM, and after 9:21 PM, on the basis that he was discussing with his sister/real-estate agent a change order for a client's home. *See* NTAM0037-VNTAM0042. As with the June 18, 2020 text messages, however, the context strongly suggests otherwise, as all of the texts before and after clearly relate to the subject property. Moreover, it is undisputed that Plaintiff planned to make substantial renovations to the subject property. For example, on July 29, 2020,

Plaintiff advised Marie-Claire that "we are doing Section 8" on the property and he was "adding two more bedrooms this week" because he could make $6,600 per month in rent. *See* VNTAM0076. Thus, it is more likely the alleged texts about a change order related instead to Plaintiff's intended renovations to the subject property. Accordingly, Defendants request reconsideration of the Court's ruling that the text messages are not related to the subject property.

**III.     July 13, 2020 Text Messages**

Plaintiff objects to production of the text messages on July 13, 2020 between 3:13 PM and 3:16 PM on the basis that he was discussing potential investment properties with Marie-Claire Ntam. *See* VNTAM0059-VNTAM0060. July 13, 2020 is seven days before the loan ultimately closed. The unredacted text messages on July 13, 2020 all relate to Plaintiff's frustration with the closing for the subject property and his intention to walk away from the sale if the loan is not closed by Wednesday. Plaintiff, however, maintains that two of the text messages, which took place in between text messages undisputedly related to the subject property and only three minutes apart, relate to an entirely different investment property. Given the context, it seems unlikely that Plaintiff and Marie-Claire pivoted to an entirely different topic for less than three minutes while all other texts before and after relate to the subject property. Even if they did, Plaintiff's discussion of other investment properties within the same text thread discussing walking away from his purchase of the subject property strongly suggests the subject property itself was intended for

investment purposes, and those texts should be produced. Accordingly, Defendants request reconsideration of the Court's ruling that the text messages are not related to the subject property.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court reconsider its ruling that the text messages on June 18, 2020, June 24, 2020, and July 18, 2020 are not related to the subject property, order that the text messages be produced in unredacted format, and grant such further relief as the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LCvR 7(M)

The undersigned certifies that he discussed this motion with counsel for Plaintiff on December 12, 2022 in a good-faith effort to determine whether there is any opposition to the relief sought, and if there is, to narrow areas of disagreement. The undersigned confirmed counsel for Plaintiff opposes the relief sought in this motion.

DATED: December 12, 2022

Respectfully submitted,

/s/ *Dale A. Evans Jr.*
Thomas J. Cunningham
Bar No. FL0090
tcunningham@lockelord.com
Dale A. Evans Jr.
Bar No. FL0091
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33458
Phone: (561) 833-7700

Regina J. McClendon
Bar No. CA00112
rmcclendon@lockelord.com
Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Phone: (415) 318-8810

                                                    Carlos Marin
                                                    Bar No. IL0103
                                                    carlos.marin@lockelord.com
                                                    Locke Lord LLP
                                                    111 S. Wacker Dr.
                                                    Chicago, IL 60606
                                                    Phone: (312) 443-1837

130878284